**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NATIONAL CREDIT UNION
ADMINISTRATION BOARD, as Liquidating
Agent of Southwest Corporate Federal Credit
Union and Members United Corporate Federal
Credit Union,

<em>Plaintiffs</em>,

v.

MORGAN STANLEY & CO., INC. and
MORGAN STANLEY CAPITAL I INC.,

<em>Defendants</em>.

13 Civ. 6705 (DLC)

**ECF Case**

**Electronically Filed**

**ANSWERS AND DEFENSES TO THE COMPLAINT**

DAVIS POLK & WARDWELL LLP
James P. Rouhandeh
Paul S. Mishkin
Daniel J. Schwartz
Jane M. Morril

450 Lexington Avenue
New York, New York  10017
(212) 450-4000

*Attorneys for Defendants Morgan Stanley &*
*Co., Inc., n/k/a Morgan Stanley & Co. LLC,*
*and Morgan Stanley Capital I Inc.*

Defendants Morgan Stanley & Co. Incorporated (n/k/a Morgan Stanley & Co. LLC) and Morgan Stanley Capital I Inc. (together, "the Morgan Stanley Defendants" or "Morgan Stanley"), by their attorneys, Davis Polk & Wardwell LLP, for their Answer to the Complaint of plaintiff National Credit Union Administration Board ("NCUA" or "Plaintiff") as Liquidating Agent of Southwest Corporate Federal Credit Union and Members United Corporate Federal Credit Union, state as follows:

## PRELIMINARY STATEMENT

On January 22, 2014, the Court dismissed all of Plaintiff's claims under the Securities Act of 1933.  Plaintiff's claims under the Illinois Blue Sky Law and the Texas Blue Sky Law survived.  Except as to those allegations that the Morgan Stanley Defendants expressly admit below or those as to which the Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to their truth, the Morgan Stanley Defendants deny each and every allegation contained in paragraphs 1 through 426 of the Complaint, including, without limitation, the footnotes, headings, and subheadings contained therein.  The Morgan Stanley Defendants expressly reserve the right to amend and/or supplement this Answer.

## SPECIFIC RESPONSES

1.      The Morgan Stanley Defendants deny the allegations contained in paragraph 1, except admit (1) that Plaintiff purports to bring this action on behalf of Southwest Corporate Federal Credit Union ("Southwest") and Members United Corporate Federal Credit Union ("Members United") (collectively, the "Credit Unions") in connection with their alleged purchases of certain residential mortgage-backed securities ("RMBS" or "Securitizations"), and (2) that one or more of the Morgan Stanley Defendants acted as an underwriter and/or seller of the RMBS at issue in this action.

2.      The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3.      To the extent the allegations in Paragraph 3 related to the Securities Act claims that have been dismissed, no response is required.  To the extent a response is required, the Morgan Stanley Defendants deny the allegations contained in the first sentence of Paragraph 3, except admit that one or more of the Morgan Stanley Defendants underwrote and/or sold the RMBS pursuant to registration statements, prospectuses, and/or prospectus supplements (collectively, the "Offering Documents").  The allegations contained in the second sentence of Paragraph 3 state conclusions of law for which no response is required.

4.      The Morgan Stanley Defendants deny the allegations contained in Paragraph 4, except admit that Offering Documents contain, among other things, certain statements concerning the mortgage loans underlying the RMBS, and respectfully refer the Court to the Offering Documents for their contents.

5.      The Morgan Stanley Defendants deny the allegations contained in Paragraph 5, except admit that the Offering Documents for certain RMBS contain, among other things, certain statements about underwriting guidelines used by certain originators, and respectfully refer the Court to the Offering Documents for their contents.

6.      The Morgan Stanley Defendants deny the allegations contained in Paragraph 6, and respectfully refer the Court to the Offering Documents for their contents.

7.      The allegations contained in Paragraph 7 state conclusions of law for which no response is required.

8.      To the extent the allegations in Paragraph 3 related to the Securities Act claims that have been dismissed, no response is required.  Further, the allegations contained in

Paragraph 8 state conclusions of law for which no response is required.  To the extent that a response is required, the Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 8. To the extent that a response is required, the Morgan Stanley Defendants deny the allegations contained in the second sentence of Paragraph 8.  To the extent that a response is required, the Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Table 1, and respectfully refer the Court to the Offering Documents for their contents.  To the extent that a response is required, the Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the accompanying Footnote 1, except admit that CUSIP numbers are generally used to identify securities, and respectfully refer the Court to the cited document for its contents.

9.     The Morgan Stanley Defendants deny the allegations contained in the first sentence of Paragraph 9.  The allegations contained in the second sentence of Paragraph 9 state conclusions of law for which no response is required.

10.     The allegations contained in Paragraph 10 state conclusions of law for which no response is required.  To the extent that a response is required, the Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, except admit that the National Credit Union Administration is an agency of the United States Government, and respectfully refer the Court to the Federal Credit Union Act, 12 U.S.C. § 1751 et seq. for a description of Plaintiff's authority and responsibilities.

11.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14.     The allegations contained in Paragraph 14 state conclusions of law for which no response is required.  To the extent that a response is required, the Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and respectfully refer the Court to the Federal Credit Union Act, 12 U.S.C. § 1751 et seq. for a description of Plaintiff's authorities and responsibilities.

15.     The Morgan Stanley Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16.     The allegations contained in the second and third sentences of Paragraph 16 state conclusions of law for which no response is required.  To the extent that a response is required, the Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of Paragraph 16.  The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of Paragraph 16.

17.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 17, except admit that Morgan Stanley & Co. LLC (f/k/a Morgan Stanley & Co. Incorporated) (1) is a United States Securities and Exchange Commission ("SEC") registered broker-dealer, (2) acted as an underwriter for each of the Securitizations, (3) was formed under the laws of the State of Delaware, and (4) has its principal place of business in the State of New York.

18.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 18, except admit that Morgan Stanley Capital I Inc. (1) acted as a depositor with respect to certain offerings as indicated in Table 1, (2) was formed under the laws of the State of Delaware, and (3) has its principal place of business in the State of New York.

19.     The allegations contained in Paragraph 19 state conclusions of law for which no response is required.

20.     The allegations contained in Paragraph 20 state conclusions of law for which no response is required.

21.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 21, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.  Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

22.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 22, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.

23.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 23, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny

that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.

24.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 25, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.  Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

26.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 27, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.  Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

28.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 28, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny

that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.   Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

29.   The Morgan Stanley Defendants deny the allegations contained in Paragraph 29, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.   The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.   Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

30.   The Morgan Stanley Defendants deny the allegations contained in Paragraph 30, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.   The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.   Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

31.   The Morgan Stanley Defendants deny the allegations contained in Paragraph 31, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.   The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.   Insofar as the allegations purport to describe or

summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

32.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 32, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.   Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

33.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 33, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.   Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

34.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 34 and Figure 1, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.  Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering

Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

35.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 35, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.   Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

36.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 36, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.   Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

37.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 37, except admit that, as a general matter, credit ratings may be assigned to the tranches of mortgage backed securitizations by credit rating agencies, including Standard & Poor's ("S&P") and Moody's Investors Service ("Moody's").

38.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 38 and the accompanying Table 2, except admit that, as a general matter, credit rating agencies use letter-grade rating systems.

39.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, except admit that, as a general matter, credit ratings may be assigned to the tranches of mortgage backed securitizations by Moody's and S&P, and respectfully refer the Court to the cited documents for their contents.

40.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 40, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.  Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

41.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 41, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.  Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

42.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 42, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.  Insofar as the allegations purport to describe or

summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

43.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 43, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.   Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

44.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 44, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.   Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

45.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 45, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.   Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

46.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 46, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.  Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

47.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 47 and the accompanying table, except admit that Table 3 purports to identify certain RMBS purchases and credit ratings and that the credit ratings of certain securities listed in Table 3 were downgraded below investment grade.  The Morgan Stanley Defendants respectfully refer the Court to the credit ratings of S&P and Moody's for their contents.

48.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 48.

49.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 49.

50.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 50, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.  Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

51.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 51.

52.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 52.

53.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 53.

54.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 54.

55.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 55, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.  Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

56.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 56.

57.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 57, except admit that the Offering Documents contain certain statistical information concerning the mortgage loans underlying the RMBS, and respectfully refer the Court to the Offering Documents for their contents.

58.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58, and respectfully refer the Court to the trustee reports referenced in Table 4 for their contents.

59.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59, and respectfully refer the Court to the trustee reports referenced in Table 4 for their contents.

60.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 and Table 4, and respectfully refer the Court to the Offering Documents and trustee reports for their contents.

61.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 61.

62.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 62.

