UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, etc.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MORGAN STANLEY & CO., et al.,<br><br>　　　　　　　　　Defendants.<br><br>And other NCUA Actions. | Case No. 13-cv-6705 (DLC)<br>Case No. 13-cv-6719 (DLC)<br>Case No. 13-cv-6721 (DLC)<br>Case No. 13-cv-6726 (DLC)<br>Case No. 13-cv-6727 (DLC)<br>Case No. 13-cv-6731 (DLC)<br>Case No. 13-cv-6736 (DLC) |

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, etc.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>RBS SECURITIES, INC., f/k/a GREENWICH CAPITAL MARKETS, INC., et al.,<br><br>　　　　　　　　　Defendants.<br><br>And other NCUA Actions. | Case No. 11-cv-2340 & 2649 (JWL)<br>Case No. 12-cv-2591 (JWL)<br>Case No. 12-cv-2648 (JWL)<br>Case No. 13-cv-2418 (JWL) |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, etc., <br><br> Plaintiff, <br><br> v. <br><br> RBS SECURITIES, INC., f/k/a GREENWICH CAPITAL MARKETS, INC. et al., <br><br> Defendants. <br><br> And other NCUA Action. | Case No. 11-cv-5887 (GW) <br> Case No. 11-cv-6521 (GW) |

## MASTER DISCOVERY PROTOCOL

HON. DENISE COTE, HON. JOHN W. LUNGSTRUM, and HON. GEORGE H. WU, District Judges; and HON. JAMES P. O'HARA, Magistrate Judge:

WHEREAS, Plaintiff the National Credit Union Administration Board, as liquidating agent for four failed corporate credit unions[1] (the "credit unions") ("NCUA"), is pursuing the above-captioned actions in the Southern District of New York (the "SDNY Actions"), the District of Kansas (the "Kansas Actions"), and the Central District of California (the "California Actions" and, collectively with the SDNY Actions and Kansas Actions, the "Actions"), pertaining to the purchase by the credit unions of residential mortgage-backed securities ("RMBS");

WHEREAS, the S.D.N.Y. Actions are assigned to and are being coordinated by the Honorable Denise Cote;

---

[1] The four failed corporate credit unions are: Western Corporate Federal Credit Union; U.S. Central Corporate Credit Union; Southwest Corporate Federal Credit Union; and Members United Corporate Federal Credit Union.

WHEREAS, the Kansas Actions are assigned to and are being coordinated by the Honorable John W. Lungstrum and the Honorable James P. O'Hara;

WHEREAS, the California Actions are assigned to and are being coordinated by the Honorable George H. Wu;

WHEREAS, discovery orders have been entered in some of the Actions but discovery remains in its initial stages;

WHEREAS, the parties conferred but did not reach agreement on a proposed coordination order among the Actions, and on March 28 and on April 4, 2014 made written submissions;

WHEREAS, the question of coordination was discussed at an April 2, 2014 videoconference in the Actions;

WHEREAS, it appearing that the Actions share common issues and overlapping parties and will involve common discovery, and that pretrial proceedings in all Actions should be coordinated to avoid unnecessary conflicts and expense, conserve judicial resources, and secure the just, speedy, and inexpensive disposition of all Actions;

WHEREAS, it is necessary and expected that all parties will confer in good faith with each other whenever required by the Court to do so, and where it will promote the efficient management of the Actions;

WHEREAS, it is necessary and expected that all of the Defendants will confer in good faith with each other and make an effort to agree upon a joint course of action whenever required by the Court to do so, and where it will promote the efficient management of the Actions;

IT IS HEREBY ORDERED, for all Actions, as follows:

**1.     Superseding Effect of this Master Discovery Protocol Order**

This Master Discovery Protocol Order shall serve as the discovery protocol in all Actions, and thereby shall supersede any previous discovery order entered in any Action.  Any party may seek

permission to deviate from the provisions in this Order upon a showing of good cause by following the procedure set forth in Section 2 below.  This Order does not affect any stay of discovery entered in any Action.  E.g., NCUA v. RBS Securities Inc., et al., 11-cv-2340 & 2649 (JWL)(JPO) (D. Kan. Oct. 24, 2013); NCUA v. Goldman Sachs & Co., et al., 11-cv-6521 (GW) (C.D. Cal. Sept. 5, 2013).  To the extent that any discovery is proceeding in an Action, however, it shall proceed under the protocol set forth here.

**2.       Procedure for Presenting Discovery Dispute**

To avoid unnecessary conflicts and inconsistencies in the rulings in the Actions, Judge Cote is designated as the "Coordination Judge" for all Actions.  All discovery applications and disputes shall be brought to the Coordination Judge in the form of a two-page letter, with copies simultaneously provided to the other three Judges.  Following consultation with Judges Lungstrum and/or O'Hara, and Judge Wu, the Coordination Judge will endeavor to respond promptly.

