UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of Southwest Corporate Federal Credit Union and Members United Corporate Federal Credit Union,

Plaintiff,

-v-

MORGAN STANLEY & CO., INC. and MORGAN STANLEY CAPITAL I INC.,

Defendants.

13 Civ. 6705 (DLC)

MEMORANDUM OPINION & ORDER

APPEARANCES:

For the Plaintiff:

David Fredrick, Wan J. Kim, Gregory G. Rapawy, and Andrew C. Shen
Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
Sumner Square, 1615 M Street, N.W., Suite 400
Washington, DC 20036

Erik Haas, Peter W. Tomlinson, Phillip R. Forlenza, and Michelle W. Cohen
Paterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

George A. Zelcs
Korein Tillery LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601

Stephen M. Tillery, Greg G. Gutzler, Peter H. Rachman, and Robert L. King
Korein Tillery LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101

For the Defendants:

James P. Rouhandeh, Paul S. Mishkin, Daniel J. Schwartz, and Jane M. Morril
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

DENISE COTE, District Judge:

An Opinion of April 28, 2014 granted in part NCUA's motion to strike affirmative defenses pleaded by Morgan Stanley in this action. Nat'l Credit Union Admin. Bd. v. Morgan Stanley & Co., 13 Civ. 6705 (DLC), 2014 WL 1673351 (S.D.N.Y. Apr. 28, 2014) ("April 28 Opinion"). Familiarity with the April 28 Opinion is assumed. Through a motion of May 12, Morgan Stanley seeks reconsideration of that portion of the April 28 Opinion which struck its loss causation defenses under 815 Ill. Comp. Stat. Ann. 5/12 (2013) ("Illinois Blue Sky Law"). See April 28 Opinion, 2014 WL 1673351, at *4-*7. The motion for reconsideration is denied, for the following reasons.

DISCUSSION

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted)

(addressing a Rule 59 motion). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, 684 F.3d at 52 (citation omitted). The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

The motion for reconsideration is premised on Morgan Stanley's contention that the April 28 Opinion contains a "clear error" because there exists a substantial dispute as to whether Section 12(G) of the Illinois Blue Sky Law contains a loss causation requirement, and for that reason its affirmative defense of loss causation to the Section 12(G) claims should not be stricken. See 815 Ill. Comp. Stat. Ann. 5/12(G). To locate a substantial ground for dispute, Morgan Stanley contends that the April 28 Opinion erred in interpreting Platinum Partners Value Arbitrage Fund, Ltd. P'ship v. Chicago Bd. Options Exch.,

976 N.E.2d 415 (Ill. App. Ct. 1st Dist. 2012).

Platinum Partners did not address the elements of a claim under Section 12(G). It did, however, address the elements of a claim under two other provisions of the Illinois Blue Sky Law, Sections 12(F) and 12(I). These two provisions are patterned on Sections 17(a)(3) and 17(a)(1), respectively, of the federal Securities Act of 1933 ("Securities Act"). 15 U.S.C. § 77q(a). Section 12(G) of the Illinois statute is patterned on Section 17(a)(2) of the Securities Act, which is the criminal analogue to Section 12(a)(2) of the Securities Act. See April 28 Opinion, 2014 WL 1673351, at *5.

According to Morgan Stanley, the April 28 Opinion erred when it observed that Sections 12(F) and (I), in contrast to Section 12(G), "sound in fraud." Id. at *6. Morgan Stanley asserts that Section 12(F) does not "sound in fraud," that Platinum Partners nonetheless analogized Section 12(F) to federal securities fraud Rule 10b-5, and that Platinum Partners found that Section 12(F) contains a loss causation requirement. Platinum Partners, 976 N.E.2d at 423. From this analysis of Section 12(F), Morgan Stanley reasons that Section 12(G) -- which is clearly not a fraud provision -- must contain a loss causation requirement as well, or that there is at least a substantial ground for dispute as to whether it does.

To begin, there was no error in the April 28 Opinion's

discussion of Platinum Partners. The Illinois appellate court itself described the Section 12(F) claim as a "fraud-based claim"; recognized that Section 12(F) was patterned after Section 17(a)(3); and concluded that Section 12(F) (like Section 17(a)(3)) required a plaintiff to prove each of the elements of a Rule 10b-5 fraud claim, except for the existence of scienter. Platinum Partners, 976 N.E.2d at 423. One of these Rule 10b-5 elements is that the plaintiff's reasonable reliance on the defendant's misstatement "proximately caused the plaintiff's injuries," id., which includes a requirement of loss causation. See Dura Pharms. Inc. v. Broudo, 544 U.S. 336, 342 (2005) (defining loss causation for Rule 10b-5 claims).

Morgan Stanley's current motion boils down to a complaint that it was error to describe a Section 12(F) claim as a claim sounding in fraud because Section 12(F) does not include a scienter requirement. But, for the reasons outlined here and in Platinum Partners itself, there can be no reasonable dispute that Section 12(F) does, notwithstanding the lack of a scienter requirement, sound in fraud.

Moreover, a close analysis of Platinum Partners does not assist Morgan Stanley. If anything, Platinum Partners confirms the analysis in the April 28 Opinion. Because Section 12(F) of the Illinois Blue Sky Law was patterned after Section 17(a)(3) of the Securities Act, the Illinois appellate court applied

federal law in interpreting Section 12(F). Platinum Partners, 976 N.E.2d at 423. The April 28 Opinion follows that approach. Section 12(G) of the Illinois Blue Sky Law was patterned after Sections 17(a)(2) and 12(a)(2) of the Securities Act, and there was no loss causation defense under these sections of the Securities Act. See April 28 Opinion, 2014 WL 1673351, at *5. It follows that there is no loss causation defense under Section 12(G) of the Illinois Blue Sky Law.

Finally, Morgan Stanley's exclusive reliance on Platinum Partners provides another reason to deny the present motion. The motion for reconsideration ignores the multiple independent reasons for why no loss causation defense exists under Section 12(G) of the Illinois Blue Sky Law: the text of Section 12(G) of the Illinois Blue Sky Law, the Illinois appellate authority directly addressed to Section 12(G), and the legislative history for that section of Illinois law, all as described in the April 28 Opinion. Id. at *4-*5. Morgan Stanley has not shown that there could be a substantial ground for dispute regarding the availability of a loss causation defense for a Section 12(G) claim under the Illinois Blue Sky Law, or that its motion for reconsideration should be granted.

CONCLUSION

Morgan Stanley's May 12 motion for reconsideration is denied.

SO ORDERED:

Dated: New York, New York
May 13, 2014

DENISE COTE
United States District Judge