New York        Paris
Menlo Park      Madrid
Washington DC   Tokyo
São Paulo       Beijing
London          Hong Kong

**Davis Polk**

**James P. Rouhandeh**

Davis Polk & Wardwell LLP        212 450 4835 tel
450 Lexington Avenue             212 701 5835 fax
New York, NY 10017               rouhandeh@davispolk.com

August 22, 2014

Re:   *National Credit Union Administration Board v. Morgan Stanley & Co., Inc. et al.*
      No. 13 Civ. 6705 (DLC)

Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Dear Judge Cote:

Further to NCUA's letter of August 21, 2014 regarding the Tenth Circuit's decision in *NCUA v. Nomura Home Equity Loan Inc.*, I write to inform the Court of an additional recent decision addressing the issue raised by Morgan Stanley's Motion for Reconsideration of Motion to Dismiss or, in the Alternative, for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and for a Stay of All Proceedings [dkt. # 163].

On August 18, 2014, the United States District Court for the Western District of Texas held in *Federal Deposit Insurance Corp. v. Goldman, Sachs & Co.*, No. A-14-CA-129-SS (W.D. Tex. Aug. 18, 2014), attached as Exhibit A hereto, that "a faithful application" of *CTS Corp. v. Waldburger*, 134 S. Ct. 2175 (2014), "compels the conclusion" that the FDIC Extender Statute does not displace the Texas Securities Act's statute of repose. *Goldman*, slip op. at 4. The FDIC Extender Statute, 12 U.S.C. § 1821(d)(14), is substantively identical to the FCUA Extender Statute, *id.* § 1787(b)(14), at issue in Morgan Stanley's motion before this Court, and both provisions were enacted through the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA").

Applying the analytical framework adopted by the Supreme Court in *CTS*, the Western District of Texas concluded that the FDIC Extender Statute "says nothing about state statutes of repose." *Goldman*, slip op. at 17. The court found "instructive" that, like the CERCLA extender provision at issue in *CTS*, the FDIC Extender Statute never mentions statutes of repose expressly. *Id.* at 10 (quoting *CTS*, 134 S. Ct. at 2185). The court also noted that, like CERCLA, the FDIC Extender Statute's "focus on claim accrual suggests the statute should be 'read to encompass only statutes of limitations.'" *Id.* at 10-11 (quoting *CTS*, 134 S. Ct. at 2187). The court further noted that the FDIC Extender Statute is "nearly identical to [CERCLA] in its repeated references to a singular time period," which "'would be an awkward way to mandate the pre-emption of two different time periods with two different purposes.'" *Id.* at 11 (quoting *CTS*, 134 S. Ct. at 2187).

Honorable Denise L. Cote                                          2                                          August 22, 2014

The court also found the Second Circuit's decision in *Federal Housing Finance Agency v. UBS Americas, Inc.*, 712 F.3d 136 (2d Cir. 2013), "irreconcilable" with *CTS*, *Goldman*, slip op. at 16-17, and found unavailing the FDIC's arguments seeking to distinguish the FDIC Extender Statute from CERCLA, which are essentially the same arguments raised by NCUA in opposition to Morgan Stanley's motion.

For example, the FDIC had argued that CERCLA is "structured as an 'exception'" that merely "alter[s]" state statutes of limitations, whereas the FDIC Extender Statute "replaces" state statutes of limitations and applies "broadly to 'any action brought by [the FDIC].'" *Id.* at 11-12 (quoting 12 U.S.C. § 1821(d)(14)(A)).  The court held that these were "distinction[s] not found in the statutes," because "both statutes . . . modify state law in some, but not all, circumstances, and expressly apply to 'any action' within their respective scopes." *Id.* at 12-13.  The FDIC's argument, the court concluded, did not apply the plain text of the FDIC Extender Statute, but rather was an argument that "clear statutory text should be massaged to mean something else in order to advance the generalized goal of the statute," which was "the same basic goal-oriented reasoning rejected by *Waldburger*." *Id.* at 14.

For the reasons set forth in Morgan Stanley's motion papers, we respectfully submit that the Western District of Texas' opinion is faithful to the Supreme Court's analysis in *CTS*, and that the Tenth Circuit's recent opinion in *NCUA v. Nomura Home Equity Loan Inc.* is not.  At a minimum, however, the existence of this competing authority underscores that there is a "substantial ground for difference of opinion," 28 U.S.C. § 1292(b), and that certification of the issue for interlocutory appeal is appropriate.

Respectfully yours,


/s/ James P. Rouhandeh

Enclosure

cc:     All counsel (via ECF)

Electronic Filing