```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
NATIONAL CREDIT UNION ADMINISTRATION      :
BOARD, as Liquidating Agent of            :
Southwest Corporate Federal Credit        :     13cv6705 (DLC)
Union and Members United Corporate        :
Federal Credit Union,                     :     OPINION & ORDER
                                          :
                    Plaintiff,            :
         -v-                              :
                                          :
MORGAN STANLEY & CO., INC. and MORGAN     :
STANLEY CAPITAL I INC.,                   :
                                          :
                    Defendants.           :
                                          :
------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/30/14

APPEARANCES:

For Plaintiff:

David C. Fredrick, Wan J. Kim, Gregory G. Rapawy, Andrew C. Shen, and Daniel V. Dorris
KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.
Sumner Square, 1615 M Street, N.W., Suite 400
Washington, DC 20036

Erik Haas, Peter W. Tomlinson, Philip R. Forlenza, and Henry J. Ricardo
PATERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036

George A. Zelcs
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601

Stephen M. Tillery, Greg G. Gutzler, and Robert L. King
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101

1

For Defendants:

James P. Rouhandeh, Paul S. Mishkin, Daniel J. Schwartz, Jane M. Morril, and Scott Wilcox
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017

DENISE COTE, District Judge:

On July 11, 2014, defendants Morgan Stanley & Co., Inc. and Morgan Stanley Capital I Inc. (collectively, "Morgan Stanley") filed a motion for reconsideration of the decision in NCUA v. Morgan Stanley & Co. ("Morgan Stanley I"), No. 13cv6705 (DLC), 2014 WL 241739 (S.D.N.Y. Jan. 22, 2014), denying Morgan Stanley's motion to dismiss state law claims brought by plaintiff National Credit Union Administration Board ("NCUA"), or for certification of an interlocutory appeal.  The motion was fully submitted on August 1, 2014.  For the reasons that follow, the motion is denied.

**Background**

This action is one of a set of coordinated actions brought by NCUA in this District, the District of Kansas, and the Central District of California against banks.  See NCUA v. Morgan Stanley & Co., No. 13cv6705 (DLC), 2014 WL 1673351, at *1 & n.1 (S.D.N.Y. Apr. 28, 2014), reconsideration denied in part, No. 13cv6705 (DLC), 2014 WL 1909499 (S.D.N.Y. May 13, 2014). This motion raises issues that have been previously addressed by

this and other Courts.  Accordingly, some background is in order.

These actions plead violations of the Securities Act of 1933 and state blue sky laws.  Similar cases have also been brought against many of the same defendants by the Federal Housing Finance Agency ("FHFA").  As a result, the issues raised by this motion have been previously addressed not only in Morgan Stanley I, but also in this Court's 2012 decision in FHFA v. UBS Americas, Inc. ("UBS I"), 858 F. Supp. 2d 306 (S.D.N.Y. 2012), motion to certify appeal granted (June 19, 2012), aff'd, 712 F.3d 136 (2d Cir. 2013).  UBS I addressed the FHFA Extender Statute, 12 U.S.C. § 4617(b)(12), which empowers FHFA to bring claims as the conservator for the Government Sponsored Enterprises Fannie Mae and Freddie Mac.  UBS I held that the FHFA Extender Statute preempts both statutes of limitations and statutes of repose.  The Court of Appeals affirmed that decision in FHFA v. UBS Americas Inc. ("UBS II"), 712 F.3d 136 (2d Cir. 2013).  As part of the NCUA litigation pending in the District of Kansas, the Tenth Circuit in NCUA v. Nomura Home Equity Loan, Inc. ("Nomura I"), 727 F.3d 1246 (10th Cir. 2013), relying in part on the Second Circuit's decision in UBS II, held that the virtually indistinguishable NCUA Extender Statute, 12 U.S.C. § 1787(b)(14), preempts both statutes of limitations and

3

statutes of repose.

On January 22, 2014, relying on UBS II and citing Nomura I, this Court in Morgan Stanley I denied Morgan Stanley's motion to dismiss NCUA's claims under the Illinois and Texas Blue Sky Laws, concluding that the NCUA Extender Statute preempts both states' statutes of repose and Illinois's six-month notice requirement.  In the instant motion, Morgan Stanley argues that neither Morgan Stanley I nor UBS II can stand in light of the Supreme Court's recent decision in CTS Corp. v. Waldburger, 134 S. Ct. 2175 (2014).  There the Court held that a provision in the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (the "CERCLA Statute"), 42 U.S.C. § 9658, does not preempt state statutes of repose.  Id. at 2189.

In August, the Tenth Circuit considered whether CTS required it to alter its conclusion about the NCUA Extender Statute.  In NCUA v. Nomura Home Equity Loan, Inc. ("Nomura II"), No. 12-3295, 2014 WL 4069137 (10th Cir. Aug. 19, 2014), the Tenth Circuit reinstated its original opinion, concluding that it was not altered by CTS.

