KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

March 12, 2015

*Via ECF (S.D.N.Y. and C.D. Cal.) and Email (D. Kan.)*

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

The Honorable George H. Wu
United States District Court for the Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

      Re:    *NCUA v. Credit Suisse Securities (USA) LLC*, No. 13-cv-6736 (DLC) (S.D.N.Y.);
             *NCUA v. Credit Suisse Securities (USA) LLC*, No. 12-cv-2648 (JWL-JPO) (D. Kan.)

Judges Cote, Lungstrum, Wu, and O'Hara
March 12, 2015
Page 2

Dear Judges Cote, Lungstrum, Wu, and O'Hara:

      NCUA respectfully requests that the Courts order Defendant Credit Suisse to respond adequately to NCUA's First Set of Interrogatories (Ex. A).  Even after NCUA agreed to a generous extension, Credit Suisse served responses that are deficient in several material respects.  NCUA has exhausted the meet and confer process after multiple conferences with Credit Suisse asking that Credit Suisse supplement its deficient responses, but Credit Suisse has declined to do so.

      **1.**    NCUA propounded seven interrogatories requesting highly relevant information about the transactions through which Credit Suisse acquired the loans securitized in the certificates at issue in these coordinated actions, the due diligence Credit Suisse performed on those loans, and whether Credit Suisse made repurchase claims for those loans.  *See id.* at 4-5.  In its responses (Ex. B), Credit Suisse relied exclusively on Federal Rule of Civil Procedure 33(d), which provides that a party may respond to an interrogatory by producing business records from which "the answer to [the] interrogatory may be determined," provided that "the burden of deriving or ascertaining the answer will be substantially the same for either party."  But Credit Suisse's responses do not come close to satisfying the requirements of Rule 33(d).  NCUA has issued substantially similar interrogatories to other defendants in this litigation, and Credit Suisse's responses are by far the most deficient.[1]

      **2.**    Credit Suisse has failed to provide responsive information in a usable manner.  NCUA's interrogatories request information broken out by securitization.  That is the way Defendants (including Credit Suisse) framed their interrogatories to NCUA; and that is the way NCUA responded.  So, too, have other Defendants in responding to materially identical interrogatories.  By contrast, Credit Suisse's responses list hundreds of thousands of documents and data, and do not break out or categorize these documents in any manner.  For instance, Credit Suisse responded to Interrogatories 2 and 3, which seek due diligence information for the loans securitized in the 15 certificates currently at issue in these coordinated actions, by simply listing **137,370** documents, without specifying which documents correspond to which loan purchases or securitizations.  *See* Ex. B at 9, 12 & App. A.  This indiscriminate "document dump" is a clear abuse of Rule 33(d).  By comparison, Goldman Sachs responded to similar interrogatories by citing approximately 783 documents for the 19 certificates at issue in its cases, and broke out those documents by securitization and, where applicable, by loan pool.  Similarly, UBS created a spreadsheet identifying the date of purchase and the counterparty information for each loan.  Credit Suisse must have collected the documents on a deal-by-deal basis in order to fairly answer this interrogatory under the requirements of Rule 33(d), and therefore, there is no reason why it cannot provide this information on that basis.

      Credit Suisse's citation to hundreds of thousands of documents also violates Rule 33(d) because "the burden of deriving or ascertaining the answer" is not "substantially the same for either party."  There is significant asymmetry between NCUA's and Credit Suisse's ability to locate the documents pertaining to a particular RMBS, and then to decipher them.  After significant efforts, NCUA's counsel and its consulting experts still cannot identify most of the information requested in Interrogatories 1-7.  For example, in response to Interrogatories 1 and 7, which seek purchase

---

[1] Credit Suisse also failed to provide a verification of the interrogatory responses, as required by Rule 33(b)(5).

information about the loans in the 15 securitizations, and information about the substitution of loans, Credit Suisse cited 102 text files containing data relating to 94,636 loans (twice the number of loans at issue in this ligation), which was pulled from its RPM database.  NCUA and its consultants have made every effort to understand and utilize this data, but have been unable to do so because the information contained in these files is incomplete and inconsistent from file to file.[2]  Similarly, in response to Interrogatories 4-6 (*see* Ex B at 13-17), Credit Suisse cited 108 text files pulled from its Put-Back System database, but did not specify whether each file includes put-backs, repurchases or something else entirely, making it impossible for NCUA to locate the requested information.  *See* Feb. 12, 2015 Ltr. from A. Hetherington to B. Diessel (Ex. C).  Because the burden of obtaining information sufficient to answer Interrogatories 1-7 is far greater for NCUA than for Credit Suisse, Credit Suisse should be required to provide substantive written responses to Interrogatories 1-7.[3]

Credit Suisse's responses are also deficient because, despite listing hundreds of thousands of documents, it has admitted that these documents are only illustrative and do not provide information sufficient to answer the interrogatories.  During the meet and confer process, Credit Suisse conceded that the documents it cited under Rule 33(d) "do not, and never were represented to, contain information concerning *each loan* that was securitized in each securitization at issue"; contain no information for at least three of the securitizations; and cover only "some" of the loans in five other securitizations.  *See* Ex. D at 2-3 (emphasis in original).  That is a facial violation of Rule 33(d), which permits reliance on business records only if "the answer to [the] interrogatory may be determined by examining . . . [the] business records".  *See, e.g., L.H. v. Schwarzenegger*, 2007 WL 2781132, at *3, *5 ("Under Rule 33(d), the responding party chooses to produce business records in answer to the interrogatories – not to avoid answering them. . . . the rule requires a verification that the information requested is contained therein, not that it 'might be,' or 'could be.'").

