# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

JOHN W. WHITE
EVAN R. CHESLER
RICHARD LEVIN
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
ROBERT H. BARON
KEVIN J. GREHAN
C. ALLEN PARKER
SUSAN WEBSTER
DAVID MERCADO
ROWAN D. WILSON
CHRISTINE A. VARNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
JONATHAN L. DAVIS
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

OF COUNSEL
MICHAEL L. SCHLER

WRITER'S DIRECT DIAL NUMBER

(212) 474-1648

March 16, 2015

Re:  NCUA v. Credit Suisse Securities (USA) LLC, No. 13-cv-6736 (DLC) (S.D.N.Y.)
     NCUA v. Credit Suisse Securities (USA) LLC, No. 12-cv-2648 (JWL-JPO) (D. Kan.)


The Honorable Denise L. Cote
    United States District Court for the Southern District of New York
        Daniel Patrick Moynihan U.S. Courthouse
            500 Pearl Street
                New York, NY 10007

The Honorable George H. Wu
    United States District Court for the Central District of California
        312 North Spring Street
            Los Angeles, CA 90012

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
    United States District Court for the District of Kansas
        500 State Avenue
            Kansas City, KS 66101

Dear Judges Cote, Wu, Lungstrum and O'Hara:

       I write on behalf of Credit Suisse in response to NCUA's March 12, 2015 letter ("Ltr."), which asks the Courts to order Credit Suisse to provide additional written responses to NCUA's Interrogatories Nos. 1-7 ("Interrogatories").  NCUA's request should be denied.

       The Interrogatories, which seek voluminous loan-by-loan information concerning tens of thousands of loans backing the certificates at issue, are improper and objectionable.  (Ltr. Ex. B (S.D.N.Y. ECF No. 141-2); Ex. B at 1-2; Ex. D at 6.)  Among other deficiencies, the Interrogatories fail to comply with S.D.N.Y. Local Rule 33.3(b), which specifies that interrogatories may be used during discovery only "if they are a more practical method of obtaining the information sought than a request for production or a deposition".  NCUA's document requests already cover all of the information sought in the Interrogatories (and more).

       Despite the objectionable nature of the Interrogatories, Credit Suisse responded completely.  At NCUA's insistence, Credit Suisse searched for and exported hundreds of thousands of loan-level records from five Credit Suisse databases and produced relevant documentation and data dictionaries (Ex. A at 3-4; Ex. D at 2)—a process that took several months and significant expense.  In response to NCUA's Interrogatories seeking detailed loan-level information, Credit Suisse directed NCUA to specific loan-level records produced from those databases and, for certain interrogatories, also referred NCUA to responsive documents pursuant to Fed. R. Civ. P. 33(d).[1]  Over the past four months, Credit Suisse has addressed all of NCUA's database-related questions, and NCUA has not identified any deficiencies in Credit Suisse's database productions.[2]  (Ex. C at 4-5; Ex. D.)  NCUA's contentions that Credit Suisse's responses are nevertheless inadequate do not withstand scrutiny.

       *First*, NCUA contends that Credit Suisse is required to and should divide the cited database records and documents by securitization.  Rule 33(d) has no such requirement.  Moreover, the databases are organized by loan, not securitization.  (Ex. D at 4.)  Likewise, the documents Credit Suisse cites in its appendices for the most part are not tied to a specific security.

---

[1] Interrogatory No. 1 sought information about how loans in each security at issue were acquired.  Credit Suisse directed NCUA to database records produced from RPM, which contains loan-level information for Credit Suisse's loan inventory.  Interrogatories Nos. 2 and 3 sought information about loan-level due diligence Credit Suisse performed on loans.  Credit Suisse directed NCUA to loan-level due diligence records from LoanApprove (bulk loans) and CWS (conduit loans).  Credit Suisse also directed NCUA to documents concerning due diligence from its productions.  Credit Suisse is supplementing these responses today to cite additional documents, including some recently produced.  Interrogatories Nos. 4, 5 and 6 sought information about repurchase or putback requests made by Credit Suisse.  Credit Suisse directed NCUA to records from its "Putback System", or PBS, which contains loan-level information about loans subject to post-funding analysis, which can result in putbacks to the seller.  Interrogatory No. 7 sought information about loans that Credit Suisse replaced with substitute loans.  Credit Suisse directed NCUA to a small set of responsive documents concerning loan substitutions, as well as to RPM database records.

