# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

JOHN W. WHITE
EVAN R. CHESLER
RICHARD LEVIN
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
ROBERT H. BARON
KEVIN J. GREHAN
C. ALLEN PARKER
SUSAN WEBSTER
DAVID MERCADO
ROWAN D. WILSON
CHRISTINE A. VARNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL

JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN

TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT

YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
JONATHAN L. DAVIS
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB

SPECIAL COUNSEL

SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

OF COUNSEL

MICHAEL L. SCHLER

WRITER'S DIRECT DIAL NUMBER

(212) 474-1648

March 17, 2015

Re:   NCUA v. Credit Suisse Securities (USA) LLC, No. 13-cv-6736 (DLC) (S.D.N.Y.)
      NCUA v. Credit Suisse Securities (USA) LLC, No. 12-cv-2648 (JWL-JPO) (D. Kan.)
      NCUA v. Morgan Stanley & Co., Inc., No. 13-cv-6705 (DLC) (S.D.N.Y.)


The Honorable Denise L. Cote
    United States District Court for the Southern District of New York
        Daniel Patrick Moynihan U.S. Courthouse
            500 Pearl Street
                New York, NY 10007

The Honorable George H. Wu
    United States District Court for the Central District of California
        312 North Spring Street
            Los Angeles, CA 90012

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
    United States District Court for the District of Kansas
        500 State Avenue
            Kansas City, KS 66101

Dear Judges Cote, Wu, Lungstrum and O'Hara:

       I write on behalf of Credit Suisse in response to NCUA's March 17, 2015 letter ("Ltr."), which asks the Courts to order Credit Suisse to provide certain additional disclosures in connection with Credit Suisse's February 20, 2015 disclosure pursuant to paragraph (k) of the Courts' April 9, 2014 Loan File Re-underwriting Protocol ("Re-underwriting Protocol") on a schedule proposed by NCUA.  NCUA's request should be denied as premature because the parties have not yet completed the meet and confer process expressly contemplated by paragraph (k), which provides that "the parties shall meet and confer regarding an appropriate schedule of disclosures.  If they are unable to agree upon a schedule, they shall present their competing proposals to the Coordination Judge".  (Re-underwriting Protocol ¶ k.)

       On February 20, 2015, pursuant to and on the schedule contemplated by paragraph (k) of the Re-underwriting Protocol, Credit Suisse notified NCUA that it intends to re-underwrite a set of Loan Files other than the NCUA Sampled Loans (*i.e.*, the loans within NCUA's samples across all of the coordinated NCUA actions, as defined in paragraph (a) of the Re-underwriting Protocol) for purposes of an expert report.  On March 3, 2015, pursuant to paragraph (k) of the Re-underwriting Protocol, the parties began to meet and confer regarding a schedule for further disclosures regarding the loans that were the subject of that February 20, 2015 disclosure.  During the parties' March 3, 2015 meet and confer, Credit Suisse stated that it did not intend to re-underwrite any loans other than those backing certificates at issue in the coordinated actions and that it likely would re-underwrite only a relatively small number of additional loans outside of the NCUA Sampled Loans.  (Ltr. App'x D (Credit Suisse's March 13, 2015 Letter).)  During that meet and confer, NCUA proposed that Credit Suisse disclose to NCUA by May 16, 2015 the loan files other than NCUA Sampled Loans it intends to re-underwrite and that, consistent with Section 11(a) of the April 9, 2014 Master Discovery Protocol, Credit Suisse would submit any affirmative expert reports regarding such re-underwriting by August 14, 2015.  (Ltr. App'x B (NCUA's March 5, 2015 Letter) at 2.)  NCUA proposed no other disclosures during the meet and confer.  (*Id.* at 2-3.)

       On Friday, March 13, 2015, at 4:02 p.m., as Credit Suisse was preparing to respond to NCUA's March 5, 2015 letter, NCUA emailed Credit Suisse and demanded that Credit Suisse provide "by Monday at 5 p.m.": "(1) the quantity of non-sampled loans it intends to re-underwrite; (2) the securitizations from which those loans will come; (3) how many of those loans will need to be subpoenaed, and how many Credit Suisse already has in its possession; and (4) how Credit Suisse has selected or will select the loans to be re-underwritten (that is, through sampling or some other method)".  (Ltr. App'x C.)  Credit Suisse responded later that same night stating that, although Credit Suisse was not in a position to provide the information NCUA requested immediately and did not understand the basis for certain of NCUA's requests, Credit Suisse was willing to meet and confer and that it would "provide the necessary information to NCUA according to a mutually agreed upon disclosure schedule".  (Ltr. App'x D at 3 & n.5.)  Credit Suisse further stated that it would "further consider the disclosure schedule proposed by NCUA in its March 3, 2015 letter and would respond to that proposal by separate letter".  (*Id.* at 4.)

       Inexplicably, this morning—before giving Credit Suisse a chance to provide the response to the May 16, 2015 schedule proposal and without even attempting to meet and confer

on the new requests sent on March 13, 2015—NCUA filed the present letter seeking relief from the Courts.  Credit Suisse respectfully submits that NCUA's request for relief is premature and that the parties would benefit from additional time to meet and confer on these topics.  Indeed, had NCUA given Credit Suisse the opportunity to respond, Credit Suisse would have agreed to the May 16, 2015 date for disclosing the individual loans that it intends to re-underwrite outside the NCUA Sampled Loans.  With respect to the additional disclosures NCUA now seeks, the parties *never* have met and conferred on that issue and Credit Suisse requests the opportunity to do so.  To the extent that the parties are unable to agree on a schedule after exhausting the meet and confer process, the parties then could submit competing proposals to the Court as contemplated by paragraph (k) of the Re-underwriting Protocol.

Respectfully,

/s/ Lauren A. Moskowitz

Lauren A. Moskowitz

BY EMAIL

Copy to:

All counsel of record

BY EMAIL