# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

333 South Hope Street
Los Angeles, California 90071

R. Alexander Pilmer
To Call Writer Directly:
(213) 680-8405
alex.pilmer@kirkland.com

(213) 680-8400

www.kirkland.com

Facsimile:
(213) 680-8500

March 30, 2015

Re:      *NCUA v. RBS Securities Inc.*, No. 13-6726 (S.D.N.Y.)
         *NCUA v. RBS Securities Inc.*, No. 11-5887 (C.D. Cal.)
         *NCUA v. RBS Securities Inc.*, No. 11-2649 (D. Kan.)
         *NCUA v. Morgan Stanley*, No. 13-6705 (S.D.N.Y.)

The Honorable Denise L. Cote
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

The Honorable George H. Wu
United States District Court for the
Central District of California
312 North Spring Street
Los Angeles, California 90012-4701

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the
District of Kansas
500 State Avenue, Suite 517
Kansas City, Kansas 66101

Beijing    Chicago    Hong Kong    Houston    London    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

## KIRKLAND & ELLIS LLP

Dear Judges Cote, Wu, Lungstrum, and O'Hara:

The Courts should deny NCUA's motion regarding RBS's disclosures under the Loan File Reunderwriting Protocol ("LFRP").

As an initial matter, although NCUA's motion fails to note it, the Courts already *rejected* NCUA's proposal that Defendants' disclosure schedule "mirror the schedule for NCUA's disclosures" such that RBS would need to "identify on or before May 16, 2015 the specific loans that will be the subject of its affirmative expert reports." Mot. at 3.  In its April 4, 2014 submission regarding the parties' dueling LFRP proposals, NCUA proposed that "[a]ny Defendant Group that intends to re-underwrite any Loan Files in an expert report also shall identify to NCUA each Loan File that it intends to re-underwrite at least five months before the due date for such expert report." ECF No. 91 at 7-8.[1]  The Courts did not adopt NCUA's position, instead ordering that the "at least five months before" deadline apply to NCUA, *not* Defendants.  *Id.*; ECF No. 179 at 3-4.  NCUA's motion—which seeks even greater relief—provides no good cause to revisit this ruling.

Indeed, it makes little sense for NCUA and RBS to have the same May 16, 2015 disclosure deadline because they are not similarly situated.  Focusing solely on burden, NCUA's sample in the RBS cases comprises approximately *8,800* loans, at least half of which it presumably intends to re-underwrite.  The May 16, 2015 disclosure deadline exists because two months is not sufficient time to rebut NCUA's loan-level findings for this number of loans.  And still, the deadline is of little comfort because RBS cannot rebut NCUA's loan-level findings until it actually receives NCUA's expert reports.  By contrast, RBS does not intend to reunderwrite anywhere near 4,400 (much less 8,800) loan files outside of NCUA's sample.  *See* ECF No. 206-1 (3/24/15 Email from J. Bhimani).  As RBS has explained to NCUA, the number of such loan files will very likely be less than *500*.  *Id.* Still, RBS offered to agree to an interim May 16, 2015 disclosure deadline in the event it decided by that date to reunderwrite 500 or more loan files outside of NCUA's sample.  *Id.*  Although it would have provided NCUA with nearly *ten times* the amount of time RBS will have under the current schedule, NCUA rejected this offer.  *Id.* (3/24/15 E-mails between J. Bhimani and M. Klenov).  NCUA's rejection of RBS's reasonable compromise is tantamount to a concession that the current expert disclosure schedule (which NCUA has refused to extend by as little as eight weeks) is unfairly prejudicial to RBS.  Indeed, if NCUA's time to conduct a rebuttal analysis was proportional to RBS's rebuttal period, NCUA would have just seven to fourteen days to complete its analysis (assuming RBS actually reunderwrites 500 loans outside of NCUA's sample).

NCUA's motion also seeks to impose on RBS a burden inconsistent with the Federal Rules of Civil Procedure and the burden of proof on issues relating to loan file reunderwriting.  RBS's expert disclosures are not due for over four months.  Discovery is still ongoing (as is RBS's analysis of that discovery), depositions have not yet commenced, and RBS is still (as it should be) considering and adjusting its legal strategy.  It is inappropriate to force RBS to reveal its evolving work product (i.e., "promptly disclose the universe of loans it intends to re-underwrite, the securitizations they will be drawn from, how those loans will be selected, and for what purpose") under pain of preclusion,

---

[1]   All ECF references are to *NCUA v. RBS Securities Inc.*, No. 13-6726 (S.D.N.Y.).

## KIRKLAND & ELLIS LLP

particularly where there will be no ostensible burden to NCUA if the parties operate under the default disclosure schedule.

Even more, put simply, RBS is not in a position to do what NCUA proposes.  Nor, as described above, should it have to be.  RBS does indeed presently intend to reunderwrite additional loans outside of NCUA's sample.  But its decisions as to the contours of that review, and how extensive it will be, have not yet been made.  And, contrary to NCUA's suggestion, this is not for lack of trying.  In addition to formulating expert strategy, RBS has devoted significant time and resources over the past year to completing the myriad tasks mandated under the schedule here including, among other things, reviewing and producing several million documents associated with RBS's searches of five-years' worth of data for seventy-plus custodians (including several in-house lawyers), and responding to NCUA's own loan file and guideline stipulation requests on a near-weekly basis.  Significantly, NCUA is the only party permitted to make stipulation requests under the LFRP.  *See* ECF No. 99 ¶¶ (e)-(f).  And RBS has responded to these requests at great time and expense, particularly because it has been forced to correct NCUA's mistakes in a substantial number of instances.  In light of the competing demands in this litigation, the limited number of loans RBS may reunderwrite outside of NCUA's sample, and the lack of any prejudice to NCUA in the absence of an early disclosure, the Courts should not impose an arbitrary disclosure deadline of May 16, 2015 on RBS.[2]

For the reasons described above, the Courts should deny NCUA's motion.  If the Courts are inclined to grant any relief, they should order at most that NCUA accept RBS's reasonable compromise position.  That position would require RBS to make a disclosure on May 16, 2015 if, but only if, it has determined by that date that it will reunderwrite more than 500 loans outside of NCUA's sample for purposes of an affirmative report.[3]

Very truly yours,

*/s/ R. Alexander Pilmer*

R. Alexander Pilmer

---

[2]   That other defendants have apparently taken a different position than RBS is irrelevant.  As RBS has previously explained, it is situated differently than other defendants because of the sheer number of loans and offerings at issue across RBS's three matters.

[3]   RBS would further agree to provide such a disclosure *after* May 16, 2015 if it makes its determination after that date, but before affirmative reports are due.  Likewise, while NCUA demands that RBS "promptly produce any [] loan files [to be reunderwritten by RBS] within RBS's possession, custody, or control," RBS has already confirmed it will not affirmatively reunderwrite any loan files not made equally-available to NCUA.  *See* ECF No. 206-1 (3/24/15 Email from J. Bhimani).