# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| James Whittemore, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| vs. ) | |
| ) | |
| National Credit Union Administration Board, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**NON-PARTY JAMES WHITTEMORE'S MOTION TO QUASH SUBPOENA AND FOR
A PROTECTIVE ORDER**

Non-party Mr. James Whittemore ("Mr. Whittemore") respectfully moves the Court
pursuant to Federal Rules of Civil Procedure 26(c) and 45(d) to enter a protective order and
quash in its entirety the Subpoena to Testify at a Deposition in a Civil Action, dated April 14,
2015 (the "Subpoena"), served by Plaintiff National Credit Union Administration Board, etc.
("NCUA" or "Plaintiff") in connection with *National Credit Union Administration Board v. RBS
Securities, Inc.*, 13-cv-6726 (S.D.N.Y.) and related actions (the "Underlying Action"), or, in the
alternative, for a protective order limiting the permissible topics about which Plaintiff can inquire
during the requested deposition to those not already covered in Mr. Whittemore's prior
testimony.  In support thereof, Mr. Whittemore submits his Memorandum In Support of Motion
to Quash Subpoena and for a Protective Order and states as follows:

1.      The Underlying Action alleges that the defendants underwrote and sold residential
mortgage-backed securities ("RMBS") pursuant to written materials (collectively, the "Offering
Documents") that Plaintiff alleges contained untrue statements of material fact or omitted
material facts.  Since the credit crisis in 2007, numerous similar lawsuits have been filed by other

plaintiffs, and the conduct of various financial institutions, including RBS Securities, Inc.,

("RBS"), has been the subject of multiple investigations by the Department of Justice and the

Securities and Exchange Commission.  In connection with these matters, since 2011, Mr.

Whittemore has testified four times, for a total of 5 days, recorded in 1,155 pages of transcripts

of prior testimony—all of which is available to Plaintiff in the Underlying Action.

2.      Mr. Whittemore is a non-party to the Underlying Action.  Mr. Whittemore is 67

years old and resides in West Chicago, Illinois.  He is currently self-employed as an underwriting

consultant, for which he is paid for his time by the hour.  From 2003 to 2009, he worked as a

credit officer at RBS.  In that role, Mr. Whittemore reviewed sample loan portfolios to make sure

they complied with the underwriting guidelines of lenders.

3.      On April 14, 2015, the Plaintiff in the Underlying Action issued a subpoena for

Mr. Whittemore to appear on May 12, 2015, for yet another deposition regarding the same topics

on which he has previously testified.

4.      Pursuant to Local Rule 37.2, counsel for Mr. Whittemore conferred with

Plaintiff's counsel on April 20, 2015 and explained that Mr. Whittemore had testified on four

previous occasions over five days during which he was subject to a searching inquiry and during

which he thoroughly testified regarding the issues relevant to the Underlying Action.  Mr.

Whittemore's prior testimony extensively covered Mr. Whittemore's employment background,

loan review due diligence procedure at RBS, appraisal processes, sampling, and third-party

vendors.  These are the very same topics on which Plaintiff's counsel seeks to depose Mr.

Whittemore in connection with the Underlying Action.  Moreover, Mr. Whittemore's counsel

informed Plaintiff's counsel that Mr. Whittemore is an older witness who has not been employed

by RBS since 2009, and is, thus, also unable to remember details related to the transactions at

issue in the Underlying Action.  There is no reason to believe that now, after additional time has

passed, Mr. Whittemore will recall anything not included in his previous testimony regarding

any of these topics.

5.      Mr. Whittemore has provided Plaintiff with transcripts of all of his prior

testimony on these matters, pursuant to the Master Discovery Protocol in the Underlying Action,

which dictates that Mr. Whittemore's prior testimony "shall be treated as if taken in the [NCUA]

Actions."  (Ex. 5, at ¶ 10(d).)  Thus, the NCUA has no need for further testimony and, in fact,

must "endeavor to *not* subject witnesses to the same questioning for which a transcript was

previously provided."  (*Id.* (emphasis added).)

6.      Mr. Whittemore's counsel requested that Plaintiff's counsel limit the duration of

Mr. Whittemore's deposition and limit the topics covered in the deposition to those that were not

raised in Mr. Whittemore's previous depositions and testimony, pursuant to the Master

Discovery Protocol.  Plaintiff's counsel rejected that offer.  The parties were, thus, unable to

reach an accord.

7.      As a result, Mr. Whittemore has brought this motion, because subjecting Mr.

Whittemore to yet another deposition on topics that have already been covered extensively in his

prior testimony, which is available to Plaintiff, is unnecessarily duplicative, cumulative, and

unduly burdensome.

8.      For these reasons, and for the reasons set forth in the accompanying

Memorandum in Support of Motion to Quash Subpoena and for a Protective Order, Mr.

Whittemore respectfully requests that this Court enter a protective order pursuant to Federal

Rules of Civil Procedure 45(d) and 26(c), and quash the Subpoena in its entirety, or, in the

alternative, enter a protective order pursuant to Federal Rule 26(c) requiring the NCUA to

identify in advance any topics it contends have not been covered in prior testimony, and limit the

deposition to those topics on which Mr. Whittemore has not previously given testimony.

     9.     A proposed Order has been attached as Exhibit 10 for the Court's convenience.


                                     Respectfully submitted,


                                By: /s/ Patrick E. Croke
                                   *Attorney for Plaintiff James Whittemore*

Dated: May 11, 2015

Patrick E. Croke
Jaya C. Gupta
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
pcroke@sidley.com
jaya.gupta@sidley.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 11, 2015, I electronically filed the foregoing Non-Party

James Whittemore's Motion to Quash Subpoena and for a Protective Order with the Clerk of

Court using the CM/ECF system, which will send notification of such filing to the following:

Michael J. McKenna
John K. Ianno
NATIONAL CREDIT UNION
ADMINISTRATION
1775 Duke Street
Alexandria, VA 22314

George A. Zelcs
KOREIN TILLERY LLC
205 N. Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel: (312) 641-9760
Fax: (312) 641-9751

Mark C. Hansen
David C. Frederick
Wan J. Kim
Gregory G. Rapawy
KELLOGG, HUBER, HANSEN, TODD,
EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999

David H. Wollmuth
Frederick R. Kessler
Steven S. Fitzgerald
Ryan A. Kane
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue, Suite 1200
New York, NY 10110
Tel: (212) 382-3300
Fax: (212) 382-0050
dwollmuth@wmd-law.com
fkessler@wmd-law.com
sfitzgerald@wmd-law.com
rkane@wmd-law.com

Stephen M. Tillery
Greg G. Gutzler
Richard M. Elias
Tamara M. Spicer
Steven M. Berezney
Michael E. Klenov
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101-1625
Tel: (314) 241-4844
Fax: (312) 241-3525

/s/ Patrick E. Croke
                    Patrick E. Croke