SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000

FAX: (212) 735-2000

**www.skadden.com**

DIRECT DIAL
(212) 735-7852
DIRECT FAX
(917) 777-7852
EMAIL ADDRESS
SCOTT.MUSOFF@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

May 20, 2015

**<u>Via ECF (S.D.N.Y. and D. Kan.) and E-mail (C.D. Cal.)</u>**

The Honorable Denise L. Cote
United States District Court for the
  Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the
  District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

The Honorable George H. Wu
United States District Court for the
  Central District of California
312 North Spring Street
Los Angeles, CA 90012

      Re:    *NCUA v. UBS Securities, LLC*, No. 12-cv-2591 (D. Kan.)
              *NCUA v. UBS Securities, LLC*, No. 13-cv-6731 (S.D.N.Y.)
              *NCUA v. Morgan Stanley & Co.*, No. 13-6705 (S.D.N.Y.) (Lead Case)

May 20, 2015
Page 2

Dear Judges Cote, Lungstrum, O'Hara and Wu:

 We write on behalf of UBS Securities LLC ("UBS") in response to NCUA's May 18, 2015 letter seeking a "complete response" to NCUA's Interrogatory No. 11.  As set forth below, UBS has already provided a "complete response" to the interrogatory as drafted, and remains willing to provide an amended response if NCUA agrees to limit the interrogatory's breadth. NCUA has refused to meet and confer in good faith and instead submitted its May 18 letter.

 Interrogatory No. 11 provides: "For each Specified Security, identify Your employees responsible for ensuring the accuracy of the statements set forth in Appendix A of the Second Amended Complaint in the SDNY action and Appendix C of the First Amended Complaint in the Kansas action and describe the principal and material efforts made by those employees to ensure the accuracy of those statements."  In response, UBS identified those employees responsive to this broad request by identifying (1) working group lists; (2) emails listing, on a securitization by securitization basis, those UBS employees to whom drafts of the offering documents were sent for review; and (3) testimony from the April 24, 2015 deposition of Michael Zentz, a former member of UBS's mortgage securitization team, who testified, among other things, that "[e]verybody who worked on the deal was responsible for trying to make the language appropriate when possible."  (Ex. 4 at 18-19 & Ex. D)

 On May 11, 2015, the parties engaged in a telephonic meet-and-confer.  During the meet-and-confer, counsel for UBS explained to counsel for NCUA that, given the breadth of Interrogatory No. 11 – which seeks all "[UBS] employees responsible for ensuring the accuracy" of the statements in the offering documents – UBS had no choice but to identify all those individuals who played a role in the deal process as each had some responsibility to ensure the accuracy of the statements in the offering documents.  Counsel for UBS explained, however, that if NCUA were to narrow the interrogatory – *e.g.*, by seeking the identification of the individuals responsible for drafting particular statements or who otherwise had responsibility for particular aspects of the diligence/offering process – UBS would endeavor to amend or supplement its response to Interrogatory No. 11.  Counsel for NCUA responded by stating that they would consider UBS's position.

 The next day, NCUA informed UBS that it believed the parties had reached an "impasse" and, on May 14, NCUA informed UBS that it planned to file a motion to compel.  (Ex. 2.)  UBS responded by once again offering that it "could endeavor to amend or provide additional information" if NCUA were to "revise or limit the interrogatory in some way."  (*Id.*)  The next day, NCUA responded by stating that "[i]f it is UBS's assertion that 'all departments and individuals who played a role in the diligence process' had a role in ensuring the accuracy of the statements in the [] offering documents, then for each security, it should list these departments and individuals and describe their principal and material efforts made by each such department or employee" and "this list should include *at a minimum*, the UBS individual(s) that reviewed the statements and approved those statements."  (*Id.* (emphasis added).)  This rendered the request even more burdensome and by including the "at a minimum" qualifier, NCUA did not narrow its overbroad request.  Accordingly, UBS did not agree to NCUA's proposal.

 As Judge Cote has held, "the Local Rules [for the Southern District of New York] reflect a preference for other forms of discovery, such as depositions and document requests."  *Erchonia*

May 20, 2015
Page 3

*Corp. v. Bissoon*, No. 07 Civ. 8696, 2011 WL 3904600, at *7 (S.D.N.Y. Aug. 26, 2011) (citing *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 n.2 (2d Cir. 2003)).  The provisions of Local Rule 33.3 "establish a policy that most discovery should be conducted through depositions and document requests, with interrogatories providing specific disclosures that are helpful at the beginning and end of discovery." *Erchonia Corp.*, 2011 WL 3904600, at *8.

Here, discovery has proceeded beyond its initial stages.  UBS has produced more than two million documents and NCUA has begun taking the ten UBS depositions it has been allocated.  Moreover, UBS has produced more than sixty transcripts of the depositions of its former employees from other RMBS cases.  Despite the foregoing, UBS has also provided robust responses to thirteen interrogatories, many with multiple subparts.[1]  In connection with these responses, UBS has repeatedly met-and-conferred with NCUA, often agreeing to provide additional information in an effort to avoid unnecessarily burdening the Courts – even where the additional information was equally obtainable by NCUA through searches of UBS's document production or where depositions would be more appropriate vehicles for obtaining the information.  NCUA does not and cannot assert that it needs the information in order to proceed with depositions.

Despite the foregoing, as set forth above, UBS has provided a "complete" response to Interrogatory No. 11 by identifying through documents all those individuals, including on a securitization by securitization basis, who took part in the process that ensured the accuracy of the statements in the offering documents.  And, as UBS has repeatedly told NCUA, it is willing to provide an amended and/or supplemental response to a narrowed version of Interrogatory No. 11.

For the foregoing reasons, UBS respectfully requests that the Courts deny NCUA's request that UBS provide a "complete response" to Interrogatory No. 11.

Respectfully submitted,

*/s/ Scott D. Musoff*

Scott D. Musoff

cc: All counsel of record (via ECF)

---

[1] Taking into account subparts, NCUA is over the 25 interrogatory limit set by the Master Discovery Protocol.  *See* MDP § 7(a).