KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

June 4, 2015

***Via ECF (S.D.N.Y. and C.D. Cal.) and Email (D. Kan.)***

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

The Honorable George H. Wu
United States District Court for the Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

Re:   *NCUA v. RBS Securities, Inc.*, No. 13-6726 (S.D.N.Y.)
      *NCUA v. RBS Securities, Inc.,* No. 11-5887 (C.D. Cal.)
      *NCUA v. RBS Securities, Inc.*, No. 11-2649 (D. Kan.)
      *NCUA v. Morgan Stanley & Co.,* No. 13-6705 (S.D.N.Y.) (Lead Case)

Judges Cote, Lungstrum, O'Hara, and Wu
June 4, 2015
Page 2

Dear Judges Cote, Lungstrum, O'Hara, and Wu:

      We write on behalf of NCUA, as liquidating agent, and former U.S. Central employee Connie Loveless to oppose RBS's June 3, 2015 request for further discovery concerning communications between Ms. Loveless and her attorneys (who are also counsel for NCUA)[1] about potential compensation for her time in this matter. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Even if she had received compensation, past communications with her attorneys are both privileged and irrelevant; only final compensation agreements are discoverable for potential use as impeachment for bias. RBS suggests (at 2 & n.1) this dispute does not involve the SDNY actions, but a ruling presumptively applies "in all actions," MDP § 2, and similar issues may arise as to other credit unions' former employees. Of the seven other defendants that participated in Ms. Loveless's deposition, none have joined RBS's motion.

    **1.**    Two weeks ago, Defendants deposed Ms. Loveless for two days. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[2] ▮▮▮▮▮▮▮▮▮▮[3] Aside from properly protecting privileged communications with counsel, NCUA did not prevent RBS from asking Ms. Loveless about her motives for initially seeking – and ultimately refusing – such compensation.

---

[1] As the Courts are aware, it is typical in litigation such as these coordinated actions for a party's counsel also to represent some witnesses, especially former employees. Most Defendants have similar arrangements with witnesses.

[2] If RBS believed those privilege objections were improper, RBS could have contacted the Courts to timely resolve that issue during the deposition of this former employee, as indicated in the Courts' May 13, 2015 Order (at 5).

[3] RBS notes (at 2) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Without disclosing any privileged communication, it is reasonable for a witness in Ms. Loveless's position – ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ – to take the issue off the table by refusing compensation. ▮▮▮▮▮▮▮.

  **2.** The instructions that Ms. Loveless not disclose the contents of communications between herself and her attorneys, including the proposal she had submitted to be paid consulting fees, were appropriate for two reasons. *First*, the proposal and related communications were privileged because Ms. Loveless solicited advice about the reasonableness and appropriateness of her proposed compensation.[4] That was prudent because such compensation is proper if certain legal standards are observed.[5] *Second*, the proposal was also work product because it was prepared by Ms. Loveless to assist NCUA with ongoing litigation. *See* Fed. R. Civ. P. 26(b)(3)(A) (work product protection includes "documents . . . prepared in anticipation of litigation or for trial by *or for* a[] party or its representative (including the . . . party's attorney . . .)") (emphasis added); *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) (a document is "deemed prepared 'in anticipation of litigation'" if it "can fairly be said to have been prepared or obtained *because of* the prospect of litigation") (citations omitted); *accord In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 908 (9th Cir. 2004). Ms. Loveless's proposal that NCUA compensate her as a consultant in this litigation meets that standard. Accordingly, counsel's instructions were appropriate to protect her privileged and protected communications, as well as to prevent any suggestion of a broader waiver.[6]

  Even if Ms. Loveless's communications with counsel were not privileged, they are simply irrelevant. It is undisputed that Ms. Loveless has never received (and will decline) compensation for her time in these matters. That exhausts any legitimate interest in such discovery. Even when a witness *is* being compensated, discovery into that compensation "should be tightly controlled . . . and limited to its purpose," *Cary Oil Co. v. MG Ref. & Mktg., Inc.*, 257 F. Supp. 2d 751, 757 (S.D.N.Y. 2003) (internal quotation marks omitted), to avoid collateral disputes. Even in a criminal case where the government uses a cooperating witness and a defendant is facing imprisonment, that defendant is still "entitled to only the final, operative plea agreement, proffer letter, or immunity agreement," not drafts or negotiations. *United States v. Miller*, 250 F.R.D. 588, 593 (D. Kan. 2008).[7] No more is required in civil cases. *E.g.*, *Goldstein v. Exxon Research & Eng'g Co.*, No. CIV. 95-2410, 1997 WL 580599, at *6 (D.N.J. Feb. 28, 1997) (sufficient to order "full disclosure of [the] consulting agreement" so that the other party can "disclose its contents to the jury" and "cross-examine [the witness] at trial"; such measures "accord[] full relief").[8] RBS cites no contrary authority. Certainly there is no need to produce Ms. Loveless's preliminary communications with attorneys here, where she has declined any compensation at all. RBS has all it needs to argue at trial (if it were relevant and admissible) that Ms. Loveless was somehow influenced by compensation that she never received.

