**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

R. Alexander Pilmer
To Call Writer Directly:
(213) 680-8405
alexander.pilmer@kirkland.com

333 South Hope Street
Los Angeles, California  90071

(213) 680-8400

www.kirkland.com

Facsimile:
(213) 680-8500

June 4, 2015

Re:   **Reply in Support of Motion to Compel the Production of Compensation Documents**

*NCUA v. RBS Securities Inc.*, No. 11-02649 (D. Kan.)
*NCUA v. RBS Securities Inc.*, No. 11-05887 (C.D. Cal.)
*NCUA v. Morgan Stanley & Co.*, No. 13-06705 (S.D.N.Y.)

The Honorable Denise L. Cote
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

The Honorable George H. Wu
United States District Court for the
Central District of California
312 North Spring Street
Los Angeles, California 90012-4701

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the
District of Kansas
500 State Avenue, Suite 517
Kansas City, Kansas 66101

## KIRKLAND & ELLIS LLP

Dear Judges Cote, Wu, Lungstrum, and O'Hara:

We write in reply in support of Defendants' letter motion for an order in the Kansas and California cases compelling discovery into Ms. Loveless's compensation.

***First***, we note that the NCUA's assertion that the motion was brought only by RBS and not joined by the other Defendants is both irrelevant and erroneous. All Defendants with pending U.S. Central claims join in the requested relief.

***Second***, as explained in the motion, Ms. Loveless's compensation is relevant to her credibility as a witness, especially in light of ▇▇▇▇▇ (*Compare* Ex. A at 251:6-20, 252:12-15 with *id.* at 378:6-9.) NCUA's contention that this ▇▇▇—in which the witness went from twice testifying that she ▇▇▇▇▇▇▇▇—somehow renders her agreement irrelevant, is meritless. NCUA argues that Defendants should simply take Ms. Loveless at her ▇▇▇▇▇, as well as her ▇▇▇▇▇. (*Id.* at 12:6-15.) But if Ms. Loveless did have an agreement regarding compensation, or if she "decides" post-resolution to accept money from the NCUA or its counsel for her testimony, Defendants will have suffered prejudice without recourse.[1]

***Third***, NCUA's view of the attorney-client privilege is overbroad.[2] NCUA claims Ms. Loveless was seeking legal advice when she—a former employee ▇▇▇▇▇ n ▇▇▇▇▇ and whom the NCUA had threatened to sue for gross negligence—▇▇▇▇▇. To the contrary, before being interrupted by counsel, Ms. Loveless made clear ▇▇▇▇▇. (*Id.* at 251:21-252:4) ("▇▇▇▇▇"). Negotiations with an attorney over compensation—especially the purported client's compensation—are not privileged, and NCUA cites no authority to the contrary.

---

[1] None of the cases cited in the NCUA's opposition stand for the proposition that witness fact compensation is not discoverable. *See, e.g., Cary Oil Co. v. MG Ref. & Mktg., Inc.,* 257 F. Supp. 2d 751, 757 (S.D.N.Y. 2003) (concerning *expert* witnesses, and *requiring* disclosure of the compensation agreement); *Goldstein v. Exxon Research & Eng'g Co.,* No. CIV. 95-2410, 1997 WL 580599, at *6 (D.N.J. Feb. 28, 1997) (*requiring* full disclosure of *consulting* agreement); *Synopsys, Inc. v. Ricoh Co.,* No. C03-2289, 2006 WL 2458721, at *1-2 (N.D. Cal. Aug. 22, 2006) (denying request for *expert* consulting agreement on *timeliness* grounds).

[2] Regarding work product, the NCUA cites cases stating only the uncontroversial rule that the work-product protection applies to materials prepared in anticipation of litigation. None supports the idea that a compensation agreement—let alone a demand for compensation—qualifies under this rule.

## KIRKLAND & ELLIS LLP

*Finally*, NCUA's assertion that "similar issues may arise as to other credit unions' former employees" suggests that it may have engaged in negotiations to pay other witnesses as well. This is a reason for *more* discovery, not less.

For the foregoing reasons and those stated in Defendants' letter motion, the motion to compel should be granted.

Very truly yours,

*/s/ R. Alexander Pilmer*

R. Alexander Pilmer