KOREIN TILLERY

*Attorneys at Law*

One U.S. Bank Plaza
505 North 7th Street, Suite 3600
St. Louis, MO  63101-1625

www.KoreinTillery.com

Stephen M. Tillery
STillery@KoreinTillery.com
*p: (314) 241-4844*
*f: (314) 241-3525*

June 11, 2015

**Via ECF (S.D.N.Y. and C.D. Cal.) and Email (D. Kan.)**

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

The Honorable George H. Wu
United States District Court for the Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

Re:   *NCUA v. RBS Securities, Inc.*, No. 13-6726 (S.D.N.Y.)
      *NCUA v. RBS Securities, Inc.,* No. 11-5887 (C.D. Cal.)
      *NCUA v. RBS Securities, Inc.*, No. 11-2340 (D. Kan.)
      *NCUA v. Morgan Stanley & Co.,* No. 13-6705 (S.D.N.Y) (Lead Case)

Dear Judges Cote, Lungstrum, Wu, and O'Hara:

We write on behalf of NCUA, as liquidating agent, to oppose former RBS employee James Whittemore's motion to quash NCUA's deposition subpoena, or, in the alternative, to limit the permissible deposition topics (the "Motion"). The relief Whittemore seeks is unwarranted in light of the broad scope and high stakes of NCUA's claims against RBS; the comparatively low burden of appearing for a seven-hour deposition; and the importance of Whittemore's testimony as RBS's former Chief Underwriter. NCUA respectfully requests that the Courts deny his Motion.

**1.** NCUA's lawsuits against RBS span three jurisdictions, involve more than thirty-five unique RMBS, and seek to recover losses on billions of dollars in RMBS purchases. The principal allegations underlying those claims are that RBS's offering documents misrepresented the true nature and quality of the mortgage loans backing the RMBS sold to the liquidated credit unions—most notably the loans' compliance with applicable underwriting guidelines. Whittemore was RBS's Senior Vice President and Chief Underwriter when all of the RMBS at issue were sold to the credit unions, and he is listed in RBS's initial disclosures as an individual likely to have relevant knowledge. In his role at RBS, "Whittemore reviewed sample loan portfolios to make sure they complied with the underwriting guidelines of lenders." Mtn. at ¶ 2 (ECF No. 317-1).[1] Whittemore thus had ultimate responsibility for ensuring that the loans backing the RMBS at issue complied with applicable underwriting guidelines, which was a key component of RBS's purported due diligence in verifying the accuracy of its offering documents.

Before serving its subpoena, on March 30, 2015, NCUA reached out to Whittemore's personal counsel to request a deposition date in early May that worked for Whittemore's schedule. *See* Ex. 1, 3/30/2015 Klenov Email to Merrill. After not receiving any proposed dates for over two weeks, NCUA served a subpoena for a deposition on May 12 in Chicago, close to where Whittemore resides. *See* ECF No. 317-3. Whittemore has been deposed in four other RMBS matters—two of which are SEC investigations—and RBS has produced those transcripts to NCUA under MDP § 10(d). Based on those prior depositions, Whittemore's counsel asked NCUA to (1) limit the duration of the deposition to less than seven hours, (2) limit the scope of the deposition to topics not previously covered, and (3) provide Whittemore's counsel with the anticipated lines of questioning ahead of time. *See* Ex. 2, 4/24/2015 Klenov Email to Crowell.[2] Because Whittemore's deposition was already limited to seven hours, and because his testimony is necessary for three cases covering dozens of unique RMBS, NCUA declined Whittemore's request to further curtail the deposition or to disclose the specific topics it intended to cover. *See* Ex. 2.

The night before the May 12 deposition, Whittemore filed this Motion relying largely on the language in MDP § 10(d) that "parties shall endeavor to not subject witness to the same questioning for which a transcript was previously provided." *See* Mtn. at ¶¶ 4-7. Whittemore also argued that in light of his previous testimony and his non-party status, any further questioning would "be duplicative, cumulative, and impose an undue burden." *See* Mem. at 2 (ECF No. 317-2). He requested that NCUA's subpoena be quashed, or, in the alternative, that NCUA be ordered to limit its questioning to topics not previously covered, as well as to disclose those topics in advance of the deposition. *Id.* at 2-3.

---

[1] All CM/ECF references are to the lead case of *NCUA v. Morgan Stanley & Co.,* No. 13-cv-6705.

[2] Similar demands were initially made by counsel for most other RBS witnesses, but were ultimately abandoned. *See, e.g.,* Ex. 3, Klenov and Watson Emails.

