# EXHIBIT 4

# Klenov, Michael

| | |
|---|---|
| **From:** | Crowell, Nicholas P. [ncrowell@sidley.com] |
| **Sent:** | Friday, May 15, 2015 2:11 PM |
| **To:** | Klenov, Michael; Croke, Patrick; Gupta, Jaya |
| **Cc:** | EliasRich; SpicerTami |
| **Subject:** | RE: Whittemore Motion [KT-IWKT01.FID131696] |

Michael,

I disagree with your assessment of the order and our motion, and decline your request for withdrawal or consent to transfer.

Have a pleasant weekend.

---

**From:** Klenov, Michael
**Sent:** Thursday, May 14, 2015 01:55:45 PM
**To:** Crowell, Nicholas P.; Croke, Patrick; Gupta, Jaya
**Cc:** EliasRich; SpicerTami
**Subject:** RE: Whittemore Motion [KT-IWKT01.FID131696]

Nick,

I'm attaching a discovery order entered yesterday by the Courts presiding over NCUA's coordinated actions. The order resolved a dispute between NCUA and Goldman Sachs concerning MDP § 10(d), which is the basis of the motion to quash/motion for protective order you've filed on behalf of Mr. Whittemore. The order makes clear (at 3) that the "endeavor" language in § 10(d) is not "a limitation ordered by the court," and it thus cannot be used to instruct a witness not to answer NCUA's deposition questions—which is, in essence, both the premise of your motion and the relief you seek. We therefore request that you withdraw your motion and promptly provide deposition dates for Mr. Whittemore.

If you do not agree to withdraw your motion, then we request that you consent under Rule 45(f) to transfer this discovery dispute to SDNY. The MDP was adopted, and the Coordination Judge in SDNY was appointed, specifically to "avoid unnecessary conflicts and expense, conserve judicial resources, and secure the just, speedy, and inexpensive disposition of all Actions." MDP at p. 3. Accordingly, to prevent inconsistent discovery rulings, the MDP requires that "[a]ll discovery applications and disputes shall be brought to the Coordination Judge in the form of a two-page letter." *Id.* at § 2.

Your motion in the Northern District of Illinois advances an erroneous interpretation of MDP § 10(d), which has now been rejected by the Courts presiding of the NCUA Actions. By seeking to have a Northern District of Illinois judge adopt that erroneous interpretation, you are directly undermining the MDP's goal of avoiding unnecessary conflict and expense, conserving judicial resources, and avoiding inconsistent discovery rulings. These are "exceptional circumstances" that would justify the transfer of your motion to SDNY under Rule 45(f). If you do not consent, we will seek such a transfer on an expedited basis, along with any other appropriate relief.

Given the limited time remaining in the fact discovery period, I ask that you please respond by the close of business tomorrow with your client's position.

Thanks,

Michael

1

Michael Klenov
**Korein Tillery, LLC**

505 North 7th Street, Suite 3600

St. Louis, MO 63101

Office:  314-241-4844

Direct:  314-450-4098

---------------------------

This message is from a law firm and may contain privileged or confidential information for the sole use of the intended recipient(s). If you believe that you have received this email in error, please notify the sender immediately and delete it from your system. If you have received this email in error, you do not have permission to forward, print, copy or distribute or use the information in this message.

---------------------------


**From:** Crowell, Nicholas P. [mailto:ncrowell@sidley.com]
**Sent:** Tuesday, May 12, 2015 9:17 AM
**To:** Klenov, Michael
**Subject:** Whittemore Motion

FYI

**NICHOLAS P. CROWELL**
**Sidley Austin LLP**
+1.212.839.5449
ncrowell@sidley.com


*********************************************************************************
**********
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

*********************************************************************************
**********