

| | | | |
|---|---|---|---|
| SIDLEY AUSTIN LLP<br>ONE SOUTH DEARBORN STREET<br>CHICAGO, IL 60603<br>(312) 853 7000<br>(312) 853 7036 FAX | BEIJING<br>BOSTON<br>BRUSSELS<br>CHICAGO<br>DALLAS<br>GENEVA | HONG KONG<br>HOUSTON<br>LONDON<br>LOS ANGELES<br>NEW YORK<br>PALO ALTO | SAN FRANCISCO<br>SHANGHAI<br>SINGAPORE<br>SYDNEY<br>TOKYO<br>WASHINGTON, D.C. |
| ncrowell@sidley.com<br>(212) 839 5449 | FOUNDED 1866 | | |

June 15, 2015

**Via ECF (S.D.N.Y.) and Email (C.D. Cal. and D. Kan.)**

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable George H. Wu
United States District Court for the Central District of California
312 North Spring Street
Los Angeles, CA 90012

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

      Re:    *NCUA v. RBS Securities, Inc.*, No. 13-6726 (S.D.N.Y.)
              *NCUA v. RBS Securities, Inc.*, No. 11-5887 (C.D. Cal.)
              *NCUA v. RBS Securities, Inc.*, No. 11-2649 (D. Kan.)
              *NCUA v. Morgan Stanley & Co.*, No. 13-6705 (S.D.N.Y.) (Lead Case)

Dear Judges Cote, Wu, Lungstrum and O'Hara:

      I write on behalf of James Whittemore ("Mr. Whittemore"), a non-party to these actions, in further support of his Motion to Quash Subpoena and for a Protective Order ("Motion to Quash"), which seeks relief from a subpoena issued by the National Credit Union Administration Board ("NCUA") on April 14, 2015. As set forth in the Motion to Quash, Mr. Whittemore seeks relief pursuant to Federal Rules of Civil Procedure 26(c) and 45(d) because forcing him to sit for a *fifth* deposition would be cumulative, duplicative, and unduly burdensome in light of the fact that NCUA already has in its possession all the relevant testimony Mr. Whittemore has to provide.

      NCUA's response to Mr. Whittemore's Motion to Quash, which contains nothing more than a series of vague and unfounded assertions, clearly demonstrates that Mr. Whittemore's

**SIDLEY AUSTIN LLP**
**SIDLEY**

The Honorable Denise L. Cote
The Honorable George H. Wu
The Honorable John W. Lungstrum
The Honorable James P. O'Hara
June 15, 2015
Page 2

motion should be granted outright, or in the alternative, that a protective order should issue requiring NCUA to: (1) identify in advance of the deposition the topics on which it intends to question Mr. Whittemore; and (2) limit questioning to topics, if any, not covered in any of Mr. Whittemore's prior depositions. For example, NCUA asserts that Mr. Whittemore's prior testimony "involved *only a fraction of the thirty-five RMBS at issue here*," and that it seeks testimony on "*unique* RMBS," *i.e.*, those not previously covered. (Dkt. #328 at ¶ 2, 13-6705) (emphasis supplied). If these assertions are to be believed, NCUA easily should be able to identify in advance the "unique" RMBS on which it seeks Mr. Whittemore's testimony for a *fifth* time.

NCUA's steadfast refusal to identify the topics regarding which it seeks to question Mr. Whittemore is telling of its intent to burden Mr. Whittemore with questioning regarding topics about which he has already testified. The only conceivable reason for NCUA's obstinate refusal to identify *any* topics or RMBS in advance is because it does not want to expend the time or effort actually going through the process of identifying the topics or RMBS, if any, that have not been covered. Thus, to save *itself* the time and trouble, NCUA wants to unduly burden Mr. Whittemore, a non-party, by forcing him to sit for a *fifth* deposition and be questioned on the very same topics and RMBS on which he already has exhaustively testified. NCUA's refusal not only contravenes Federal Rules 26(c) and 45(d), which protect non-parties like Mr. Whittemore from undue burden, but also runs afoul of Master Discovery Protocol ("MDP") § 10(d).

NCUA cites to *Pacific Century Int'l, Ltd. v. John Does 1-37* for the proposition that under Rule 45(c), "[a]ny inquiry into whether a burden is undue requires a court to assess the benefit of the information to the requesting party, and thus the relevance of the subpoenaed information to the underlying case." 282 F.R.D. 189, 200 (N.D.Ill. 2012). As this Court is aware, the standard used to determine relevancy is whether the information sought "is reasonably calculated to lead to the discovery of admissible evidence." *Id*. at 194 (internal quotations omitted). NCUA has failed to make any showing, beyond its vague assertions, that it seeks relevant information beyond what was already covered in Mr. Whittemore's previous testimony. In fact, it has not even attempted to proffer an explanation of how or why Mr. Whittemore's four previous testimony transcripts are insufficient to provide whatever relevant information it seeks to pursue its claims or defenses.

Instead, NCUA asserts, in essence, that it is justified in subjecting Mr. Whittemore to a fifth deposition because "NCUA did not participate in those [prior] lawsuits or depositions," and thus "NCUA seeks testimony for the first time." (Dkt. #328 at ¶ 2, 13-6705). This argument fails because MDP § 10(d) mandates that all prior testimony "shall be treated as if taken in the



The Honorable Denise L. Cote
The Honorable George H. Wu
The Honorable John W. Lungstrum
The Honorable James P. O'Hara
June 15, 2015
Page 3


Actions." The fact that NCUA did not take any of the four prior depositions is irrelevant—it is still an undue burden on Mr. Whittemore to be questioned for a fifth time on the same topics when NCUA has made *no* showing whatsoever that it will ask Mr. Whittemore about matters not previously covered.

And, while Mr. Whittemore understands that MDP § 10(d) only states that NCUA must "endeavor to not subject witnesses to the same questioning," NCUA's refusal to identify even a *single* topic or a *single* RMBS not covered in Mr. Whittemore's prior testimony demonstrates that NCUA has *no intention* of even *trying* to comply with MDP § 10(d).

Unless NCUA can set forth topics or "unique RMBS," if any, that have not been covered in Mr. Whittemore's prior testimony, this Court should grant Mr. Whittemore's Motion to Quash. If this Court does permit Mr. Whittemore to be deposed for the full seven hours, this Court should issue a protective order affirmatively requiring NCUA not to duplicate questioning covered in Mr. Whittemore's prior testimony. In the event that NCUA does engage in duplicative questioning, it should be required to pay Mr. Whittemore for time spent away from his consulting job as well as attorney's fees.


Respectfully Submitted,

/s/ Nicholas P. Crowell

Nicholas P. Crowell
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Phone: (212) 839-5449
Fax: (212) 839-5599
ncrowell@sidley.com

*Counsel for Non-Party James Whittemore*