KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE

1615 M STREET, N.W.

SUITE 400

WASHINGTON, D.C. 20036-3209

———

(202) 326-7900

FACSIMILE:
(202) 326-7999

June 17, 2015

*Via ECF (S.D.N.Y. and C.D. Cal.) and Email (D. Kan.)*

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

The Honorable George H. Wu
United States District Court for the Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

    Re:    *NCUA v. UBS Securities LLC,* No. 12-2591 (D. Kan.)
                *NCUA v. UBS Securities LLC*, No. 13-6731 (S.D.N.Y.)
                *NCUA v. Credit Suisse Sec. (USA) LLC*, No. 12-2648 (D. Kan.)
                *NCUA v. Credit Suisse Sec. (USA) LLC*, No. 13-6736 (S.D.N.Y.)
                *NCUA v. Morgan Stanley & Co.*, No. 13-6705 (S.D.N.Y.) (Lead Case)

Judges Cote, Lungstrum, Wu, and O'Hara
June 17, 2015
Page 2

Dear Judges Cote, Lungstrum, O'Hara, and Wu:

We write on behalf of NCUA, as liquidating agent, regarding the appropriate schedule for the *Credit Suisse* and *UBS* actions in Kansas ("*CS* Kansas" and "*UBS* Kansas"). On May 27, 2015, Judge Lungstrum granted NCUA's motion to reinstate 10 certificates in *UBS* Kansas (in addition to the 12 pre-existing certificates), and 12 certificates in *CS* Kansas (in addition to the 8 pre-existing certificates). The parties have reached impasse on the appropriate schedules for the SDNY and Kansas actions following this decision. The parties have agreed to submit their respective positions to the Courts by noon on June 17, 2015, in a 3-page letter from each side (rather than two sets of 2-page letters).

**1.** NCUA's proposed schedules are contained in Exhibits A (proposed MDP schedule) and B (proposed LFRP schedule). In sum, NCUA proposes no changes to the MDP and LFRP schedules for Credit Suisse's and UBS's actions in SDNY. NCUA proposes certain changes to the schedules for these Defendants' actions in Kansas to accommodate the limited supplemental discovery discussed below for the reinstated Kansas certificates.

Supplemental document discovery: NCUA has obtained (and is obtaining) significant discovery in the pending actions regarding Credit Suisse's and UBS's policies and procedures for their RMBS diligence and securitization operations for the pre-existing certificates. NCUA needs to obtain similar discovery for the reinstated certificates in Kansas. It should take minimal effort for Credit Suisse and UBS to identify additional custodians and repositories for the reinstated certificates, and to run the previously agreed-upon search terms through the appropriate files to produce documents on or before August 14, 2015. In a similar situation, Barclays agreed to complete this production within two months. *See* ECF No. 301.[1] NCUA has already substantially completed its production of documents for all of the reinstated certificates.[2]

Supplemental deposition discovery: Should a party need a limited number of additional depositions related to the reinstated certificates only, NCUA proposes that the party request such depositions (or re-depositions upon a showing of good cause, *see* MDP § 10(c)) on or before September 11, 2015, four weeks after the substantial completion of supplemental document discovery. NCUA further proposes that supplemental fact discovery end on October 30, 2015, approximately two months after the substantial completion of supplemental document discovery, which will provide sufficient time to review the supplemental document productions and complete any supplemental fact depositions.

Supplemental LFRP discovery: NCUA proposes to amend the deadlines in the LFRP for the reinstated certificates in *CS* Kansas and *UBS* Kansas on essentially the same schedule as the 12 reinstated certificates in *Barclays* Kansas, but pushed back by approximately one month to reflect the later start to these cases. *Compare* Exh. B *with* ECF No. 301.

---

[1] All ECF references are from *NCUA v. Morgan Stanley & Co.*, No. 13-6705 (S.D.N.Y.), the lead SDNY action.

[2] On March 10, and again on May 22, NCUA asked Credit Suisse and UBS to provide certain search terms known only to them (*e.g.*, loan numbers for the loans supporting the reinstated certificates) for NCUA to finalize its production for the reinstated certificates. *See* Exh. C (3/10/15 Letter from A Shen); Exh. D (3/10/15 Letter from A. Hetherington); Exh. E (5/22/15 Letter from A. Shen). Credit Suisse did not provide an initial list of such terms until June 5, 2015; and UBS did not do so until June 11, 2015. Based on its past experience with such search terms, NCUA expects the volume of responsive documents to be quite small. *See also* Exh. F (3/5/15 Letter from D. Frederick).

