# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1648

WRITER'S EMAIL ADDRESS
lmoskowitz@cravath.com

| | | |
|---|---|---|
| JOHN W. WHITE | ANDREW W. NEEDHAM | KARIN A. DEMASI | BENJAMIN GRUENSTEIN |
| EVAN R. CHESLER | STEPHEN L. BURNS | LIZABETHANN R. EISEN | JOSEPH D. ZAVAGLIA |
| KRIS F. HEINZELMAN | KEITH R. HUMMEL | DAVID S. FINKELSTEIN | STEPHEN M. KESSING |
| B. ROBBINS KIESSLING | DAVID J. KAPPOS | DAVID GREENWALD | LAUREN A. MOSKOWITZ |
| ROGER D. TURNER | DANIEL SLIFKIN | RACHEL G. SKAISTIS | DAVID J. PERKINS |
| PHILIP A. GELSTON | ROBERT I. TOWNSEND, III | PAUL H. ZUMBRO | JOHNNY G. SKUMPIJA |
| RORY O. MILLSON | WILLIAM J. WHELAN, III | JOEL F. HEROLD | J. LEONARD TETI, II |
| RICHARD W. CLARY | SCOTT A. BARSHAY | ERIC W. HILFERS | D. SCOTT BENNETT |
| WILLIAM P. ROGERS, JR. | PHILIP J. BOECKMAN | GEORGE F. SCHOEN | TING S. CHEN |
| JAMES D. COOPER | ROGER G. BROOKS | ERIK R. TAVZEL | CHRISTOPHER K. FARGO |
| STEPHEN L. GORDON | WILLIAM V. FOGG | CRAIG F. ARCELLA | KENNETH C. HALCOM |
| DANIEL L. MOSLEY | FAIZA J. SAEED | TEENA-ANN V. SANKOORIKAL | DAVID M. STUART |
| ROBERT H. BARON | RICHARD J. STARK | ANDREW R. THOMPSON | JONATHAN L. DAVIS |
| KEVIN J. GREHAN | THOMAS E. DUNN | DAMIEN R. ZOUBEK | AARON M. GRUBER |
| C. ALLEN PARKER | MARK I. GREENE | LAUREN ANGELILLI | O. KEITH HALLAM, III |
| SUSAN WEBSTER | DAVID R. MARRIOTT | TATIANA LAPUSHCHIK | OMID H. NASAB |
| DAVID MERCADO | MICHAEL A. PASKIN | ERIC L. SCHIELE | |
| ROWAN D. WILSON | ANDREW J. PITTS | ALYSSA K. CAPLES | SPECIAL COUNSEL |
| CHRISTINE A. VARNEY | MICHAEL T. REYNOLDS | JENNIFER S. CONWAY | |
| PETER T. BARBUR | ANTONY L. RYAN | MINH VAN NGO | SAMUEL C. BUTLER |
| SANDRA C. GOLDSTEIN | GEORGE E. ZOBITZ | KEVIN J. ORSINI | GEORGE J. GILLESPIE, III |
| THOMAS G. RAFFERTY | GEORGE A. STEPHANAKIS | MATTHEW MORREALE | |
| MICHAEL S. GOLDMAN | DARIN P. MCATEE | JOHN D. BURETTA | OF COUNSEL |
| RICHARD HALL | GARY A. BORNSTEIN | J. WESLEY EARNHARDT | |
| JULIE A. NORTH | TIMOTHY G. CAMERON | YONATAN EVEN | MICHAEL L. SCHLER |

June 17, 2015

Re: NCUA v. Credit Suisse Securities (USA) LLC, No. 13-cv-6736 (DLC) (S.D.N.Y.)
    NCUA v. Credit Suisse Securities (USA) LLC, No. 12-cv-2648 (JWL-JPO) (D. Kan.)
    NCUA v. UBS Securities LLC, No. 13-cv-6731 (DLC) (S.D.N.Y.)
    NCUA v. UBS Securities LLC, No. 12-cv-2591 (JWL-JPO) (D. Kan.)
    NCUA v. Morgan Stanley & Co., Inc., No. 13-cv-6705 (DLC) (S.D.N.Y.)

