# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| R. Alexander Pilmer<br>To Call Writer Directly:<br>(213) 680-8405<br>alex.pilmer@kirkland.com | 333 South Hope Street<br>Los Angeles, California  90071<br><br>(213) 680-8400<br><br>www.kirkland.com | Facsimile:<br>(213) 680-8500 |

June 18, 2015

Re: **Letter Joining UBS's and Credit Suisse's Motion Regarding Case Schedule**
*NCUA v. Morgan Stanley & Co. Inc. et al.*, No. 13-6705 (S.D.N.Y.)
*NCUA v. Morgan Stanley & Co. Inc. et al.*, No. 13-2418 (D. Kan.)
*NCUA v. RBS Securities Inc. et al.*, No. 13-6726 (S.D.N.Y.)
*NCUA v. RBS Securities Inc. et al.*, No. 11-2340 (D. Kan.)
*NCUA v. RBS Securities Inc. et al.*, No. 11-5887 (C.D. Cal.)
*NCUA v. Goldman, Sachs & Co. et al.*, No. 11-6521 (C.D. Cal.)
*NCUA v. Goldman, Sachs & Co. et al.*, No. 13-6721 (S.D.N.Y.)
*NCUA v. Wachovia Capital Markets, LLC et al.*, No. 11-2649 (D. Kan.)
*NCUA v. Wachovia Capital Markets, LLC et al.*, No. 13-6719 (S.D.N.Y.)

The Honorable Denise L. Cote
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

The Honorable George H. Wu
United States District Court for the
Central District of California
312 North Spring Street
Los Angeles, California 90012-4701

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the
District of Kansas
500 State Avenue, Suite 517
Kansas City, Kansas 66101

KIRKLAND & ELLIS LLP

Dear Judges Cote, Wu, Lungstrum, and O'Hara:

I write on behalf of RBS, Nomura, NovaStar, Wachovia, Morgan Stanley, and Goldman (collectively, the "Joining Defendants") to join in the motion filed by Credit Suisse and UBS on June 17, 2015 regarding the case schedules for the Credit Suisse and UBS Kansas and New York actions. (ECF No. 333.)[1] Specifically, the Joining Defendants request that the Courts modify the schedules in each of their respective cases to be consistent with the schedule proposed by Credit Suisse and UBS in their motion, other than with respect to the deadlines under the Loan File Reunderwriting Protocol.[2]

Alternatively, if the Courts deny Credit Suisse's and UBS's motion, and grant NCUA's proposed schedule (*see* ECF No. 332), RBS, Nomura, NovaStar, and Wachovia[3] request that the Courts modify the current schedules in the California and Kansas actions to be consistent with the revised schedule that will be set—at NCUA's request—in Credit Suisse's and UBS's actions in Kansas.[4]

Having been coordinated with all of the other defendants for over a year at NCUA's request, the Joining Defendants do not believe there should be disparate schedules at this late date across these coordinated actions. While no certificates have been resurrected in the Joining Defendants' actions, the same rationale adopted by the Courts for coordination exists now as when the schedule originally was ordered. RBS and Nomura, for example, have at least one offering at issue that overlaps with UBS—NAAC 2006-AR4—which is at issue in the California action for all three defendants. And RBS also now has an overlap with Credit Suisse for the SAST 2006–3 offering, at issue for both defendants in the Kansas action.

Further, Barclays and NCUA have already agreed to a modified schedule in Barclays's actions in New York and Kansas. (ECF No. 301.) That schedule contains dates for Barclays's Kansas action that are similar to those that Credit Suisse and UBS have requested, including a fact

---

[1] Unless otherwise noted, ECF references are to *NCUA v. Morgan Stanley & Co. et al.*, No. 13-6705 (S.D.N.Y.).

[2] Because there are no previously-dismissed certificates in the Joining Defendants' actions that are being resurrected as a result of the Courts' May 27, 2015 Order, there is no reason for any extension of the deadlines under the Loan File Reunderwriting Protocol. (*NCUA v. UBS Securities, LLC*, No. 12-2591-JWL-JPO, ECF No. 268 (D. Kan. May 27, 2015).)

[3] Goldman and Morgan Stanley do not join in this alternative request. Morgan Stanley does not join because its remaining securitization at issue in Kansas, MSM 2006 13-ARX, is also at issue in the New York action, and it would not make sense for the two Morgan Stanley actions involving the same securitization to proceed on different tracks.

[4] In the event NCUA's scheduling proposal is adopted in Credit Suisse's and UBS's actions, NCUA faces no prejudice if similar schedules are entered in RBS's, Nomura's, NovaStar's, and Wachovia's actions in California and Kansas, as no trial dates have been set there (other than a March 2017 deadline by which all trials should be completed). (ECF No. 101 ¶ 13(c).)

KIRKLAND & ELLIS LLP

discovery cutoff of September 30, 2015, opening expert reports in early 2016, and a summary judgment deadline shortly after Credit Suisse's and UBS's proposed date. (*Id.* at Ex. A.) The deadlines in Barclays's New York action were also extended. (*Id.*)

As Credit Suisse and UBS explain in their motion, the goal of the Master Discovery Protocol was coordination. NCUA espoused these goals when advocating for the Master Discovery Protocol's entry. (ECF No. 86 at 3 ("[T]his Court should enter NCUA's Proposed Master Discovery Protocol [] which yields substantial efficiencies through coordinated discovery . . . ."); *id.* ("Substantial coordination of party discovery is appropriate."); *id.* ("NCUA has consistently argued for broad coordination . . . .").) These coordination goals, with which the Courts agreed, would be frustrated in the absence of continued coordinated schedules. If the Defendants choose to submit joint expert reports on issues common across the cases, for example, they should not be effectively precluded from doing so as a result of disparate schedules, particularly where Defendants have, to date, attempted to limit duplication and coordinate discovery efforts at NCUA's insistence.

Very truly yours,

*/s/ R. Alexander Pilmer*

R. Alexander Pilmer