KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE

1615 M STREET, N.W.

SUITE 400

WASHINGTON, D.C. 20036-3209

———

(202) 326-7900

FACSIMILE:
(202) 326-7999

June 22, 2015

*Via ECF (S.D.N.Y. and C.D. Cal.) and Email (D. Kan.)*

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

The Honorable George H. Wu
United States District Court for the Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

   Re:  *NCUA v. Morgan Stanley & Co.*, No. 13-6705 (S.D.N.Y.), and related actions

Judges Cote, Lungstrum, Wu, and O'Hara
June 22, 2015
Page 2

Dear Judges Cote, Lungstrum, Wu, and O'Hara:

      We write on behalf of NCUA, as liquidating agent, regarding the June 17, 2015 letter from Defendants, ECF No. 334,[1] purporting to "seek clarification" regarding the disclosure deadline in the Master Discovery Protocol, ECF No. 101 ("MDP") for loss causation expert reports, and to have the Courts "confirm" that the deadline is the same as for rebuttal reports. The MDP contains no ambiguity: the loss causation reports – like all other affirmative expert reports – are unambiguously due on August 14, 2015. Thus, despite their assertion (at 1) that they "do not seek any extensions of the expert discovery schedule," Defendants are asking for a change in the existing MDP. They have not shown good cause for that change, and their request should be denied.

      **1.**    Defendants' request for clarification should be rejected because the MDP is already clear. It provides that "expert reports by the party bearing the burden of proof on an issue" must be submitted on August 14. MDP § 11(a). Loss causation is an affirmative defense under the federal Securities Act, and Defendants concede (at 1) that they "bear the burden of proof" on it.[2] Accordingly, any loss causation reports must be submitted by August 14. At least one Defendant has already acknowledged this,[3] and Defendants collectively offer no authority to support their assertion that their loss causation reports are "more properly viewed as 'rebuttal' reports." The Courts have already emphasized that "any request to deviate from the [MDP] must be supported by a showing of good cause," ECF No. 123 at 3 (citing MDP § 1), and have refused to let Defendants avoid this requirement by pretending there is ambiguity where none exists. *See id.* at 3 (denying Defendants' request for clarification that prior-served interrogatories do not count against Defendants' joint limits in the MDP because the MDP already clearly addresses this issue).

      Defendants assert (at 2) that their loss causation experts' reports "*may* involve re-underwriting of NCUA sampled loans" (emphasis added), and argue that this possibility entitles them to take advantage of the later deadline in § 11(c) that applies, "[i]f Defendants have re-underwritten the NCUA sampled loans," to "any expert reports regarding that re-underwriting." Section 11(c) plainly does not contemplate that Defendants may unilaterally extend the § 11(a) deadlines merely by suggesting that they might prefer their experts to refer to NCUA's expert re-underwriting reports before those experts issue their own reports on an issue for which Defendants bear the burden of proof. Instead, § 11(c) makes clear that Defendants' *reunderwriting experts*, when they submit their reports *in rebuttal* to NCUA's affirmative case, may report on their reunderwriting of NCUA sampled loans no later than October 16.[4]

      **2.**    Defendants also fail to show good cause to modify the MDP. As an initial matter, they do not make any argument that could not have been made when the MDP (and its companion

---

[1] All ECF references are from *NCUA v. Morgan Stanley & Co.*, No. 13-6705 (S.D.N.Y.), the lead SDNY action.

[2] That concession is unavoidable; the federal statutes clearly place the burden on Defendants. *See* 15 U.S.C. § 77k(e) (defense available "if the defendant proves" no loss causation); 15 U.S.C. § 77*l*(b) (same defense "if the person who offered or sold [the] security proves" no loss causation); *see also, e.g., In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35-36 (2d Cir. 2009) ("[U]nder the '33 Act, it is the defendant who bears the burden of demonstrating that something other than the misstatement at issue caused plaintiff's loss."). The Courts need not now address whether Defendants can assert loss causation defenses to NCUA's claims under the California or Kansas blue sky laws (NCUA contends they cannot).

[3] *See* Exh. A at 2 (letter from counsel for Credit Suisse: "Under the Master Discovery Protocol, . . . Credit Suisse's loss causation report . . . [is] due on August 14, 2015.").

[4] By contrast, Defendants must reunderwrite non-sampled loans by August 14. *See* MDP § 11(b).

Judges Cote, Lungstrum, Wu, and O'Hara
June 22, 2015
Page 3

order, the Loan File Reunderwriting Protocol, ECF No. 100 ("LFRP")) were first considered by the Courts. Defendants knew they had potential loss causation defenses by that point, having raised them in their various answers to NCUA's complaints. If they had wanted to argue for a special delayed schedule for loss causation reports, nothing prevented them from timely raising such arguments. The Courts have held that Defendants' failure to raise an argument available at the time that the MDP and LFRP were under consideration is sufficient reason to reject that argument, *see* ECF No. 241, at 4, and should do so again here. Defendants have further shown lack of diligence by bringing their present arguments to the Courts nearly three months after they first raised them with NCUA.[5]

Defendants' arguments are unpersuasive as well as untimely. *First*, Defendants are wrong that their loss causation experts need to review NCUA's affirmative reunderwriting expert reports before preparing their reports. Defendants have known which loans are in NCUA's samples since April 18, 2014; and have known which sampled loans NCUA intended to reunderwrite since May 16, 2015, when NCUA disclosed them pursuant to LFRP § (j). Defendants acknowledge that they must reunderwrite a group of loans themselves to obtain a usable "control group" for their loss causation analysis. *See FHFA v. Nomura Holding Am., Inc.*, No. 11-6201 (DLC), 2015 WL 539489, at *11 (S.D.N.Y. Feb. 10, 2015). There is no need for their experts to see NCUA's reports first.