63.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63, except admit that the Financial Stability Oversight Council issued a report entitled "Macroeconomic Effects of Risk Retention Requirements" in January 2011, and respectfully refer the Court to the cited document for its contents.

64.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64, except admit that the Financial Stability Oversight Council issued a report entitled "Macroeconomic Effects of Risk Retention Requirements" in January 2011, and respectfully refer the Court to the cited document for its contents.

65.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 65, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.  Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

66.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 66, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of

any of the Morgan Stanley Defendants.  Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

67.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and Table 5, and respectfully refer the Court to the Home Mortgage Disclosure Act database for its contents.

68.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 68.

69.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 69, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.  Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

70.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 70, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.  Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

71.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 71, which purport to describe certain industry customs or practices without alleging facts pertaining

to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.  Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

72.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 72, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.  Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

73.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 73, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.  Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

74.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 74, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny

that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.

75.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 75, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.

76.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and Figure 2, except admit that Figure 2 purports to illustrate actual gross losses and expected gross losses for certain pools of loans.

77.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and Figure 2, except admit that Figure 2 purports to include data obtained from ABSNET.

78.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 and Figure 2, and respectfully refer the Court to the ABSNET database for its contents.

79.     The Morgan Stanley Defendants deny the allegations contained in the first sentence of Paragraph 79.  The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of Paragraph 79 and Figure 2, and respectfully refer the Court to the ABSNET database for its contents.

80.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 80.

81.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 81.

82.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 82, and respectfully refer the Court to the credit ratings referenced in this paragraph for their contents.

83.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 83, except admit that the credit ratings of certain securities listed in Table 3 were downgraded below investment grade.  The Morgan Stanley Defendants respectfully refer the Court to the credit ratings referenced in Paragraph 83 for their contents.

84.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84, and respectfully refer to the Court to the cited document for its contents.

85.     The allegations contained in Paragraph 85 state conclusions of law for which no response is required.

86.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 86.

87.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, and third sentences of Paragraph 87, and deny the allegations contained in the fourth sentence of Paragraph 87.

88.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88, except admit that the Office of the Comptroller of the Currency is an office within the Treasury Department, and respectfully refer the Court to the cited report for its contents.

89.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 89, except admit that the Permanent Subcommittee on Investigations in the United States Senate

released a report entitled "Wall Street and the Financial Crisis: Anatomy of a Financial Collapse" in 2011, and respectfully refer the Court to the cited report for its contents.

90.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90, except admit that the Financial Crisis Inquiry Commission issued a report in January 2011, and respectfully refer the Court to the cited report for its contents.

91.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91, and respectfully refer the Court to the cited report for its contents.

92.     The Morgan Stanley Defendants deny the allegations contained in the first and third sentences of Paragraph 92.   The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the rest of Paragraph 92, and respectfully refer the Court to the cited report for its contents.

93.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 93, and respectfully refer the Court to the cited report for its contents.

94.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 94, and respectfully refer the Court to the cited report for its contents.

95.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95, except admit that Alphonso Jackson was the Secretary of the Department of Housing and Urban Affairs from March 31, 2004 to March 31, 2008, and respectfully refer the Court to the cited interview for its contents.

96.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 96, except admit that Benjamin Bernanke was the Chairman of the Federal Reserve Board on April 10, 2008, and respectfully refer the Court to the cited speech for its contents.

97.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 97, and respectfully refer the Court to the cited report for its contents.

98.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 98, and respectfully refer the Court to the cited report for its contents.

99.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99, and respectfully refer the Court to the cited report for its contents.

100.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 100.

101.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 101.

102.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102, except admit that the Complaint refers to American Home Mortgage Holdings, Inc. and American Home Mortgage Corp. collectively as "American Home."

103.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 103, except admit that American Home originated or contributed loans in the pool underlying the Morgan Stanley Mortgage Loan Trust 2006-16AX offering, and respectfully refer the Court to the Offering Documents for their complete and accurate contents.

104.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104, and respectfully refer the Court to the cited article for its contents.

105.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105, and respectfully refer the Court to the cited article for its contents.

106.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106.

107.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107, except admit that a 165-page amended class action complaint was filed on June 4, 2008, captioned *In re American Home Mortgage Securities Litigation*, No. 07-MD-1898 (TCP) (E.D.N.Y.), and respectfully refer the Court to the cited complaint for its contents.

108.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108, and respectfully refer the Court to the cited complaint for its contents.

109.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109, and respectfully refer the Court to the cited complaint for its contents.

110.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110, and respectfully refer the Court to the cited complaint for its contents.

111.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111, and respectfully refer the Court to the cited complaint for its contents.

112.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112.

113.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113, and respectfully refer the Court to the cited reports for their contents.

114.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 114. The Morgan Stanley Defendants deny the allegations contained in the remainder of Paragraph 114, except admit that Countrywide originated or contributed loans in the pool underlying the Morgan Stanley Home Equity Loan Trust 2006-1 offering, and respectfully refer the Court to the Offering Documents for their complete and accurate contents.

115.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115, and respectfully refer the Court to the cited release for its contents.

116.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116, and respectfully refer the Court to the cited article for its contents.

117.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117, and respectfully refer the Court to the cited report for its contents.

118.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118, except admit that the Securities and Exchange Commission filed an action in the Central District of California on June 4, 2009, captioned *SEC v. Mozilo*, No. CV 09-3994, and respectfully refer the Court to the cited documents for their contents.

119.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119, and respectfully refer the Court to the cited document for its contents.

120.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120, and respectfully refer the Court to the cited document for its contents.

121.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 121, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.  Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents.

122.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122, and respectfully refer the Court to the cited document for its contents.

123.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123, and respectfully refer the Court to the cited document for its contents.

124.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124, and respectfully refer the Court to the cited document for its contents.

125.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125, and respectfully refer the Court to the cited document for its contents.

126.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126, and respectfully refer the Court to the cited document for its contents.

127.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127, and respectfully refer the Court to the cited document for its contents.

128.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128, and respectfully refer the Court to the cited document for its contents.

129.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129, and respectfully refer the Court to the cited document for its contents.

130.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130, and respectfully refer the Court to the cited document for its contents.

131.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131, and respectfully refer the Court to the cited document for its contents.

132.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132, and respectfully refer the Court to the cited document for its contents.

133.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133, and respectfully refer the Court to the cited document for its contents.

134.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134, and respectfully refer the Court to the cited report for its contents.

135.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135, and respectfully refer the Court to the cited report for its contents.

136.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136, and respectfully refer the Court to the cited report for its contents.

137.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137, and respectfully refer the Court to the cited report for its contents.

138.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138, and respectfully refer the Court to the cited documents for their contents

139.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 139.  The Morgan Stanley Defendants deny the allegations contained in the remainder of Paragraph 139, except admit that Decision One originated or contributed loans in the pools underlying the Morgan Stanley ABS Capital I Inc. Trust 2007-HE4, Morgan Stanley ABS Capital I Trust 2006-HE6, Morgan Stanley ABS Capital I Inc. Trust 2006-HE8, Morgan Stanley ABS Capital I Inc. Trust 2007-HE4, Morgan Stanley ABS Capital I Inc. Trust 2007-HE5, Morgan Stanley Capital I Trust 2006-HE2, and Morgan Stanley Home Equity Loan Trust 2006-1 offerings, and respectfully refer the Court to the Offering Documents for their complete and accurate contents.

140.    The Morgan Stanley Defendants deny the allegations contained in the first sentence of Paragraph 140, except admit that Allstate Insurance Company filed a complaint captioned *Allstate Insurance Company, et al., v. Morgan Stanley, et al.*, No. 651840/2011 (Sup. Ct. N.Y. Cnty. filed July 5, 2011), and respectfully refer the Court to the cited complaint for its contents.  The Morgan Stanley Defendants deny the allegations contained in the second sentence of Paragraph 140, except admit that the court in *Allstate Insurance Company, et al., v. Morgan Stanley, et al.* granted Morgan Stanley's Motion to Dismiss with respect to a negligent

misrepresentation claim, and respectfully refer the Court to that court's order for its complete and accurate contents.

141.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 141, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants.   Insofar as the allegations purport to describe or summarize the Securitizations or the information contained in the Offering Documents, the Morgan Stanley Defendants respectfully refer the Court to these documents for their contents. The Morgan Stanley Defendants also respectfully refer the Court to the cited report for its contents.

142.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142, and respectfully refer the Court to the cited document for its contents.

143.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 143. The Morgan Stanley Defendants deny the allegations contained in the remainder of Paragraph 143, except admit that First National Bank of Nevada originated or contributed loans in the pools underlying the Morgan Stanley Mortgage Loan Trust 2005-11AR, Morgan Stanley Mortgage Loan Trust 2006-9AR, and Morgan Stanley Mortgage Loan Trust 2007-11AR offerings, and respectfully refer the Court to the Offering Documents for their complete and accurate contents.