All applications and disputes regarding discovery in any Action will be filed in the lead case pending in the Southern District of New York (currently 13 Civ. 6705).  If the application or dispute applies to fewer than all Actions, then the submission should be filed as well in the Action or Actions to which it applies.  The discovery parameters and limitations set forth in the ruling by the Coordination Judge on the application or dispute will be given effect in all Actions, unless the ruling indicates otherwise.

**3.       Protective Order**

A Master Protective Order, which has been separately entered into and approved, will govern these Actions.

**4.       Electronic Discovery**

The parties shall produce and exchange documents in the Actions pursuant to the Protocol for the Production of Data and the Protocol for the Production Format of Loan Files, which have been separately entered into and approved.

**5.     Procedures for Loan File Reunderwriting**

The parties shall cooperate in the production and reunderwriting of the loan files, as set forth in the Loan File Reunderwriting Protocol, which has been separately entered into and approved.

**6.     Document Production and Written Discovery**

   a) Documents produced in any Action will be treated as though produced in all Actions.

   b) Written discovery (*e.g.*, interrogatory responses and responses to requests for admission) produced in any Action will be treated as though produced in all Actions.

   c) Notwithstanding the above, the use of such discovery in the prosecution or defense of any Action is subject to a decision by the judge presiding over the Action.

**7.     Interrogatories[2]**

   a) NCUA may serve up to 25 interrogatories on each Defendant Group across the Actions involving that Defendant Group.

---

[2]  "Defendant Group" refers to any of the following groups of defendants: Barclays Defendant (Barclays Capital Inc.); Credit Suisse Defendants (Credit Suisse Securities (USA) LLC and Credit Suisse First Boston Mortgage Securities Corp.); Goldman Sachs Defendants (Goldman, Sachs & Co. and GS Mortgage Securities Corp.); Morgan Stanley Defendants (Morgan Stanley & Co., Inc., n/k/a Morgan Stanley & Co. LLC and Morgan Stanley Capital I Inc.); RBS Defendants (RBS Securities, Inc. f/k/a RBS Greenwich Capital Markets, Inc., RBS Acceptance, Inc., f/k/a Greenwich Capital Acceptance Inc., and Financial Asset Securities Corp.); UBS Defendant (UBS Securities, LLC); Wachovia Defendants (Wachovia Capital Markets, LLC, n/k/a Wells Fargo Securities, LLC, and Wachovia Mortgage Loan and Trust, LLC); Nomura Defendants (Nomura Asset Acceptance Corp. and Nomura Home Equity Loan, Inc.); and NovaStar Defendant (NovaStar Mortgage Funding Corp.).

b) Defendants may collectively serve up to 25 interrogatories directed at each credit union and 10 interrogatories directed at NCUA across the Actions. Interrogatory responses may be used by any party across the Actions.

c) Any interrogatories served before March 28, 2014 in any of the Actions shall remain active and valid and shall count against the totals set forth in Sections 7(a) and 7(b) above.

8. **Requests for Production**

a) For any requests for production that pertain to a liquidated credit union, Defendants will collaborate and serve one set of requests for documents on NCUA across the Actions involving that liquidated credit union. For any requests for documents that pertain to a Defendant Group, NCUA will serve consolidated requests for production on each Defendant Group across the Actions.

b) By April 18, 2014, NCUA and each Defendant Group shall use best efforts to agree on a set of search terms and relevant time periods that each Defendant Group will employ to locate and gather electronic documents for the Actions to which that Defendant Group is party. Also by that date, NCUA and all Defendants shall use best efforts to agree on a set of search terms and relevant time periods that NCUA will employ to locate and gather the electronic documents of each credit union and for NCUA for all Actions. The Parties shall inform all Judges of any agreement, or their respective positions in the event of any disagreement, on April 18, 2014.

c) By April 18, 2014, NCUA and each Defendant Group shall use best efforts to agree on a list of custodians and electronic and hard-copy repositories that each Defendant Group will search for relevant documents. Also by that date, NCUA and all Defendants shall use best efforts to agree on a list of custodians and electronic and

hard-copy repositories that NCUA will search for relevant documents from NCUA and each credit union. The Parties shall inform all Judges of any agreement, or their respective positions in the event of any disagreement, on April 18, 2014.

d) Parties may request, and negotiate in good-faith, the supplementation of search terms, time periods, custodians, and repositories during the course of discovery.

e) The parties agree to confer in good faith regarding how to identify non-privileged, responsive documents, subject to asserted objections, that are not amenable to identification through electronic searches using search terms, custodians, and repositories, or that are amenable to being identified categorically.

f) Any requests for production served before March 28, 2014 in any of the Actions shall remain active and valid.

**9. Requests for Admission**

a) NCUA may serve up to 50 requests for admission on each Defendant Group across the Actions.

b) Defendants may collectively serve up to 25 requests for admission on each credit union and 10 requests for admission on NCUA across the Actions.

c) The limitation on the number of requests for admission does not apply to requests for admission regarding the existence, non-existence, authenticity, or foundation for the admissibility of any document.