Also after CTS, defendants in one of the FHFA cases pending before this Court filed motions for summary judgment, arguing that, in light of CTS, the Second Circuit's decision in UBS II no longer binds this Court.  Relying in part on the Tenth

4

Circuit's reasoning in Nomura II reinstating its original opinion, this Court denied those motions and their accompanying requests for certification of the issue for interlocutory appeal. FHFA v. HSBC N. Am. Holdings Inc. ("HSBC"), No. 11cv6189 (DLC), 2014 WL 4276420 (S.D.N.Y. Aug. 28, 2014). As explained in Nomura II, the text and structure of the CERCLA Statute "are fundamentally different" from the extender statutes invoked by FHFA and NCUA. Id. at *3.

**Discussion**

Morgan Stanley makes three arguments. First, it argues that CTS demonstrates that the NCUA Extender Statute does not preempt statutes of repose. This argument is rejected for the reasons set forth both in the Tenth Circuit's decision in Nomura II reinstating its original opinion and in this Court's decision in HSBC.

Second, Morgan Stanley argues that CTS demonstrates that the NCUA Extender Statute does not impliedly preempt Illinois's six-month notice provision. The Illinois notice provision is not a statute of repose, and thus is only obliquely affected by CTS. It is, instead, akin to a condition precedent. Morgan Stanley I, 2014 WL 241739, at *9. In CTS the Court found no implicit preemption because it declined to frame the purpose of the CERCLA Statute at the high level of generality urged by

5

respondents -- namely, "to help plaintiffs bring tort actions for harm caused by toxic contaminants." 134 S. Ct. at 2188. This refusal to cast statutory purpose at a high level of generality has no impact here. Applying the doctrine of obstacle preemption, Morgan Stanley I concluded that the NCUA Extender Statute impliedly preempts Illinois's six-month notice provision, resting on the specific finding that "Congress has decided that the NCUA shall be given three years from the commencement of a conservatorship to decide what claims to pursue on behalf of the financially distressed credit union over which it has just been given control." 2014 WL 241739, at *10.[1]

Third, Morgan Stanley argues that the question of CTS's impact on the NCUA Extender Statute's preemptive effect should be certified to the Second Circuit. For certification to be appropriate, there must exist, among other things, "a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). For the reasons set forth both in the Tenth Circuit's decision in Nomura II reinstating its original opinion and in this Court's

---

[1] Morgan Stanley I noted that the NCUA Extender Statute could not resuscitate time-barred claims, and invited an early summary judgment motion to construe the application of the Illinois notice statute to a claim of material misrepresentation in offering documents for registered securities. Id. at *11. The parties have not yet brought such a motion.

decision in HSBC, CTS disturbs neither the Second Circuit's decision in UBS II nor this Court's decision relying on UBS II in Morgan Stanley I.  Accordingly, there is no "substantial ground for difference of opinion."  28 U.S.C. § 1292(b).

To suggest that there is a ground for difference of opinion, Morgan Stanley cites decisions in both this District, FDIC v. Chase Mortgage Fin. Corp., No. 12cv6166 (LLS), 2014 WL 4354671 (S.D.N.Y. Sept. 2, 2014), and the Western District of Texas, FDIC v. Merrill Lynch, Pierce, Fenner & Smith Inc., No. A-14-CA-126-SS, 2014 WL 4161561 (W.D. Tex. Aug. 18, 2014); FDIC v. Goldman, Sachs & Co., No. A-14-CA-129-SS, 2014 WL 4161567 (W.D. Tex. Aug. 18, 2014), holding that, in light of CTS, the FDIC Extender Statute, 12 U.S.C. § 1821(d)(14), does not preempt state statutes of repose.  Respectfully, these district court decisions do not alter this Court's conclusion that certification is unwarranted.  For instance, the recent decision in this District does not cite Nomura I or Nomura II, nor does it grapple with the Tenth Circuit's detailed exegesis of the history of the statutes at issue here and the material distinctions that exist between the CERCLA Statute's language construed in CTS and the several extender statutes that have created limitations periods for identified federal agencies to file claims.

7

Moreover, certification of this issue would not materially advance this litigation.  This case is one of a suite of seven cases pending before this Court and one of fourteen coordinated actions pending in three districts.  Where certification would advance the resolution of complex litigation, this Court has not hesitated to grant certification over the opposition of a plaintiff.  See UBS I, 858 F. Supp. 2d at 341.  But the most efficient way to advance the ultimate termination of this litigation, 28 U.S.C. § 1292(b), is to complete discovery and motion practice and to set these cases down for trial.  Two Circuits have already addressed the statute of limitations issues pressed in this motion, and a further interlocutory appeal is not warranted.

**CONCLUSION**

Morgan Stanley's July 11, 2014 motion for either reconsideration or certification of an interlocutory appeal is denied.

SO ORDERED.

Dated:    New York, New York
          September 30, 2014

```
                        _____
                              DENISE COTE
                       United States District Judge
```