For these reasons, NCUA respectfully requests that the Courts order Credit Suisse to provide complete written responses to NCUA's Interrogatories 1-7 within 14 days.  NCUA further requests that the Courts preclude Credit Suisse from relying upon any information or document not disclosed in that supplemental response,[4] unless it can show good cause for its failure to identify such information at this time.  *E.g., In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 2014 WL 494522, at *3 (S.D.N.Y. Feb. 6, 2014) ("Failure to timely amend a[n] interrogatory can bar use of [information], especially when such failure results in prejudice to the adverse party.").

---

[2] For example, RPM includes a "channel" field that, according to Credit Suisse, shows the channel (bulk, loan-by-loan, etc.) through which each loan was purchased.  *See* Mar. 4, 2015 Ltr. from B. Diessel to A. Hetherington at 3-4 (Ex. D).  But the RPM data Credit Suisse cites have no entries for many loans, and inconsistent entries for many others.

[3] *See Sadofsky v. Fiesta Prods., LLC*, 252 F.R.D. 143, 148 (E.D.N.Y. 2008) (a "responding party cannot foist a mass of records on his interrogator when their deciphering is feasible only for one familiar with the records." (internal quotation marks omitted)); *L.H. v. Schwarzenegger*, No. S-06-2042, 2007 WL 2781132, at *3 (E.D. Cal. Sept. 21, 2007) ("The responding party may not avoid answers by imposing on the interrogating party a mass of business records from which the answers cannot be ascertained by a person unfamiliar with them."); *PulseCard, Inc. v. Discover Card Servs.,* No. Civ.A. 94-2304-EEO, 1996 WL 397567, at *3 (D. Kan. July 11, 1996) (same).

[4] NCUA understands that Credit Suisse has submitted expert reports in other RMBS litigations that purport to set forth the due diligence performed for each RMBS at issue, and argued that it was sufficient to establish the affirmative defense of reasonable due diligence.  Credit Suisse should not be allowed to use any information in preparing such a report, or making such an argument, in these coordinated actions that is not timely disclosed in responses to Interrogatories 1-7.

Judges Cote, Lungstrum, Wu, and O'Hara
March 12, 2015
Page 4

Respectfully submitted,

/s/  David C. Frederick

| | |
|---|---|
| David C. Frederick | Erik Haas |
| Wan J. Kim | Peter W. Tomlinson |
| Gregory G. Rapawy | Henry J. Ricardo |
| Andrew C. Shen | PATTERSON BELKNAP WEBB & TYLER LLP |
| KELLOGG, HUBER, HANSEN, TODD, | 1133 Avenue of the Americas |
|   EVANS & FIGEL, P.L.L.C. | New York, NY 10036 |
| Sumner Square | Tel:  (212) 336-2000 |
| 1615 M Street, N.W., Suite 400 | Fax:  (212) 336-2222 |
| Washington, D.C. 20036 | ehaas@pbwt.com |
| Tel:  (202) 326-7900 | pwtomlinson@pbwt.com |
| Fax:  (202) 326-7999 | hjricardo@pbwt.com |
| dfrederick@khhte.com | |
| wkim@khhte.com | David H. Wollmuth |
| grapawy@khhte.com | Frederick R. Kessler |
| ashen@khhte.com | Steven S. Fitzgerald |
| | Ryan A. Kane |
| George A. Zelcs | WOLLMUTH MAHER & DEUTSCH LLP |
| KOREIN TILLERY LLC | 500 Fifth Avenue, 12th Floor |
| 205 North Michigan Avenue, Suite 1950 | New York, NY 10110 |
| Chicago, IL 60601 | Tel:  (212) 382-3300 |
| Tel:  (312) 641-9750 | Fax:  (212) 382-0050 |
| Fax:  (312) 641-9751 | dwollmuth@wmd-law.com |
| gzelcs@koreintillery.com | fkessler@wmd-law.com |
| | sfitzgerald@wmd-law.com |
| Stephen M. Tillery | rkane@wmd-law.com |
| Greg G. Gutzler | |
| Robert L. King | Norman E. Siegel (D. Kan. # 70354) |
| KOREIN TILLERY LLC | Rachel E. Schwartz (Kan. # 21782) |
| 505 North Seventh Street, Suite 3600 | STUEVE SIEGEL HANSON LLP |
| St. Louis, MO 63101 | 460 Nichols Road, Suite 200 |
| Tel:  (314) 241-4844 | Kansas City, MO 64112 |
| Fax:  (314) 241-3525 | Tel: (816) 714-7100 |
| stillery@koreintillery.com | Fax: (816) 714-7101 |
| ggutzler@koreintillery.com | siegel@stuevesiegel.com |
| rking@koreintillery.com | schwartz@stuevesiegel.com |

*Attorneys for Plaintiff National Credit Union Administration Board*

cc:     Counsel of Record (via ECF)