[2] Contrary to NCUA's contention, Credit Suisse never "admitted" that its responses are incomplete.  (Ltr. at 3.)  Rather, Credit Suisse made clear that its databases do not contain information concerning *every* loan that was securitized.  Unable to make up its mind, NCUA also complains, for the first time, that Credit Suisse's production of database records from RPM is *over*inclusive because it contains records relating to "twice the number of loans at issue in this litigation".  (*Id.*)  Again, NCUA is wrong.  Credit Suisse produced loan-level records from RPM only for loans that are from supporting loan groups at issue in these actions.

*Second*, NCUA's claim that it would bear a significantly greater burden than Credit Suisse in reviewing the relevant database information and documents is without basis. With respect to the databases, Credit Suisse produced the responsive records in the same structure in which they are maintained. (*Id.*)  Credit Suisse made clear that NCUA would need to work with a vendor to load and search the database records. (*Id.*)  Having apparently done so, NCUA can, with substantially similar burden as Credit Suisse, find the responsive database records for the loan-level information that NCUA seeks.[3]  Moreover, having received from Credit Suisse the precise database information it demanded, NCUA cannot now complain that Credit Suisse should reproduce that very same data in a different format. (Ex. B at 3.)

With respect to the documents to which Credit Suisse further has directed NCUA in response to NCUA's due diligence queries, although Credit Suisse's appendix of due diligence documents is necessarily voluminous to address the broad scope of the interrogatories that NCUA refused to tailor, the appendix helpfully identifies—from within Credit Suisse's production of more than two million documents—the approximately five percent of documents that relate to loan-level due diligence.  Searching within this set of diligence documents for specific material would be equally burdensome to Credit Suisse as NCUA.  NCUA tries to distinguish favorably Goldman Sachs's responses as comprising "783 documents . . . broke[n] out . . . , where applicable, by loan pool". (Ltr. at 2.)  Remarkably, NCUA fails to inform the Court that, in response to NCUA's requests, Credit Suisse provided a tailored supplemental list of around 200 due diligence pullthrough reports broken out by loan pool—which Credit Suisse identified by searching the documents cited in its appendix, just as NCUA could.[4]  (Ex. D at 5 & App'x.)

*Third*, NCUA contends that it cannot utilize the data "because the information contained in these files is incomplete and inconsistent from file to file". (Ltr. at 3.)  NCUA is wrong.  Credit Suisse's production—in which each database table was exported as structured data in a text file—matches industry standards.[5]  (Ex. D at 4.)  NCUA's complaint that each file of structured data is different is just a function of how relational databases are organized. (*Id.*)[6]

The Courts should deny NCUA's request that Credit Suisse supplement its already comprehensive responses to the objectionable Interrogatories.

---

[3] The unpublished order that NCUA cites requires that Rule 33(d) responses "be specific and designed to provide the requested information". *L.H. v. Schwarzenegger*, No. CIV S06-2042 LKK GGH, 2007 WL 2781132, at *2 (E.D. Cal. Sept. 21, 2007).  Credit Suisse's responses easily meet that standard.

[4] NCUA characterizes Credit Suisse's responses as "by far the most deficient" compared to other defendants.  To the contrary, Credit Suisse's responses are extraordinarily comprehensive.  Because, at NCUA's insistence, Credit Suisse has searched for and produced a comprehensive collection of loan-level database records, it is appropriate for Credit Suisse to respond by reference to responsive database records.

[5] *See The Sedona Conference Database Principles Addressing the Preservation & Production of Databases & Database Information in Civil Litigation*, 15 Sedona Conf. J. 171, 198 (2014) ("A common way to produce database information is through tables (i.e., rows and columns) of information, where each row represents a database record and each column represents a single data field.").

[6] NCUA's request for an order "preclud[ing]" Credit Suisse's experts from relying upon information or documents not disclosed in the "supplemental response" is inappropriate.  Credit Suisse is entitled to continue to supplement its responses as discovery progresses.  *See* Fed. R. Civ. P. 26(e).  NCUA's purported support for this contention—*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, MDL No. 1358, 2014 WL 494522, at *3 (S.D.N.Y. Feb. 6, 2014)—is inapposite. (*See* Ex. B at 3 n.3.)

        Respectfully,

        /s/ Lauren A. Moskowitz

        Lauren A. Moskowitz

BY EMAIL

Copy to:

All counsel of record

BY EMAIL