---

[4] *See generally In re Grand Jury Subpoena to Kansas City Bd. of Pub. Utilities*, 246 F.R.D. 673, 678 (D. Kan. 2007) (O'Hara, J.) (elements of privilege); *see also United States v. Ghavami*, 882 F. Supp. 2d 532, 536 (S.D.N.Y. 2012) ("The privilege protects . . . information communicated by the client that provides a basis for giving advice.")

[5] A party may compensate a fact witness "for . . . time . . . lost in order to give testimony in the litigation, review documents produced in the litigation, and otherwise consult with [the party] and its counsel on matters related to the litigation," provided that the "amount of . . . compensation was reasonable." *Centennial Mgmt. Servs., Inc. v. Axa Re Vie*, 193 F.R.D. 671, 679 (D. Kan. 2000) (Lungstrum, J.); *see Ellison Educ. Equip., Inc. v. Chen,* No. SACV02-1184, 2004 WL 3154592, at *19 (C.D. Cal. Dec. 21, 2004) (consulting agreement including payment for time spent testifying not improper); *Prasad v. MML Investors Servs., Inc.*, No. 04 CIV. 380, 2004 WL 1151735, at *6 (S.D.N.Y. May 24, 2004) ("retent[ion]" of a "fact witness . . . to act as a litigation consultant . . . not, in and of itself," improper).

[6] *See IMC Chemicals, Inc. v. Niro Inc.*, No. CIV.A.98-2348, 2000 WL 1466495, at *14-15 (D. Kan. July 19, 2000) (attorney defending a deposition "must remain ever vigilant to timely assert a claim of privilege" to avoid waiver).

[7] *Accord United States v. Weaver*, 992 F. Supp. 2d 152, 158 (E.D.N.Y. 2014); *United States v. AU Optronics Corp.*, No. C 09-0110, 2011 WL 6778520, at *2 (N.D. Cal. Dec. 23, 2011).

[8] *See also Synopsys, Inc. v. Ricoh Co.*, No. C03-2289, 2006 WL 2458721, at *2 (N.D. Cal. Aug. 22, 2006).

/s/ David C. Frederick

| | |
|---|---|
| David C. Frederick | David H. Wollmuth |
| Wan J. Kim | Frederick R. Kessler |
| Gregory G. Rapawy | Steven S. Fitzgerald |
| Andrew C. Shen | Ryan A. Kane |
| KELLOGG, HUBER, HANSEN, TODD, | WOLLMUTH MAHER & DEUTSCH LLP |
|  EVANS & FIGEL, P.L.L.C. | 500 Fifth Avenue, 12th Floor |
| Sumner Square | New York, NY 10110 |
| 1615 M Street, N.W., Suite 400 | Tel: (212) 382-3300 |
| Washington, D.C. 20036 | Fax: (212) 382-0050 |
| Tel: (202) 326-7900 | dwollmuth@wmd-law.com |
| Fax: (202) 326-7999 | fkessler@wmd-law.com |
| dfrederick@khhte.com | sfitzgerald@wmd-law.com |
| wkim@khhte.com | rkane@wmd-law.com |
| grapawy@khhte.com | |
| ashen@khhte.com | Norman E. Siegel (D. Kan. # 70354) |
| | Rachel E. Schwartz (Kan. # 21782) |
| George A. Zelcs | STUEVE SIEGEL HANSON LLP |
| KOREIN TILLERY LLC | 460 Nichols Road, Suite 200 |
| 205 North Michigan Avenue, Suite 1950 | Kansas City, MO 64112 |
| Chicago, IL 60601 | Tel: (816) 714-7100 |
| Tel: (312) 641-9750 | Fax: (816) 714-7101 |
| Fax: (312) 641-9751 | siegel@stuevesiegel.com |
| gzelcs@koreintillery.com | **schwartz@stuevesiegel.com** |
| | |
| Stephen M. Tillery | Marc M. Seltzer (54534) |
| Greg G. Gutzler | Bryan Caforio (261265) |
| Robert L. King | SUSMAN GODFREY L.L.P. |
| KOREIN TILLERY LLC | 1901 Avenue of the Stars, Suite 950 |
| 505 North Seventh Street, Suite 3600 | Los Angeles, California 90067-6029 |
| St. Louis, MO 63101 | Telephone: (310) 789-3100 |
| Tel: (314) 241-4844 | Fax: (310) 789-3150 |
| Fax: (314) 241-3525 | mseltzer@susmangodfrey.com |
| stillery@koreintillery.com | |
| ggutzler@koreintillery.com | |
| rking@koreintillery.com | |

*Attorneys for Plaintiff National Credit Union Administration Board*