1

**2.** MDP § 10(d) does not support Whittemore's requested relief. By its terms, that provision requires the parties to "endeavor" (i.e., to make a good-faith effort) to avoid "the same questioning" (i.e., duplicative *lines* of questioning). The potential for disruption from an alternative interpretation—one focused on specific questions or documents—was confirmed when defendant Goldman misconstrued § 10(d) to authorize instructions not to answer. *See* ECF No. 290. Subsequently, the Courts ruled that the "endeavor" language in § 10(d) is not "a limitation ordered by the court" and cannot be used to avoid answering deposition questions. *Id.* at 3.[3] Whittemore cannot show that NCUA's subpoena to him was not issued in a good-faith attempt to obtain new testimony relevant to these coordinated actions, and he offers no reason why he should receive the benefit of a unique protective order that the Courts have already found unnecessary to protect other witnesses. There is also no basis, in MDP § 10(d) or elsewhere, for Whittemore's demand that NCUA disclose its anticipated lines of questioning ahead of time.

Whittemore likewise cannot establish the "undue burden" that is required to quash or modify NCUA's subpoena under Federal Rule of Civil Procedure 45(d)(3)(A)(iv). These coordinated actions are large and complex, and Whittemore played a key role in RBS's review of loan underwriting—a central issue in NCUA's claims and RBS's affirmative defense of due diligence. NCUA appreciates that there is an inconvenience for a former employee to appear for a deposition, which is why NCUA reached out to Whittemore's counsel on March 30 about scheduling a deposition near his home on a mutually agreeable date in May that was not disruptive to Whittemore's schedule. Whatever burden the deposition may impose, however, is far outweighed by the relevance of Whittemore's testimony as the Chief Underwriter of the mortgage loans that ended up backing the RMBS at issue in this multi-billion-dollar litigation. *See Pac. Century Int'l, Ltd. v. Does 1-37*, 282 F.R.D. 189, 200 (N.D. Ill. 2012) (burden must be assessed against the relevance and importance of testimony sought).

Whittemore's previous testimony in four unrelated RMBS matters does not change the analysis under Rule 45. NCUA did not participate in those lawsuits or depositions, and they involved only a fraction of the thirty-five RMBS at issue here. Whittemore's reliance (at 9-10) on *Robinson v. Morgan Stanley*—where the subpoena target was deposed twice in the *same* party's prior actions arising out of the *same* occurrence—is thus misplaced. *See* No. 06 C 5158, 2010 WL 1005736, at *1-2 (N.D. Ill. Mar. 17, 2010). In contrast to *Robinson*, NCUA seeks testimony for the first time concerning dozens of unique RMBS created over a span of three years. And unlike the non-party in *Robinson*, who was the defendant's outside consultant, Whittemore was a Senior Vice President at RBS.

Finally, Whittemore's status as a former employee who has previously testified in RMBS matters is not unique in these coordinated actions. Most of defendants' witnesses fit that description, and many have been deposed more than four times, including Whittemore's former subordinates. Yet only Whittemore has filed a motion claiming that he should not have to appear for a deposition in NCUA's cases.

Whittemore's motion should be denied. In light of the ten-week delay already caused by Whittemore's Motion, NCUA further respectfully requests that the Courts order him to appear for a full seven-hour deposition, without preconditions, before the July 17 discovery cut-off.

---

[3] When the Courts entered this order, NCUA forwarded it to Whittemore's counsel and requested that he withdraw his Motion or agree to transfer it to the Southern District of New York; Whittemore's counsel declined. *See* Ex. 4, 5/15/2015 Crowell Email to Klenov.

Respectfully submitted,

/s/ Stephen M. Tillery

David C. Frederick
Wan J. Kim
Gregory G. Rapawy
Andrew C. Shen
KELLOGG, HUBER, HANSEN, TODD,
 EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
dfrederick@khhte.com
wkim@khhte.com
grapawy@khhte.com
ashen@khhte.com

George A. Zelcs
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel: (312) 641-9750
Fax: (312) 641-9751
gzelcs@koreintillery.com

Stephen M. Tillery
Robert L. King
Michael E. Klenov
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Tel: (314) 241-4844
Fax: (314) 241-3525
stillery@koreintillery.com
rking@koreintillery.com
mklenov@koreintillery.com

David H. Wollmuth
Frederick R. Kessler
Steven S. Fitzgerald
Ryan A. Kane
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue, 12th Floor
New York, NY 10110
Tel: (212) 382-3300
Fax: (212) 382-0050
dwollmuth@wmd-law.com
fkessler@wmd-law.com
sfitzgerald@wmd-law.com
rkane@wmd-law.com

Norman E. Siegel (D. Kan. # 70354)
Rachel E. Schwartz (Kan. # 21782)
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
Fax: (816) 714-7101
siegel@stuevesiegel.com
schwartz@stuevesiegel.com

Marc M. Seltzer (54534)
Bryan Caforio (261265)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150
mseltzer@susmangodfrey.com
bcaforio@susmangodfrey.com

*Attorneys for Plaintiff National Credit Union Administration Board*

3