Judges Cote, Lungstrum, Wu, and O'Hara
June 17, 2015
Page 3

   Expert Discovery:  NCUA's proposal to amend the current expert discovery schedule in *CS Kansas* and *UBS Kansas* similarly tracks the schedule for the reinstated certificates in *Barclays Kansas*, pushed back by approximately one month.  NCUA's proposed deadlines allow sufficient time to obtain loan files and underwriting guidelines, to engage in the LFRP stipulation process, and to re-underwrite those loan files for the reinstated certificates.[3]  Because there are no efficiencies to issuing separate expert reports for the pre-existing certificates in *CS Kansas* and *UBS Kansas* under the existing MDP deadlines (beginning on August 14, 2015), and supplemental expert reports for the reinstated certificates thereafter, NCUA's proposal for expert disclosures applies to the entirety of the *CS Kansas* and *UBS Kansas* actions.

   Summary Judgment Motions:  NCUA proposes a separate schedule for summary judgment motions in *CS Kansas* and *UBS Kansas* following the close of expert discovery, with moving papers due on August 12, 2016, and motions fully submitted by September 30, 2016.

   **2.**  Credit Suisse's and UBS's proposal to move the entire schedule for their SDNY actions to match the new schedule in Kansas for the reinstated certificates is unnecessary and inefficient.[4]  No certificates have been added to the SDNY actions.  Discovery in those cases has been underway for more than a year, and is on track to be completed under the current MDP schedule.  There is no reason to derail those schedules because 12 and 10 certificates have been added to the 8 and 12 pre-existing certificates in *CS Kansas* and *UBS Kansas*, respectively.

   During meet-and-confer discussions regarding the parties' proposed schedules, Credit Suisse and UBS have raised only two reasons why their actions in SDNY should be delayed based on the reinstated certificates in the Kansas actions.  *First*, Credit Suisse and UBS have argued that, because NCUA may seek to re-depose one or more of the witnesses already deposed by NCUA in their existing actions, discovery in their SDNY actions must be extended to match discovery in their Kansas actions.[5]  But any such deposition will be limited to the reinstated Kansas certificates.  NCUA further will agree to limit any re-depositions to 3 (or fewer) witnesses in each action for no more than 4 hours per deposition.  It would be inefficient to delay the entire *CS* SDNY and *UBS* SDNY actions because a handful of witnesses may be re-deposed regarding the reinstated certificates.

   *Second*, Credit Suisse and UBS have argued that submitting expert reports in both the Kansas and SDNY actions at the same time may result in efficiencies, but have not identified what those

---

[3] As the Courts have noted, in the *RBS* actions "[i]t took approximately four months . . . to reach the point where 80% of the loan files had been gathered"; after approximately five months "roughly 90% of the files had been collected."  ECF No. 280 at 3.  Given the process of obtaining LFRP stipulations and completing re-underwriting, NCUA believes that nine months will be necessary to complete this process for the reinstated certificates.

[4] UBS's proposed schedule is attached as Exh. G.  Credit Suisse's proposed schedule is attached as Exh. H.  Two clarifications are necessary.  *First*, UBS informed NCUA yesterday afternoon that it also would be amenable to Credit Suisse's proposed schedule.  *Second*, the proposed schedule Credit Suisse provided to NCUA includes a footnote concerning Credit Suisse's affirmative expert report on loss causation, but Credit Suisse has stated that it does not intend to raise any issues related to that footnote in this briefing regarding the appropriate schedules for these actions.

[5] UBS and Credit Suisse have complained that NCUA should not have deposed these witnesses.  But both Defendants had vigorously opposed NCUA's motion to reinstate the certificates in Kansas, and NCUA had deadlines it was required to meet under the MDP.  NCUA could not have ignored those deadlines – and failed to pursue discovery on the pre-existing certificates in the SDNY and Kansas cases – while its reconsideration motion was pending.

efficiencies might be. Although NCUA will discuss in good faith ways to consolidate the depositions of certain experts – and believes such consolidation may be appropriate – MDP § 11(d) presumes that "[e]xpert reports shall be produced separately in each Action." Whatever the efficiencies Defendants have alluded to might be, they do not outweigh the inefficiencies caused by substantially delaying the SDNY actions. *See also* ECF No. 301 (establishing different schedules for expert reports in *Barclays* Kansas and *Barclays* SDNY).