The Honorable Denise L. Cote
    United States District Court for the Southern District of New York
        Daniel Patrick Moynihan U.S. Courthouse
            500 Pearl Street
                New York, NY 10007

The Honorable George H. Wu
    United States District Court for the Central District of California
        312 North Spring Street
            Los Angeles, CA 90012

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
    United States District Court for the District of Kansas
        500 State Avenue
            Kansas City, KS 66101

Dear Judges Cote, Wu, Lungstrum and O'Hara:

       I write on behalf of Credit Suisse and UBS concerning a dispute with NCUA regarding the case schedule for the Credit Suisse and UBS Kansas and New York actions.[1] Specifically, Credit Suisse and UBS request that the Courts adopt their proposed schedule that would have their Kansas and New York actions continue to proceed on the same case schedules, and oppose NCUA's proposal to put their Kansas and New York actions on different tracks.

       The main premise of the Master Discovery Protocol ("MDP") is coordination of the various NCUA actions. Accordingly, the MDP states that "pretrial proceedings in all Actions should be coordinated to avoid unnecessary conflicts and expense, conserve judicial resources and secure the just, speedy, and inexpensive disposition of all Actions" to "promote the efficient management of the Actions". (MDP at 3.) NCUA's scheduling proposal to Credit Suisse and UBS following Judge Lungstrum's decision granting a motion to reconsider the dismissal of claims against Credit Suisse as to 12 certificates and against UBS as to 10 certificates[2] turns the MDP on its head by seeking two different schedules for Credit Suisse's and UBS's New York and Kansas actions. NCUA's proposed schedule calls for two distinct and non-overlapping fact deposition periods, expert report deadlines, expert deposition periods and summary judgment deadlines. (Chart of (i) NCUA's and (ii) Credit Suisse's and UBS's Scheduling Proposals (App'x A).)

       One of the most important principles underlying the MDP is the one-deposition rule, to ensure that "any deponent is deposed once".[3] Accordingly, the MDP provides that "[n]o fact deponent shall be required to be deposed more than once across all of the Actions, except by agreement of the parties or a judicial Order". (MDP ¶ 10(c).) NCUA, however, takes the position that the reinstatement of certificates in Kansas allows NCUA to re-depose Credit Suisse and UBS witnesses as to those certificates.[4] This position is untenable. First, as to the four depositions of Credit Suisse witnesses and four depositions of UBS witnesses that already have taken place, NCUA noticed these depositions while its motions for reconsideration were pending. Credit Suisse and UBS repeatedly made clear that each witness would be produced only once, but NCUA nevertheless chose to proceed with those depositions knowing that Credit Suisse and UBS would produce additional documents if NCUA's reconsideration motion was granted.[5] Second, as to the additional depositions NCUA has requested, NCUA is insisting that

---

   [1] NCUA, Credit Suisse and UBS have agreed to present their respective positions concerning this dispute to the Courts through simultaneous submission today at noon Eastern Time of letters not to exceed three pages, with Credit Suisse and UBS submitting a single, joint letter. Pursuant to that agreement, Credit Suisse and UBS have submitted this letter. NCUA, Credit Suisse and UBS have agreed that there will be no replies.

   [2] Memorandum and Order, *NCUA v. UBS Securities LLC*, No. 12-2591 (JWL-JPO) (D. Kan. May 27, 2015) (ECF No. 268).

   [3] Mar. 11, 2014 Hr'g Tr. 37:21, *NCUA v. Morgan Stanley & Co., Inc.*, No. 13-cv-6705 (DLC) (S.D.N.Y.) (ECF No. 79).

   [4] *E.g.*, June 9, 2015 Email from NCUA to Credit Suisse (App'x B).

   [5] When NCUA first raised the prospect of second depositions in light of its reconsideration motion, Credit Suisse offered to defer depositions until the reconsideration motion was decided, which NCUA

those go forward on the current MDP schedule while simultaneously asserting the purported right to call those witnesses back a second time in the Kansas actions once it receives supplemental document productions from Credit Suisse and UBS (which will be substantially complete by August 14, 2015 under the schedules proposed by NCUA as well as Credit Suisse and UBS). There is no good reason why depositions of Credit Suisse and UBS witnesses in the New York actions cannot wait until Credit Suisse and UBS have completed their supplemental document productions in less than two months.