Defendants suggest (at 2) that they would prefer to give their loss causation experts a group of loans "where there is no dispute as to the quality of the loans." That means merely that Defendants perceive a strategic advantage in seeing NCUA's liability case before preparing their loss causation defenses. Such an argument could be made for any affirmative defense for which Defendants bear the burden of proof, and so cannot be good cause for a change in the schedule. Defendants do not (and cannot) contend that they are now missing any information they need to identify a set of NCUA sampled loans that (in their experts' opinion) contain no material defects, to be used as the sort of control group they describe.

*Second*, Defendants are also wrong that their loss causation experts need to see NCUA's damages expert reports before preparing reports that "respond" to the damages reports. Defendants' burden on loss causation is to prove that some portion of NCUA's damages is not attributable to the misstatements or omissions NCUA has alleged. Defendants can do that without NCUA's affirmative damages report, which will simply provide the precise amount of damages claimed. The statutory formulas for damages are already known to Defendants, and NCUA has already provided extensive discovery about the facts that will go into those formulas.

**3.** If the Courts permit Defendants to submit their loss causation expert reports on the rebuttal date in October (which NCUA opposes), NCUA respectfully requests that the Courts adjust the schedule for rebuttal and reply loss causation reports accordingly. NCUA is currently scheduled to receive two months to respond to Defendants' affirmative expert reports, but only one month to reply to Defendants' rebuttal reports. It would be unfair to *extend* the time for Defendants to file an affirmative report – with data-heavy analyses that require time to understand and rebut – and then *halve* NCUA's time to rebut that same report. NCUA accordingly asks that any adjustment to Defendants' loss causation report deadlines also include an adjustment that gives NCUA the same two-month response period it currently has under the MDP.

---

[5] *See* Exh. B at 2 (letter from NCUA to Credit Suisse dated March 23, 2015, memorializing discussion on March 19); Exh. C (e-mail from NCUA to UBS dated March 19, 2015, memorializing discussion on same day).

Judges Cote, Lungstrum, Wu, and O'Hara
June 22, 2015
Page 4

Respectfully submitted,

/s/   David C. Frederick

| | |
|---|---|
| David C. Frederick | Erik Haas |
| Wan J. Kim | Peter W. Tomlinson |
| Gregory G. Rapawy | Philip R. Forlenza |
| Andrew C. Shen | Henry J. Ricardo |
| KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C. | PATTERSON BELKNAP WEBB & TYLER LLP |
| Sumner Square | 1133 Avenue of the Americas |
| 1615 M Street, N.W., Suite 400 | New York, NY 10036 |
| Washington, D.C. 20036 | Tel:  (212) 336-2000 |
| Tel:  (202) 326-7900 | Fax:  (212) 336-2222 |
| Fax:  (202) 326-7999 | ehaas@pbwt.com |
| dfrederick@khhte.com | pwtomlinson@pbwt.com |
| wkim@khhte.com | prforlenza@pbwt.com |
| grapawy@khhte.com | hjricardo@pbwt.com |
| ashen@khhte.com | |
| | David H. Wollmuth |
| George A. Zelcs | Frederick R. Kessler |
| KOREIN TILLERY LLC | Steven S. Fitzgerald |
| 205 North Michigan Avenue, Suite 1950 | Ryan A. Kane |
| Chicago, IL 60601 | WOLLMUTH MAHER & DEUTSCH LLP |
| Tel:  (312) 641-9750 | 500 Fifth Avenue, 12th Floor |
| Fax:  (312) 641-9751 | New York, NY 10110 |
| gzelcs@koreintillery.com | Tel:  (212) 382-3300 |
| | Fax:  (212) 382-0050 |
| | dwollmuth@wmd-law.com |
| Stephen M. Tillery | fkessler@wmd-law.com |
| Robert L. King | sfitzgerald@wmd-law.com |
| KOREIN TILLERY LLC | rkane@wmd-law.com |
| 505 North Seventh Street, Suite 3600 | |
| St. Louis, MO 63101 | Norman E. Siegel (D. Kan. # 70354) |
| Tel:  (314) 241-4844 | Rachel E. Schwartz (Kan. # 21782) |
| Fax:  (314) 241-3525 | STUEVE SIEGEL HANSON LLP |
| stillery@koreintillery.com | 460 Nichols Road, Suite 200 |
| ggutzler@koreintillery.com | Kansas City, MO 64112 |
| rking@koreintillery.com | Tel: (816) 714-7100 |
| | Fax: (816) 714-7101 |
| | siegel@stuevesiegel.com |
| | schwartz@stuevesiegel.com |

*Attorneys for Plaintiff National Credit Union Administration Board*

cc:     Counsel of Record (via ECF or Email)