144.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144, except admit that the

Department of the Treasury, Office of the Inspector General released a report entitled "Audit Report: Safety and Soundness: Material Loss Review of First National Bank of Nevada and First Heritage Bank, National Association" on February 27, 2009, and respectfully refer the Court to the cited report for its contents.  The Morgan Stanley Defendants also deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the cited article, and respectfully refer the Court to the cited article for its contents.

145.   The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145, and respectfully refer the Court to the cited report for its contents.

146.   The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146, and respectfully refer the Court to the cited article and report for their contents.

147.   The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147.

148.   The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148, and respectfully refer the Court to the cited report for its contents.

149.   The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149, and respectfully refer the Court to the cited report for its contents.

150.   The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150, and respectfully refer the Court to the cited report for its contents.

151.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151, and respectfully refer the Court to the cited report for its contents.

152.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152, and respectfully refer the Court to the cited report for its contents.

153.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153, and respectfully refer the Court to the cited release for its contents.

154.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154, except admit that the Federal Deposit Insurance Corporation filed an action in the District of Arizona on August 23, 2011, captioned *FDIC v. Dorris*, No. 11-1652, and respectfully refer the Court to the cited complaint for its contents.

155.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155, and respectfully refer the Court to the cited complaint for its contents.

156.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156, except admit that an order was issued on October 13, 2011 in *FDIC v. Dorris*, No. 11-1652 (D. Ariz.), and respectfully refer the Court to the cited order for its contents.

157.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157, except admit that a

decision was issued on October 1, 2012, captioned *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, No. 08-10446-RGS, 2012 WL 4480735 (D. Mass.), and respectfully refer the Court to the cited decision for its contents.

158.   The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158, and respectfully refer the Court to the cited decision for its contents.

159.   The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159, except admit that a complaint was filed in Arizona Superior Court on December 12, 2006, and respectfully refer the Court to the cited complaint for its contents.   The Morgan Stanley Defendants also deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the cited article, and respectfully refer the Court to the cited article for its contents.

160.   The Morgan Stanley Defendants deny the allegations contained in Paragraph 169, except admit that GMAC Bank and/or GMAC Mortgage originated or contributed loans in the pool underlying the RALI Series 2006-QA5 offering, and respectfully refer the Court to the Offering Documents for their contents.

161.   The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161, except admit that MBIA filed complaints captioned *MBIA Ins. Corp. v. Ally Fin., Inc.*, 27-CV-12-18889 (MN Ct., Hennepin Cnty. filed Sept. 17, 2012), and *MBIA Ins. Corp. v. GMAC Mortg., LLC*, No. 600837/2010 (N.Y. Sup. Ct. filed Apr. 1, 2010), and respectfully refer the Court to the cited complaints for their contents.

162.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162, and respectfully refer the Court to the cited complaints for their contents.

163.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163, and respectfully refer the Court to the cited complaints for their contents.

164.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164, and respectfully refer the Court to the cited complaint for its contents.

165.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165, except admit that a decision captioned *MBIA v. GMAC*, 914 N.Y.S.2d 604 (N.Y. Sup. Ct) was issued in 2010, and that an order captioned *MBIA v. RFC*, No. 603552/08 (N.Y. Sup. Ct.) was issued on December 22, 2009, and respectfully refer the Court to the cited documents for their contents.

166.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166, and respectfully refer the Court to the cited letter for its contents.

167.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 167, except admit that GreenPoint originated or contributed loans in the pool underlying the Morgan Stanley Mortgage Trust 2007-2AX offering, and respectfully refer the Court to the Offering Documents for their contents.

168.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168.

169.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169, and respectfully refer the Court to the cited release for its contents.

170.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170, and respectfully refer the Court to the cited article for its contents.

171.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171, except admit that U.S. Bank, N.A., filed an action in the New York Supreme Court for New York County on March 3, 2010, captioned *U.S. Bank National Association v. GreenPoint Mortgage Funding Inc.*, No. 600352/09, and respectfully refer the Court to the cited documents for their contents.

172.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172, and respectfully refer the Court to the cited document for its contents.

173.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173, admit that Syncora Guarantee filed an action in the Southern District of New York on March 31, 2009, captioned *Syncora Guarantee, Inc. v. EMC Mortgage Corp.*, No. 09-cv-3106, and respectfully refer the Court to the cited complaint for its contents.

174.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174, admit that Federal Home Loan Bank of Indianapolis filed an action in the Superior Court of Indiana for Marion County on October 15, 2010, captioned *Federal Home Loan Bank of Indianapolis v. Banc of*

*America Mortgage Securities, Inc.*, No. 49D051010PL045071, and respectfully refer the Court to the cited complaint for its contents.

175.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175, and respectfully refer the Court to the cited complaint for its contents.

176.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176, and respectfully refer the Court to the cited complaint for its contents.

177.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177, and respectfully refer the Court to the cited complaint for its contents.

178.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 178, and respectfully refer the Court to the cited complaint for its contents.

179.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179, except admit that Allstate Bank filed a complaint captioned *Allstate Bank v. JPMorgan Chase, N.A.*, No. 11-1869 (S.D.N.Y. filed May 10, 2012), and respectfully refer the Court to the cited complaint for its contents.

180.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180, and respectfully refer the Court to the cited complaint for its contents.

181.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181, and respectfully refer the Court to the cited complaint for its contents.

182.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182, and respectfully refer the Court to the cited complaint for its contents.

183.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183, and respectfully refer the Court to the cited complaint for its contents.

184.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184, and respectfully refer the Court to the cited article for its contents.

185.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185, and respectfully refer the Court to the cited articles for their contents.

186.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 186, except admit Homecomings Financial, LLC originated or contributed loans in the pool underlying the RALI Series 2006-QA5 offering, admit that Residential Funding Corp. ("RFC") was a sponsor of that offering, and respectfully refer the Court to the Offering Documents for their complete and accurate terms.

187.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187, and respectfully refer the Court to the cited documents for their contents.

188.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188, and respectfully refer the Court to the cited letter for its contents.

189.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189, and respectfully refer the Court to the cited article for its contents.

190.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 190, except respectfully refer the Court to the cited Offering Documents for their complete and accurate terms.

191.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191, except admit that the Federal Home Loan Bank of Chicago filed an action against Banc of America Funding Corp. and others in the Illinois Circuit Court for Cook County on October 15, 2010, captioned *Federal Home Loan Bank of Chicago v. Banc of America Funding Corp.*, No. 10 CH 45033, and respectfully refer the Court to the cited complaint for its contents.

192.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192, and respectfully refer the Court to the cited complaint for its contents.

193.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193, and respectfully refer the Court to the cited complaint for its contents.

194.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194, and respectfully refer the Court to the cited complaint for its contents.

195.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195, and respectfully refer the Court to the cited complaint for its contents.

196.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196, and respectfully refer the Court to the cited complaint for its contents.

197.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197, and respectfully refer the Court to the cited complaint for its contents.

198.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198, and respectfully refer the Court to the cited order for its contents.

199.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199, except admit that MBIA, Inc. filed an action in the Minnesota District Court for Hennepin County captioned *MBIA Ins. Corp. v. Ally Fin., Inc.*, No 27-CV-12-18889 and that MBIA, Inc. filed actions in New York Supreme Court captioned *MBIA Ins. Corp. v. GMAC Mortg., LLC*, No. 600837/2010 and *MBIA Ins. Corp. v. Residential Funding Co.*, No. 603552/2008, and respectfully refer the Court to the cited complaints for their contents.

200.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200, and respectfully refer the Court to the cited documents for their contents.

201.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201, except admit that RFC was a sponsor of the RALI Series RMBS at issue in this suit.

202.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202, and respectfully refer the Court to the cited complaint for its contents.

203.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203, and respectfully refer the Court to the cited complaints for their contents.

204.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204, and respectfully refer the Court to the cited complaints for their contents.

205.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205, and respectfully refer the Court to the cited opinions for their contents.

206.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206.

207.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 207.

208.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 208.

209.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209, except admit that the Financial Guaranty Insurance Company filed actions in New York Supreme Court captioned *Financial Guaranty Insurance Co. v. Residential Funding Co.*, No. 653304/2011, *Financial Guaranty Insurance Co. v. Ally Financial, Inc.*, No. 653493/2011, *Financial Guaranty Insurance Co. v. Ally Financial*, Inc., No. 653621/2011, *Financial Guaranty Insurance Co. v. Ally Financial, Inc.*, No. 653622/2011, *Financial Guaranty Insurance Co. v. Ally Financial, Inc.*, No. 653623/2011, and *Financial Guaranty Insurance Co. v. Residential Funding Co.*, No. 653303/2011, and respectfully refer the Court to the cited complaints for their contents.