**10. Fact Depositions**

a) The parties shall confer and attempt to reach agreement on the number of fact depositions. Their proposals regarding any limitations on fact depositions shall be submitted by September 19, 2014. There shall be no limit on the number of Rule

30(b)(6) depositions.  The parties shall meet and confer regarding Rule 30(b)(6) depositions and may proceed with such depositions at any time.

b) Fact depositions of a party witness taken in any of the above-captioned cases will be deemed to have been taken in all of the above-captioned cases in which that party is a plaintiff or defendant.  The fact deposition of a party witness will be deemed to have been taken in actions involving another Defendant Group (1) where the other Defendant Group is also a defendant for an RMBS at issue in the fact deposition and NCUA provides notice of such fact deposition to the other Defendant Group; (2) by agreement of the parties; or (3) upon a showing of good cause.  Fact depositions of non-party witnesses will be deemed to have been taken in all of the above-captioned cases across all of the Actions.

c) No fact deponent shall be required to be deposed more than once across all of the Actions, except by agreement of the parties or a judicial Order.

d) All parties shall produce the transcripts of testimony and affidavits/affirmations, including all exhibits, from any and all RMBS matters, including all civil, criminal, or regulatory matters, in which it or one of its officers or employees was a party.  The testimony shall be treated as if taken in the Actions.  The parties shall endeavor to not subject witnesses to the same questioning for which a transcript was previously provided.  Each party shall produce existing transcripts and affidavits/affirmations, including all exhibits, by May 15, 2014, and future transcripts and affidavits/affirmations, including all exhibits, within two weeks after a final transcript of a deposition is available, and two weeks after a witness has signed an affidavit/affirmation.

e)  The parties shall agree in advance on a system of numbering deposition exhibits to ensure that they employ unique exhibit numbers across the Actions suitable for use at trial and in all motion papers and other submissions to the various Courts.

f)  In any Action, all parties to that Action shall have the right to depose any witness who has not previously been deposed, and who is designated to testify at trial, before the witness begins testifying at trial.

g)  Any deposition limits that will be set will apply to depositions of party fact witnesses only, and do not apply to expert depositions, Rule 30(b)(6) depositions, or depositions of non-parties.  NCUA and Defendants shall work together to minimize the scope and burden associated with such depositions.

h)  Nothing in this order shall preclude any party or third-party from seeking a protective order or other relief with respect to the deposition of any individual witness.

**11.    Expert Disclosures**

a)  Expert disclosures shall take place after the applicable fact discovery period, with submissions of expert reports by the party bearing the burden of proof on an issue on **August 14, 2015**, rebuttal expert reports on **October 16, 2015**, and any reply expert reports on **November 20, 2015**.

b)  If Defendants have re-underwritten any set of loans other than the sampled loans identified by NCUA, Defendants shall submit any expert reports regarding that re-underwriting on **August 14, 2015**.

c)  If Defendants have re-underwritten the NCUA sampled loans, Defendants shall submit any expert reports regarding that re-underwriting on **October 16, 2015**.

d)  Expert reports shall be produced separately in each Action, absent agreement of the parties or leave of the Court.

**12.    Pre-Trial Schedule**

The following pre-trial schedule shall apply to each of the Actions, vacating any prior schedules in any particular Action:

a) Fact discovery to be completed by **July 17, 2015**. Each party shall make a significant document production by **June 6, 2014** and shall substantially complete its document production by **October 31, 2014**. Depositions as to party fact witnesses may begin on **October 31, 2014**. Party Rule 30(b)(6) depositions and non-party depositions may proceed before **October 31, 2014**.

b) Expert discovery to be completed by **January 15, 2016**.

c) Any summary judgment motions are to be filed separately in an Action no later than **February 5, 2016**, and fully submitted by **March 25, 2016**.

**13.    Trial Schedule**

a) The SDNY trials shall proceed in two tranches, the first occurring in **June 2016**, and the second in **September 2016**. All counsel will reserve both of these trial dates.

b) Case assignment into the two SDNY trial tranches shall await the completion of fact discovery. A conference shall be scheduled for **September 2015** to make case assignments. Defense counsel may, however, at any time prior to the completion of fact discovery, make a request for case assignment into the two trial tranches.

c) In the Kansas and California Actions, trial dates shall await the completion of fact discovery, provided that all trials shall be completed by March 2017.  Conferences will be scheduled for **September 2015** in the Kansas and California Actions to discuss a schedule for trials in those Actions.

SO ORDERED:

Dated:   April 9, 2014                               /s/ Denise Cote

                                                    United States District Court Judge

Dated:   April 9, 2014                               /s/ George H. Wu

                                                    United States District Court Judge

Dated:   April 9, 2014                               /s/ John W. Lungstrum

                                                    United States District Court Judge

Dated:   April 9, 2014                               /s/ James P. O'Hara

                                                    United States Magistrate Judge