The schedules proposed by Credit Suisse and UBS for the reinstated certificates are also unrealistic. For example, UBS proposed that the expert reports for the reinstated certificates be due on November 13, 2015 – just five months from now. *See* Exh. G. As noted above, the Courts have observed that it can take five months simply to obtain a sufficient number of loan files. *See also* LFRP at 2 ("[T]he re-underwriting of loans underlying the securitizations will be a time-consuming, expensive, and necessary component of the discovery process in the Actions.").[6] The schedule proposed by Credit Suisse is also unrealistic: it proposes that the parties will submit affirmative expert reports in seven months – nine months less than the time provided in the original MDP, and two months less than the deadlines set forth in the *Barclays* Stipulation and Order. This proposed schedule would render it virtually impossible to complete the stipulation process contemplated by the LFRP prior to submitting expert re-underwriting reports. *See* LFRP §§ (e), (f) (providing 21 days for a Defendant to respond to a proposed stipulation from NCUA, and an additional 21 days for NCUA to respond to that Defendant's proposals).

Finally, there is no basis for Credit Suisse and UBS to seek to extend the fact discovery deadline of July 17, 2015, for anything but the reinstated certificates. Even as to those, NCUA produced substantial discovery regarding the reinstated certificates months ago, and Defendants already have questioned credit union witnesses about certain reinstated certificates during depositions. To the extent Credit Suisse and UBS can show good cause for additional depositions regarding the reinstated certificates after the close of fact discovery as to the pre-existing certificates, NCUA's proposal permits them to seek such depositions from the Courts on the same terms as NCUA may request additional depositions. Notably, Barclays – which had as many certificates reinstated in Kansas (12) as Credit Suisse (12), and more than UBS (10) – has stipulated that discovery as to NCUA closes on July 17, 2015. ECF No. 301 at ¶ 3 ("There will be no change to the existing deadline of July 17, 2015, for the end of fact discovery from plaintiff NCUA. As that discovery is being coordinated across all actions and all Defendants, and as NCUA has produced documents relating to the reinstated certificates in March and April 2015, the deposition of plaintiff's witnesses for all of the certificates in *Barclays* SDNY and *Barclays* Kansas shall take place under the existing schedule.").

---

[6] While UBS's proposed schedule significantly lessens the timeframe for NCUA to prepare its expert re-underwriting reports, it provides UBS *more* time to submit rebuttal expert reports – an additional month – than the roughly two-month period provided for in the MDP, the Barclays Stipulation and Order, and Credit Suisse's proposed schedule.

Respectfully submitted,

/s/   David C. Frederick

| | |
|---|---|
| David C. Frederick | Erik Haas |
| Wan J. Kim | Peter W. Tomlinson |
| Gregory G. Rapawy | Philip R. Forlenza |
| Andrew C. Shen | Henry J. Ricardo |
| KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C. | PATTERSON BELKNAP WEBB & TYLER LLP |
| Sumner Square | 1133 Avenue of the Americas |
| 1615 M Street, N.W., Suite 400 | New York, NY 10036 |
| Washington, D.C. 20036 | Tel:  (212) 336-2000 |
| Tel:  (202) 326-7900 | Fax:  (212) 336-2222 |
| Fax:  (202) 326-7999 | ehaas@pbwt.com |
| dfrederick@khhte.com | pwtomlinson@pbwt.com |
| wkim@khhte.com | prforlenza@pbwt.com |
| grapawy@khhte.com | hjricardo@pbwt.com |
| ashen@khhte.com | |
| | David H. Wollmuth |
| George A. Zelcs | Frederick R. Kessler |
| KOREIN TILLERY LLC | Steven S. Fitzgerald |
| 205 North Michigan Avenue, Suite 1950 | Ryan A. Kane |
| Chicago, IL 60601 | WOLLMUTH MAHER & DEUTSCH LLP |
| Tel:  (312) 641-9750 | 500 Fifth Avenue, 12th Floor |
| Fax:  (312) 641-9751 | New York, NY 10110 |
| gzelcs@koreintillery.com | Tel:  (212) 382-3300 |
| | Fax:  (212) 382-0050 |
| Stephen M. Tillery | dwollmuth@wmd-law.com |
| Robert L. King | fkessler@wmd-law.com |
| KOREIN TILLERY LLC | sfitzgerald@wmd-law.com |
| 505 North Seventh Street, Suite 3600 | rkane@wmd-law.com |
| St. Louis, MO 63101 | |
| Tel:  (314) 241-4844 | Norman E. Siegel (D. Kan. # 70354) |
| Fax:  (314) 241-3525 | Rachel E. Schwartz (Kan. # 21782) |
| stillery@koreintillery.com | STUEVE SIEGEL HANSON LLP |
| ggutzler@koreintillery.com | 460 Nichols Road, Suite 200 |
| rking@koreintillery.com | Kansas City, MO 64112 |
| | Tel: (816) 714-7100 |
| | Fax: (816) 714-7101 |
| | siegel@stuevesiegel.com |
| | schwartz@stuevesiegel.com |

*Attorneys for Plaintiff National Credit Union Administration Board*

cc:     Counsel of Record (via ECF or Email)