Ultimately, NCUA's proposal to put discovery in the Kansas and New York actions on different tracks will achieve little more than to allow NCUA a second bite at the apple with Credit Suisse and UBS witnesses. This is not only inefficient and wasteful, it is unfair to those witnesses and should be rejected. Indeed, NCUA's insistence that fact discovery in the Credit Suisse and UBS New York actions remain on the existing MDP schedule cannot be squared with NCUA's agreement to an extended schedule in the Barclays New York action that already has been so ordered by the Courts. That schedule provides for a *single* extended fact discovery date across both the Barclays New York and Barclays Kansas actions for completion of document discovery and depositions by NCUA.[6]

NCUA's proposed schedule also would create inefficiencies in connection with expert discovery and summary judgment. Under NCUA's proposal, NCUA, Credit Suisse and UBS will have to submit one round of expert reports in New York and then another round on a separate, later track in Kansas. NCUA's two-track schedule also appears to contemplate that both sides' experts would sit for two separate depositions in the New York and Kansas actions. NCUA's proposal would be wasteful and costly for all parties, and again potentially will allow NCUA two bites at the apple. Likewise, requiring NCUA, Credit Suisse and UBS to brief summary judgment issues on two separate tracks is burdensome and inefficient. Under the Master Protective Order entered in the coordinated actions, all discovery is deemed produced in all actions, but NCUA would have motions in the Credit Suisse and UBS New York actions filed before the record is closed in the Credit Suisse and UBS Kansas actions.[7]

To preserve the efficiencies contemplated by the MDP, Credit Suisse and UBS have proposed a single schedule for their actions that provides for orderly completion of fact

---

refused. (*See* Mar. 20, 2015 Ltr. from Credit Suisse to NCUA at 3 (App'x C).) Credit Suisse and UBS made clear that if NCUA decided to proceed with depositions, they would not make their witnesses available twice. (Apr. 14, 2015 Ltr. from Credit Suisse to NCUA at 2 (App'x D); May 28, 2015 Email from UBS to NCUA (App'x E).) If NCUA seeks to depose any of Credit Suisse's or UBS's witnesses a second time, that defendant will seek relief from the Courts.

[6] *See* Stipulation and Order Regarding the Schedule for the Barclays Actions, *NCUA v. Barclays Capital, Inc.*, No. 13-cv-06727 (DLC) (May 22, 2015) (ECF No. 164).

[7] The fact that the schedule in the Barclays Kansas action provides for expert discovery and submission of summary judgment briefs on a different track than the schedule in the Barclays New York action provides no basis to require the Credit Suisse and UBS Kansas and New York actions to follow different tracks. In the Barclays actions, separate tracks were necessary because the September 2016 deadline in Kansas for submission of summary judgment briefs to which the parties agreed was incompatible with the June and September 2016 trial dates in New York. By contrast, Credit Suisse and UBS have proposed a unified schedule that is consistent with a September 2016 trial date in New York.

discovery, expert discovery and summary judgment briefing, while preserving the ability for Credit Suisse and UBS to be included in the tranche two trial date in New York.[8] (App'x A.) (No trial dates have yet been set in Kansas.) Under this proposal, fact discovery in the Credit Suisse and UBS actions in Kansas and New York would close on September 30, 2015, following substantial completion of the supplemental document productions on August 14, 2015. In other words, NCUA could take the Credit Suisse and UBS depositions that it has not yet taken during the month-and-a-half window following completion of document production and avoid altogether any dispute about "re-depositions". Under the Credit Suisse and UBS proposal, expert discovery across both actions would take place at the same time and would close on May 12, 2016. Finally, NCUA, Credit Suisse and UBS would brief summary judgment motions simultaneously across the Credit Suisse and UBS actions and all such motions would be fully submitted by August 4, 2016, well in advance of September 2016 tranche two trials in New York.[9]

Credit Suisse and UBS respectfully request that the Courts enter an order adopting their proposed schedule for the New York and Kansas actions, as set forth in Appendix A.

Respectfully,

/s/ Lauren A. Moskowitz

Lauren A. Moskowitz

Encls.

BY ECF AND EMAIL

Copy w/encls. to:

All counsel of record

BY ECF AND EMAIL

---

[8] It is Credit Suisse's understanding that Judge Cote previously had contemplated that Credit Suisse would be in tranche two (*see* Mar. 11, 2014, Hr'g Tr. 38:4-39:4, *NCUA v. Morgan Stanley*), but in any event, the developments regarding reconsideration and resulting scheduling issues make both Credit Suisse and UBS appropriate candidates for tranche two.

[9] The schedule proposed by Credit Suisse and UBS in Appendix A also references a separate issue—whether reunderwriting analysis in support of loss causation reports in the Kansas actions should be due on the affirmative or rebuttal expert disclosure deadline. For the reasons set forth in the separate letter submitted today addressing that issue, which Credit Suisse and UBS incorporate by reference herein, that analysis should be submitted on the rebuttal expert disclosure deadline.