210.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 210, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 210 concerning the purported statements supposedly made by a confidential witness.

211.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 211, except admit IndyMac Bank F.S.B. originated or contributed loans in the pool underlying the Morgan Stanley Mortgage Loan Trust 2007-5AX offering, and respectfully refer to the Court to the Offering Documents for their complete and accurate contents.

212.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 212.

213.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213, except admit that the

Office of the Inspector General of the U.S. Department of the Treasury issued a report titled "Safety and Soundness: Material Loss Review of IndyMac Bank, FSB," and respectfully refer the Court to the cited report for its contents.

214.   The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 214, and respectfully refer the Court to the cited report for its contents.

215.   The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 215, and respectfully refer the Court to the cited report for its contents.

216.   The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 216, and respectfully refer the Court to the cited report for its contents.

217.   The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 217, and respectfully refer the Court to the cited report for its contents.

218.   The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 218, and respectfully refer the Court to the cited report for its contents.

219.   The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 219, and respectfully refer the Court to the cited report for its contents.

220.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 220, and respectfully refer the Court to the cited report for its contents.

221.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 221, and respectfully refer the Court to the cited report for its contents.

222.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 222, and respectfully refer the Court to the cited report for its contents.

223.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 223, and respectfully refer the Court to the cited report for its contents.

224.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 224, and respectfully refer the Court to the cited report for its contents.

225.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 225, and respectfully refer the Court to the cited report for its contents.

226.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 226, and respectfully refer the Court to the cited report for its contents.

227.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 227, and respectfully refer the Court to the cited report for its contents.

228.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 228, except admit that the Federal Deposit Insurance Corporation filed an action against certain former officers of IndyMac in the Central District of California on July 2, 2010, captioned *FDIC v. Van Dellen*, No. 2:10-cv-04915-DSF, and respectfully refer the Court to the cited complaint for its contents.

229.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 229.

230.    The Morgan Stanley Defendants deny the allegations contained in the first sentence of Paragraph 230.  The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of Paragraph 230, and respectfully refer the Court to the cited reports for their contents.

231.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 231, except admit that (1) Morgan Stanley Mortgage Capital, Inc. ("MSMC"), now known as Morgan Stanley Mortgage Capital Holdings, LLC ("MSCH"), acquired residential mortgage loans, and (2) Morgan Stanley Credit Corporation ("MSCC") is an indirect wholly-owned subsidiary of Morgan Stanley.

232.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 232, except admit that MSMC and/or MSCC contributed loans to the Morgan Stanley Mortgage Loan Trust 2006-3AR, Morgan Stanley Mortgage Loan Trust 2006-8AR, Morgan Stanley Mortgage Loan Trust 2006-9AR, Morgan Stanley Mortgage Loan Trust 1006-10SL, Morgan Stanley

Mortgage Loan Trust 2006-13ARX, Morgan Stanley Mortgage Loan Trust 2006-16AX, Morgan Stanley Mortgage Loan Trust 2007-2AX, Morgan Stanley Mortgage Loan Trust 2007-4SL, Morgan Stanley Mortgage Loan Trust 2007-5AX, and Morgan Stanley Mortgage Loan Trust 2007-11AR offerings, and respectfully refer to the Court to the Offering Documents for their complete and accurate contents.

233.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 233, except admit that Morgan Stanley signed an Assurance of Discontinuance in a case captioned *In re: Morgan Stanley & Co. Inc.*, Civil Action No. 10-2538 (Suffolk County Super. Ct. June 4, 2010) (the "Massachusetts Assurance of Discontinuance"), and respectfully refer the Court to the cited document for its contents.

234.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 234, and respectfully refer the Court to the Massachusetts Assurance of Discontinuance for its contents.

235.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 235, except admit that Morgan Stanley signed an Assurance of Discontinuance in a case captioned *In the Matter of Morgan Stanley Mortgage Capital Holdings, LLC* (Nev. Dist. Ct., Sept. 9, 2011), and respectfully refer the Court to the cited document for its contents.

236.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 236.

237.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 237, except admit that Central Mortgage Co. filed an action in Delaware Chancery Court against MSMCH on January 29, 2010, captioned *Central Mortgage Co. v. Morgan Stanley Mortgage Capital Holdings, LLC*, No. 5140-VCS, and respectfully refer the Court to the cited complaint for its contents.

238.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 238, except admit that the Delaware Chancery Court dismissed the action captioned *Central Mortgage Co. v. Morgan Stanley Mortgage Capital Holdings, LLC*, No. 5140-VCS, and that the Delaware Supreme Court issued a decision in the same case, and respectfully refer the Court to the cited decision for its contents.

239.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 239, except admit that the Federal Housing Finance Agency filed an action against Morgan Stanley and others in the Southern District of New York captioned *Federal Housing Finance Agency v. Morgan Stanley, et al.*, No. 11-cv-06739-DLC, and that the court issued a decision on defendants' motions to dismiss the complaint in an order dated November 19, 2012, and respectfully refer the Court to the cited complaint and order for their contents.

240.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 240, except admit that MBIA Insurance Co. filed an action against Morgan Stanley and others in the Supreme Court of New York for New York County captioned *MBIA Insurance Co. v. Morgan Stanley, et al.*, No. 29951/10, that the court issued a decision on defendants' motions to dismiss the complaint in an order dated May 26, 2011, and that the parties settled the case in December 2011, and respectfully refer the Court to the cited complaint and order for their contents.

241.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 241, except admit that the Southern District of New York issued a decision dated September 15, 2011 in a case captioned *In re Morgan Stanley Mortg. Pass-Through Certificates Litigation*, No. 09 Civ. 2137, and respectfully refer the Court to the cited opinion for its contents.

242.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 242, except admit MortgageIT, Inc. originated or contributed loans in the pool underlying the Morgan

Stanley Mortgage Loan Trust 2006-16AX offering, and respectfully refer to the Court to the Offering Documents for their complete and accurate contents.

243.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 243.

244.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 244, except admit that an action was filed against MortgageIT, Inc. in the Southern District of New York captioned *United States v. Deutsche Bank AG and MortgageIT, Inc.*, No. 11-cv-02976, and that an amended complaint was filed on August 22, 2011, and respectfully refer the Court to the cited complaints for their contents.

245.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 245, and respectfully refer the Court to the cited complaint for its contents.

246.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 246, and respectfully refer the Court to the cited complaint for its contents.

247.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 247, and respectfully refer the Court to the cited complaint for its contents.

248.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 248, and respectfully refer the Court to the cited complaint for its contents.

249.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 249, and respectfully refer the Court to the cited complaint for its contents.

250.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 250, and respectfully refer the Court to the cited complaint for its contents.

251.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 251, and respectfully refer the Court to the cited complaint for its contents.

252.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 252.

253.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 253, except admit National City Mortgage originated or contributed loans in the pool underlying the RALI Series 2006-QA5 offering, and respectfully refer to the Court to the Offering Documents for their complete and accurate contents.

254.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 254, except admit that a class action was filed against National City Corp. in the Northern District of Ohio captioned *In re National City Corp. Securities, Derivative & ERISA Litigation*, No. 1:08-NC-70004-SO, and respectfully refer the Court to the cited complaint for its contents.

255.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 255, except admit that a class action was filed against National City Corp. in the Northern District of Ohio on February

19, 2010 captioned *Argent Classic Convertible Arbitrage Fund (Bermuda) LTD. and Argent Classic Convertible Arbitrage Fund L.P. v. National City Corp., et al.*, No. 1:08-NC-70016, and respectfully refer the Court to the cited complaint for its contents.

256.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 256.

257.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 257, except admit New Century originated or contributed loans in the pools underlying the Morgan Stanley ABS Capital I Inc. Trust 2006-HE4, Morgan Stanley ABS Capital I Inc. Trust 2006-HE6, Morgan Stanley ABS Capital I Inc. Trust 2006-HE8, and Morgan Stanley ABS Capital I Inc. Trust 2006-NC4 offerings, and respectfully refer to the Court to the Offering Documents for their complete and accurate contents.

258.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 258.

259.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 259, and respectfully refer the Court to the cited article for its contents.

260.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 260, and respectfully refer the Court to the cited article for its contents.

261.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 261, and respectfully refer the Court to the cited report for its contents.

262.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 262, and respectfully refer the Court to the cited report for its contents.

263.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 263, except admit that the U.S. Bankruptcy Court of the District of Delaware appointed an Examiner in the case captioned *In re New Century*, and respectfully refer the Court to the cited report for its contents.

264.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 264, and respectfully refer the Court to the cited report for its contents.

265.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 265, and respectfully refer the Court to the cited report for its contents.

266.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 266, and respectfully refer the Court to the cited report for its contents.

267.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 267, and respectfully refer the Court to the cited report for its contents.

268.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 268, and respectfully refer the Court to the cited report for its contents.

269.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 269, and respectfully refer the Court to the cited report for its contents.

270.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 270, and respectfully refer the Court to the cited report for its contents.

271.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 271, and respectfully refer the Court to the cited report for its contents.

272.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 272, and respectfully refer the Court to the cited report for its contents.

273.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 273, and respectfully refer the Court to the cited report for its contents.

274.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 274, and respectfully refer the Court to the cited report for its contents.

275.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 275, and respectfully refer the Court to the cited report for its contents.

276.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 276, and respectfully refer the Court to the cited report for its contents.

277.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 277, and respectfully refer the Court to the cited report for its contents.

278.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 278, and respectfully refer the Court to the cited report for its contents.

279.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 279, and respectfully refer the Court to the cited report for its contents.

280.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 280, and respectfully refer the Court to the cited testimony for its contents.

281.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 281, and respectfully refer the Court to the cited testimony for its contents.

282.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 282, and respectfully refer the Court to the cited testimony for its contents.

283.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 283, except admit that the

SEC filed an action in the Central District of California against three individuals captioned *Securities & Exchange Commission v. Morrice, et al.*, No. SACV09-01426 JVS, and respectfully refer the Court to the cited complaint for its contents.

284.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 284, except admit that Saxon Funding Management originated or contributed loans in the pool underlying the Saxon Asset Securities Trust 2007-2 offering, and respectfully refer to the Court to the Offering Documents for their complete and accurate contents.

285.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 285, except admit that Morgan Stanley acquired Saxon Capital, Inc. ("Saxon") in December 2006 and that Saxon's headquarters are in Fort Worth, Texas.

286.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 286, except admit that the Attorney General of New Mexico issued a press release announcing a lawsuit concerning Saxon, and respectfully refer the Court to the cited news release for its contents.

287.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 287, except admit that WMC Mortgage Corporation originated or contributed loans in the pools underlying the Morgan Stanley ABS Capital I Inc. Trust 2006-HE4, Morgan Stanley ABS Capital I Inc. Trust 2006-HE6, Morgan Stanley ABS Capital I Inc. Trust 2006-HE8, Morgan Stanley ABS Capital I Inc. Trust 2006-WMC2, Morgan Stanley ABS Capital I Inc. Trust 2007-HE4, Morgan Stanley ABS Capital I Inc. Trust 2007-HE5 and Morgan Stanley Capital I Inc. Trust 2006-HE2 offerings, and respectfully refer to the Court to the Offering Documents for their complete and accurate contents.

288.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 288, and respectfully refer the Court to the cited article for its contents.

289.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 289, and respectfully refer the Court to the cited article for its contents.

290.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 290, and respectfully refer the Court to the cited article for its contents.

291.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 291, and respectfully refer the Court to the cited report for its contents.

292.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 292, and respectfully refer the Court to the cited documents for their contents.

293.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 293, and respectfully refer the Court to the cited report for its contents.

294.    The Morgan Stanley Defendants deny the allegations contained in the second sentence of Paragraph 294.  The Morgan Stanley defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in first and third sentences of Paragraph 294, and respectfully refer the Court to the cited report for its contents.

295.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 295.

296.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 296, and respectfully refer the Court to the cited report for its contents.

297.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 297, and respectfully refer the Court to the cited testimony for its contents.

298.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 298, and respectfully refer the Court to the cited reports and interview for their contents.

299.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 299, and respectfully refer the Court to the cited report for its contents.

300.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 300, and respectfully refer the Court to the cited reports for their contents.

301.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 301, and respectfully refer the Court to the cited report for its contents.

302.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 302, and respectfully refer the Court to the cited report and testimony for their contents.

303.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 303, and respectfully refer the Court to the cited interview for its contents.

304.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 304, and respectfully refer the Court to the cited interview for its contents.

305.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 305, and respectfully refer the Court to the cited report for its contents.

306.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 306, and respectfully refer the Court to the cited transcript for its contents.

307.     The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 307, and respectfully refer the Court to the cited report for its contents.

308.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 308.

309.     The allegations contained in Paragraph 309 state conclusions of law for which no response is required.  To the extent that a response is required, the Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 309.  Further, to the extent the allegations in Paragraph 309 relate to the Securities Act claims that have been dismissed, no response is required.

310.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 310.

311.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 311 and Table 6, and respectfully refer the Court to the Offering Documents for their complete and accurate terms.

312.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 312.

313.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 313, except admit that the quoted language appears in the Morgan Stanley ABS Capital I Inc. Trust 2006-HE4 Prospectus Supplement, and respectfully refer the Court to the cited documents for their complete and accurate terms.

314.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 314, except admit that the quoted language appears in the Morgan Stanley ABS Capital I Inc. Trust 2006-HE4 Prospectus Supplement, and respectfully refer the Court to the cited documents for their complete and accurate terms.

315.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 315, except admit that the quoted language appears in the Morgan Stanley ABS Capital I Inc. Trust 2006-HE4 Prospectus Supplement, and respectfully refer the Court to the cited documents for their complete and accurate terms.

316.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 316, except admit that the quoted language appears in the Morgan Stanley ABS Capital I Inc. Trust 2006-HE8 Prospectus Supplement, and respectfully refer the Court to the cited documents for their complete and accurate terms.

317.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 317, except admit that the quoted language appears in the Morgan Stanley Home Equity Loan Trust 2007-2 Prospectus Supplement, and respectfully refer the Court to the cited documents for their complete and accurate terms.

318.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 318, except admit that the quoted language appears in the Morgan Stanley Home Equity Loan Trust

2007-2 Prospectus Supplement, and respectfully refer the Court to that document for its complete and accurate terms.

319.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 319, except admit that the quoted language appears in the Morgan Stanley Home Equity Loan Trust 2007-2 Prospectus Supplement, and respectfully refer the Court to that document for its complete and accurate terms.

320.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 320, except admit that the quoted language appears in the Morgan Stanley Home Equity Loan Trust 2007-2 Prospectus Supplement, and respectfully refer the Court to that document for its complete and accurate terms.

321.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 321, except admit that the quoted language appears in the Morgan Stanley ABS Capital I Inc. Trust 2006-HE8 Prospectus Supplement, and respectfully refer the Court to the cited documents for their complete and accurate terms.

322.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 322, except admit that the quoted language appears in the Morgan Stanley ABS Capital I Inc. Trust 2006-HE8 Prospectus Supplement, and respectfully refer the Court to the cited documents for their complete and accurate terms.

323.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 323, except admit that the quoted language appears in the Morgan Stanley ABS Capital I Inc. Trust 2006-HE8 Prospectus Supplement, and respectfully refer the Court to the cited documents for their complete and accurate terms.

324.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 324, except admit that the quoted language appears in the Morgan Stanley Mortgage Loan Trust 2007-5AX Prospectus Supplement, and respectfully refer the Court to the cited documents for their complete and accurate terms.

325.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 325, except admit that the quoted language appears in the Morgan Stanley Mortgage Loan Trust 2007-5AX Prospectus Supplement, and respectfully refer the Court to the cited documents for their complete and accurate terms.

326.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 326, except admit that the quoted language appears in the Morgan Stanley Mortgage Loan Trust 2007-5AX Prospectus Supplement, and respectfully refer the Court to the cited documents for their complete and accurate terms.

327.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 327, except admit that the quoted language appears in the Natixis Real Estate Capital Trust 2007-2 Prospectus Supplement, and respectfully refer the Court to that document for its complete and accurate terms.

328.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 328, except admit that the quoted language appears in the RALI Series 2006-QA5 Trust Prospectus, and respectfully refer the Court to the cited documents for their complete and accurate terms.

329.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 329, except admit that the quoted language appears in the RALI Series 2006-QA5 Trust Prospectus Supplement, and respectfully refer the Court to the cited documents for their complete and accurate terms.

330.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 330, except admit that the quoted language appears in the RALI Series 2006-QA5 Trust Prospectus Supplement, and respectfully refer the Court to the cited documents for their complete and accurate terms.

331.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 331, except admit that the quoted language appears in the Saxon Asset Securities Trust 2007-2 Prospectus Supplement, and respectfully refer the Court to that document for its complete and accurate terms.

332.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 332, except admit that the quoted language appears in the Saxon Asset Securities Trust 2007-2 Prospectus Supplement, and respectfully refer the Court to that document for its complete and accurate terms.

333.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 333, except admit that the quoted language appears in the Saxon Asset Securities Trust 2007-2 Prospectus Supplement, and respectfully refer the Court to the cited documents for their complete and accurate terms.

334.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 334, except admit that the quoted language appears in the Saxon Asset Securities Trust 2007-2 Prospectus Supplement, and respectfully refer the Court to the cited documents for their complete and accurate terms.

335.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 335, except admit that the quoted language appears in the Saxon Asset Securities Trust 2007-2

Prospectus Supplement, and respectfully refer the Court to the cited documents for their complete and accurate terms.

336.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 336, except admit that the quoted language appears in the Morgan Stanley ABS Capital I Inc. Trust 2006-HE4 Prospectus Supplement, and respectfully refer the Court to the cited documents for their complete and accurate terms.

337.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 337, except admit that the quoted language appears in the Morgan Stanley ABS Capital I Inc. Trust 2006-HE4 Prospectus Supplement, and respectfully refer the Court to the cited documents for their complete and accurate terms.

338.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 338, except admit that the quoted language appears in the Morgan Stanley Home Equity Loan Trust 2007-2 Prospectus Supplement, and respectfully refer the Court to the cited documents for their complete and accurate terms.

339.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 339, except admit that the quoted language appears in the Morgan Stanley Home Equity Loan Trust 2007-2 Prospectus Supplement, and respectfully refer the Court to that document for its complete and accurate terms.

340.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 340, except admit that the quoted language appears in the Morgan Stanley Home Equity Loan Trust 2007-2 Prospectus Supplement, and respectfully refer the Court to that document for its complete and accurate terms.

341.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 341, except admit that the quoted language appears in the Morgan Stanley Mortgage Loan Trust 2007-5AX Prospectus Supplement, and respectfully refer the Court to the cited documents for their complete and accurate terms.

342.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 342, except admit that the quoted language appears in the Morgan Stanley ABS Capital I Inc. Trust 2006-HE8 Prospectus Supplement, and respectfully refer the Court to the cited documents for their complete and accurate terms.

343.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 343, except admit that the quoted language appears in the Natixis Real Estate Capital Trust 2007-HE2 Prospectus Supplement, and respectfully refer the Court to that document for its complete and accurate terms.

344.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 344, except admit that the quoted language appears in the RALI Series 2006-QA5 Trust Prospectus, and respectfully refer the Court to the cited documents for their complete and accurate terms.

345.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 345, except admit that the quoted language appears in the Saxon Asset Securities Trust 2007-2 Prospectus Supplement and the Saxon Asset Securities Trust 2007-2 Registration Statement and respectfully refer the Court to those documents for their complete and accurate terms.

346.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 346.

347.     The Morgan Stanley Defendants deny the allegations contained in Paragraph 347, except admit that the Offering Documents contain certain statistical information concerning the

mortgage loans underlying the RMBS, and respectfully refer the Court to the Offering Documents for their complete and accurate terms.

348.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 348, except admit that the quoted language appears in the Morgan Stanley ABS Capital I Inc. Trust 2006-HE4 Prospectus Supplement, and respectfully refer the Court to that document and the Offering Documents for their complete and accurate terms.

349.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 349, except admit that the quoted language appears in the Morgan Stanley ABS Capital I Inc. Trust 2006-HE4 Prospectus Supplement, and respectfully refer the Court to the cited documents for their complete and accurate terms.

350.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 350, except admit that the quoted language appears in the Morgan Stanley ABS Capital I Inc. Trust 2006-HE8 Prospectus Supplement, and respectfully refer the Court to those documents for their complete and accurate terms.

351.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 351, except admit that the quoted language appears in the Morgan Stanley Home Equity Loan Trust 2007-2 Prospectus Supplement, and respectfully refer the Court to that document for its complete and accurate terms.

352.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 352, except admit that the quoted language appears in the Morgan Stanley Home Equity Loan Trust 2007-2 Prospectus Supplement, and respectfully refer the Court to that document for its complete and accurate terms.

353.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 353.

354.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 354, and respectfully refer the Court to the cited statute for its complete and accurate contents.

355.    The Morgan Stanley Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 355.

356.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 356, except admit that the quoted language appears in 15 U.S.C. § 77m, and respectfully refer the Court to the cited statute for its complete and accurate contents.

357.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 357, except admit that the quoted language appears in Illinois Compiled Statutes Annotated Chapter 815, Section 5/13(D), and respectfully refer the Court to the cited statute for its complete and accurate contents.

358.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 358, except admit that the quoted language appears in Texas Revised Civil Statutes Annotated Article 581, Section 33(H)(2), and respectfully refer the Court to the cited statute for its complete and accurate contents.

359.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 359, which purport to describe certain industry customs or practices without alleging facts pertaining to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants, and respectfully refer the Court to the cited article for its contents.

360.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 360, which purport to describe certain industry customs or practices without alleging facts pertaining

to any of the Morgan Stanley Defendants in particular.  The Morgan Stanley Defendants deny that these allegations completely and accurately depict such industry customs or the practices of any of the Morgan Stanley Defendants, and respectfully refer the Court to the cited report for its contents.

361.   The allegations contained in Paragraph 361 and Table 7 state conclusions of law for which no response is required.

362.   The allegations contained in Paragraph 362 state conclusions of law for which no response is required.  Further, to the extent the allegations in Paragraph 362 relate to the Securities Act claims that have been dismissed, no response is required.

363.   The allegations contained in Paragraph 363 state conclusions of law for which no response is required.  Further, to the extent the allegations in Paragraph 363 relate to the Securities Act claims that have been dismissed, no response is required.

364.   The allegations contained in Paragraph 364 state conclusions of law for which no response is required.

## COUNT ONE

365.   The Morgan Stanley Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

366.   The allegations contained in Paragraph 366 state conclusions of law for which no response is required.  Further, to the extent the allegations in Paragraph 366 relate to the Securities Act claims that have been dismissed, no response is required.  To the extent that a response is required, the Morgan Stanley Defendants deny the allegations contained in Paragraph 366, except admit that NCUA purports to bring this claim pursuant to Section 11 of the

Securities Act of 1933, and that certain of the Morgan Stanley Defendants acted as the underwriter or the issuer for certain of the Securitizations.

367.    The allegations contained in Paragraph 367 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 367 relate to the Securities Act claims that have been dismissed, no response is required.

368.    The allegations contained in Paragraph 368 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 368 relate to the Securities Act claims that have been dismissed, no response is required.

369.    The allegations contained in Paragraph 369 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 369 relate to the Securities Act claims that have been dismissed, no response is required.

370.    The allegations contained in Paragraph 370 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 370 relate to the Securities Act claims that have been dismissed, no response is required.

371.    The allegations contained in Paragraph 371 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 371 relate to the Securities Act claims that have been dismissed, no response is required.

372.    The allegations contained in Paragraph 372 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 372 relate to the Securities Act claims that have been dismissed, no response is required.

373.    To the extent the allegations in Paragraph 373 relate to the Securities Act claims that have been dismissed, no response is required.   To the extent that a response is required, the

Morgan Stanley Defendants deny the allegations contained in Paragraph 373, except admit that NCUA purports to seek damages.

## COUNT TWO

374.    The Morgan Stanley Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

375.    The allegations contained in Paragraph 375 state conclusions of law for which no response is required.  Further, to the extent the allegations in Paragraph 375 relate to the Securities Act claims that have been dismissed, no response is required.  To the extent that a response is required, the Morgan Stanley Defendants deny the allegations contained in Paragraph 375, except admit that NCUA purports to bring this claim pursuant to Section 12(a)(2) of the Securities Act of 1933, and that certain of the Morgan Stanley Defendants acted as the sellers for certain of the Securitizations.

376.    The allegations contained in Paragraph 376 state conclusions of law for which no response is required.  Further, to the extent the allegations in Paragraph 376 relate to the Securities Act claims that have been dismissed, no response is required.

377.    The allegations contained in Paragraph 377 state conclusions of law for which no response is required.  Further, to the extent the allegations in Paragraph 377 relate to the Securities Act claims that have been dismissed, no response is required.

378.    The allegations contained in Paragraph 378 state conclusions of law for which no response is required.  Further, to the extent the allegations in Paragraph 378 relate to the Securities Act claims that have been dismissed, no response is required.

379.    The allegations contained in Paragraph 379 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 379 relate to the Securities Act claims that have been dismissed, no response is required.

380.    The allegations contained in Paragraph 380 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 380 relate to the Securities Act claims that have been dismissed, no response is required.

381.    The allegations contained in Paragraph 381 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 381 relate to the Securities Act claims that have been dismissed, no response is required.

382.    The allegations contained in Paragraph 382 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 382 relate to the Securities Act claims that have been dismissed, no response is required.

383.    The allegations contained in Paragraph 383 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 383 relate to the Securities Act claims that have been dismissed, no response is required.

384.    The allegations contained in Paragraph 384 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 384 relate to the Securities Act claims that have been dismissed, no response is required.

385.    To the extent the allegations in Paragraph 385 relate to the Securities Act claims that have been dismissed, no response is required.   To the extent that a response is required, the Morgan Stanley Defendants deny the allegations contained in Paragraph 385, except admit that NCUA purports to seek damages.

## COUNT THREE

386.    The Morgan Stanley Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

387.    The allegations contained in Paragraph 387 state conclusions of law for which no response is required.  To the extent that a response is required, the Morgan Stanley Defendants deny the allegations contained in Paragraph 387, except admit that NCUA purports to bring this claim pursuant to Section 33 of the Texas Securities Act, and that Morgan Stanley acted as the seller for certain of the Securitizations.

388.    The allegations contained in Paragraph 388 state conclusions of law for which no response is required.

389.    The allegations contained in Paragraph 389 state conclusions of law for which no response is required.

390.    The allegations contained in Paragraph 390 state conclusions of law for which no response is required.

391.    The allegations contained in Paragraph 391 state conclusions of law for which no response is required.

392.    The allegations contained in Paragraph 392 state conclusions of law for which no response is required.

393.    The allegations contained in Paragraph 393 state conclusions of law for which no response is required.

394.    The allegations contained in Paragraph 394 state conclusions of law for which no response is required.

395.    The Morgan Stanley Defendants deny the allegations contained in Paragraph 395, except admit that NCUA purports to seek damages.

## COUNT FOUR

396.    The Morgan Stanley Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

397.    The allegations contained in Paragraph 397 state conclusions of law for which no response is required.  Further, to the extent the allegations in Paragraph 397 relate to the Securities Act claims that have been dismissed, no response is required.  To the extent that a response is required, the Morgan Stanley Defendants deny the allegations contained in Paragraph 397, except admit that NCUA purports to bring this claim pursuant to Section 11 of the Securities Act of 1933, and that certain of the Morgan Stanley Defendants acted as the underwriter or the issuer for certain of the Securitizations.

398.    The allegations contained in Paragraph 398 state conclusions of law for which no response is required.  Further, to the extent the allegations in Paragraph 398 relate to the Securities Act claims that have been dismissed, no response is required.

399.    The allegations contained in Paragraph 399 state conclusions of law for which no response is required.  Further, to the extent the allegations in Paragraph 399 relate to the Securities Act claims that have been dismissed, no response is required.

400.    The allegations contained in Paragraph 400 state conclusions of law for which no response is required.  Further, to the extent the allegations in Paragraph 400 relate to the Securities Act claims that have been dismissed, no response is required.

401.    The allegations contained in Paragraph 401 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 401 relate to the Securities Act claims that have been dismissed, no response is required.

402.    The allegations contained in Paragraph 402 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 402 relate to the Securities Act claims that have been dismissed, no response is required.

403.    The allegations contained in Paragraph 403 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 403 relate to the Securities Act claims that have been dismissed, no response is required.

404.    To the extent the allegations in Paragraph 404 relate to the Securities Act claims that have been dismissed, no response is required.   To the extent that a response is required, the Morgan Stanley Defendants deny the allegations contained in Paragraph 404, except admit that NCUA purports to seek damages.

**COUNT FIVE**

405.    The Morgan Stanley Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

406.    The allegations contained in Paragraph 406 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 406 relate to the Securities Act claims that have been dismissed, no response is required.   To the extent that a response is required, the Morgan Stanley Defendants deny the allegations contained in Paragraph 406, except admit that NCUA purports to bring this claim pursuant to Section 12(a)(2) of the Securities Act of 1933, and that certain of the Morgan Stanley Defendants acted as the sellers for certain of the Securitizations.

407.    The allegations contained in Paragraph 407 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 407 relate to the Securities Act claims that have been dismissed, no response is required.

408.    The allegations contained in Paragraph 408 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 408 relate to the Securities Act claims that have been dismissed, no response is required.

409.    The allegations contained in Paragraph 409 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 409 relate to the Securities Act claims that have been dismissed, no response is required.

410.    The allegations contained in Paragraph 410 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 410 relate to the Securities Act claims that have been dismissed, no response is required.

411.    The allegations contained in Paragraph 411 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 411 relate to the Securities Act claims that have been dismissed, no response is required.

412.    The allegations contained in Paragraph 412 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 412 relate to the Securities Act claims that have been dismissed, no response is required.

413.    The allegations contained in Paragraph 413 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 413 relate to the Securities Act claims that have been dismissed, no response is required.

414.    The allegations contained in Paragraph 414 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 414 relate to the Securities Act claims that have been dismissed, no response is required.

415.    The allegations contained in Paragraph 415 state conclusions of law for which no response is required.   Further, to the extent the allegations in Paragraph 415 relate to the Securities Act claims that have been dismissed, no response is required.

416.    To the extent the allegations in Paragraph 416 relate to the Securities Act claims that have been dismissed, no response is required.   To the extent that a response is required, the Morgan Stanley Defendants deny the allegations contained in Paragraph  416, except admit that NCUA purports to seek damages.

## COUNT SIX

417.    The Morgan Stanley Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

418.    The allegations contained in Paragraph 418 state conclusions of law for which no response is required.   To the extent that a response is required, the Morgan Stanley Defendants deny the allegations contained in Paragraph 418, except admit that NCUA purports to bring this claim pursuant to Section 12 of the Illinois Securities Law of 1953, and that Morgan Stanley acted as the seller for certain of the Securitizations.

419.    The allegations contained in Paragraph 419 state conclusions of law for which no response is required.

420.    The allegations contained in Paragraph 420 state conclusions of law for which no response is required.

421.   The allegations contained in Paragraph 421 state conclusions of law for which no response is required.

422.   The allegations contained in Paragraph 422 state conclusions of law for which no response is required.

423.   The allegations contained in Paragraph 423 state conclusions of law for which no response is required.

424.   The allegations contained in Paragraph 424 state conclusions of law for which no response is required.

425.   The allegations contained in Paragraph 425 state conclusions of law for which no response is required.

426.   The Morgan Stanley Defendants deny the allegations contained in Paragraph 426, except admit that NCUA purports to seek damages.

## DEFENSES

Without undertaking any burden of proof not otherwise assigned to it by law, the Morgan Stanley Defendants assert the following defenses with respect to each of the claims Plaintiff purports to assert in the Complaint:

## FIRST DEFENSE

1.   The Complaint, and each purported cause of action alleged therein, fail to state facts sufficient to constitute a cause of action against the Morgan Stanley Defendants.

## SECOND DEFENSE

2.   Plaintiff's claims are barred, in whole or in part, because the Morgan Stanley Defendants did not make any of the alleged misstatements and the allegedly omitted information did not render any statement misleading, and/or because any such alleged misstatements or

omissions were accompanied by sufficient disclosure of additional facts and risks such that, taken in context, they were neither false nor misleading.

### THIRD DEFENSE

3.      Plaintiff's claims are barred by the applicable statutes of repose and/or statutes of limitation.

### FOURTH DEFENSE

4.      The matters that Plaintiff now alleges to be the subject of misrepresentations and omissions, which are denied, are not actionable because Southwest and/or Members United, at the time of the purported purchases, knew the alleged misrepresentations were false or knew that existing information had been withheld.

### FIFTH DEFENSE

5.      Plaintiff's claims are barred, in whole or in part, because the alleged misstatements and omissions that Plaintiff seeks to attribute to the Morgan Stanley Defendants were not material to the investment decisions of a reasonable investor in view of the total mix of available information.

### SIXTH DEFENSE

6.      Plaintiff's claims are barred, in whole or in part, because certain alleged misstatements contain expressions of opinion that Plaintiff has not alleged, and cannot prove, were not truly held.

### SEVENTH DEFENSE

7.      Plaintiff's claims are barred, in whole or in part, because no conduct attributable to the Morgan Stanley Defendants was the cause-in-fact or proximate cause of any losses or damages that Plaintiff seeks to recover in this action.  To the extent that Plaintiff incurred any

injury or damage as alleged in the Complaint, which is denied, any such injury or damage was caused and brought about by other factors, including, but not limited to, market-wide phenomena, economic factors and/or the acts, conduct or omissions or individuals and/or entities other than the Morgan Stanley Defendants that intervened between the Morgan Stanley Defendants' alleged actions and Plaintiff's alleged harm. Accordingly, any recovery should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

## EIGHTH DEFENSE

8.     Without admitting that Plaintiff suffered damages in any amount, or that the Morgan Stanley Defendants are or should be liable for any such damages, Defendant MS&Co. asserts that its liability for damages under Section 11 of the Securities Act of 1933 may not exceed the total price at which the securities actually underwritten by it and distributed to the public were offered to the public. *See* 15 U.S.C. § 77k(e)(3).

## NINTH DEFENSE

9.     Plaintiff's claims are barred, in whole or in part, because the alleged misstatements or omissions attributed to the Morgan Stanley Defendants, which are denied, were based on the work, opinions, information, representations, and advice of others, including experts, upon which the Morgan Stanley Defendants were entitled to rely, and did rely, reasonably and in good faith. *See* 15 U.S.C. § 77k(b)(3)(A).

## TENTH DEFENSE

10.     With respect to each untrue statement of material fact or omission of material fact alleged in the Complaint, which are denied, the Morgan Stanley Defendants, at all relevant times herein, did not know, and in the exercise of reasonable care could not have known, of the

existence of facts by reason of which liability is alleged to exist.   The Morgan Stanley Defendants, after conducting due diligence, reasonably believed that the statements in its Offering Documents for the certificates at issue were true as of the date that they were made, and knew of no omissions of material fact necessary to make the statements in the Offering Documents for the certificates not misleading.   *See* 15 U.S.C. § 771(a)(2); 815 Ill. Comp. Stat. Ann. 5/12; Tex. Rev. Civ. Stat. Ann. Art. 581, § 33(A).

## ELEVENTH DEFENSE

11.   Plaintiff's claims are barred, in whole or in part, because the Registration Statements for the Securitizations complied with all applicable statutes, rules and regulations of the U.S. Securities and Exchange Commission (including, without limitation, 17 C.F.R. § 229.1111(a)(3)), and or other laws in effect at the time of the conduct alleged in the Complaint.

## TWELFTH DEFENSE

12.   Plaintiff's claims are barred, in whole or in part, because any allegedly misleading statements were disclosed in the context of sufficient cautionary language and, as such, are not actionable under the "bespeaks caution" doctrine.

## THIRTEENTH DEFENSE

13.   Plaintiff's claims are barred, in whole or in part, because Southwest and/or Members United would have purchased the securities in question even with full knowledge of the facts that Plaintiff now alleges were misrepresented or omitted.

## FOURTEENTH DEFENSE

14.   Plaintiff's claims are barred, in whole or in part, because the Morgan Stanley Defendants neither owed nor breached any duty to Southwest and/or Members United to disclose information allegedly omitted in the Registration Statements, and had no duty to verify, opine

upon, audit, review, or correct such information disclosed in the Registration Statements.

## FIFTEENTH DEFENSE

15.     The Morgan Stanley Defendants are entitled to recover contribution from others for any liability they incur as a result of any of the alleged misrepresentations, omissions and conduct alleged in the Complaint against the Morgan Stanley Defendants.

## SIXTEENTH DEFENSE

16.     Plaintiff's claims are barred, in whole or in part, because Plaintiff, Southwest and/or Members United failed to make reasonable efforts to mitigate their alleged injuries or damages that would have prevented all or part of any such alleged injuries or damages.

## SEVENTEENTH DEFENSE

17.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's, Southwest's and/or Members United's own negligence, including, but not limited to, Plaintiff's, Southwest's and/or Members United's failure to undertake its own due diligence.

## EIGHTEENTH DEFENSE

18.     Plaintiff has knowingly and voluntarily waived any alleged claims against the Morgan Stanley Defendants, in part because it continues to receive payments on some or all of the Certificates that the Southwest and/or Members United purchased.

## NINETEENTH DEFENSE

19.     Plaintiff, Southwest and/or Members United have, by reason of their acts, conduct, and inaction, ratified and/or consented to the alleged acts, omissions and conduct of which it now complains.  Among other things, by continuing to receive and accept the benefits of the Certificates purchased by Southwest and/or Members United, including interest and principal payments in respect of those Certificates, after learning of the facts allegedly giving rise to its

purported claims, Plaintiff, Southwest and/or Members United have ratified and/or consented to the purchase of those Certificates and is, accordingly, prohibited from obtaining the relief sought in the Complaint, including, without limitation, rescission of its purchase of those Certificates.

## TWENTIETH DEFENSE

20.     Plaintiff's claims are barred, in whole or in part, because Plaintiff, Southwest and/or Members United did not suffer any injury in fact or damages as a result of the Morgan Stanley Defendants' conduct, in part because Plaintiff, Southwest and/or Members United have received, and continue to receive, payments of principal and/or interest on the certificates identified in the Complaint as required by the terms of the securities they purchased.

## TWENTY-FIRST DEFENSE

21.     Plaintiff's claims are barred, in whole or in part, because the injuries allegedly sustained were caused by the actions or inactions of parties other than the Morgan Stanley Defendants, actions or inactions by parties outside of the control of the Morgan Stanley Defendants, and/or economic events that were, likewise, outside of the control of the Morgan Stanley Defendants.  These actions, inactions and events were intervening or superseding causes of the damages alleged in the Complaint.

## TWENTY-SECOND DEFENSE

22.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## TWENTY-THIRD DEFENSE

23.     Plaintiff's claims are barred, in whole or in part, by Southwest's and/or Members United's knowing assumption of risk and/or failure to reasonably rely upon any alleged misstatements or omissions.  The Offering Documents expressly advised Southwest and/or Members United about the material facts and risks concerning their alleged investments.

Southwest and/or Members United therefore assumed the risk of any loss and Plaintiff is precluded from any recovery.

**TWENTY-FOURTH DEFENSE**

24.     Plaintiff's claims are barred, in whole or in part, by equitable estoppel, waiver, unclean hands, *in pari delicto*, and/or other equitable doctrines.

**TWENTY-FIFTH DEFENSE**

25.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert its claims.

**TWENTY-SIXTH DEFENSE**

26.     Plaintiff's claims are barred, in whole or in part, because, and to the extent that, Plaintiff's loss, if any, was not caused by any alleged misrepresentation or omission by the Morgan Stanley Defendants.

**TWENTY-SEVENTH DEFENSE**

27.     Plaintiff's claims are barred, in whole or in part, by the terms, disclaimers, and disclosures contained in the applicable Offering Documents, including, but not limited to, provisions concerning cure, repurchase, or substitution of loans; and because plaintiff has failed to plead that it asked, and the Morgan Stanley Defendants refused, to cure any allegedly non-complying loans.

**TWENTY-EIGHTH DEFENSE**

28.     Plaintiff's claims are barred because one or more parties not named in the Complaint may be indispensable parties to this action, and the Morgan Stanley Defendants reserve the right to seek the joinder of those parties whose absence from the action renders it such that complete relief cannot be granted without the missing party.

## TWENTY-NINTH DEFENSE

29.     Plaintiff would be unjustly enriched if it were permitted to obtain recovery in this action.

## THIRTIETH DEFENSE

30.     To the extent applicable, the Morgan Stanley Defendants hereby adopt and incorporate by reference any and all other defenses asserted by any other defendant in any related action brought by Plaintiff in the United States District Court for the Southern District of New York.

## THIRTY-FIRST DEFENSE

31.     The Morgan Stanley Defendants reserve the right to further amend their answer and raise any additional defenses, counterclaims, cross-claims and third-party claims not asserted herein of which it becomes aware at any subsequent stage of this action.

## DEMAND FOR JURY TRIAL

The Morgan Stanley Defendants hereby respectfully demand a trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, the Morgan Stanley Defendants respectfully request that the Court (1) dismiss Plaintiff's claims against them in their entirety and with prejudice, (2) award the Morgan Stanley Defendants the costs, disbursements and attorneys' fees incurred by them in defending this action, to the extent authorized by law, and (3) grant such other and further relief as it may deem just and proper.

Dated:   New York, New York
         February 25, 2014

By:   /s/ James P. Rouhandeh

       James P. Rouhandeh
       Paul S. Mishkin
       Daniel J. Schwartz
       Jane M. Morril

       DAVIS POLK & WARDWELL LLP
       450 Lexington Avenue
       New York, New York  10017
       Telephone:     (212) 450-4000
       Facsimile:     (212) 701-5800

       *Attorneys for Defendants Morgan Stanley & Co., Inc., n/k/a Morgan Stanley & Co. LLC, and Morgan Stanley Capital I Inc.*