KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209
————
(202) 326-7900
FACSIMILE:
(202) 326-7999

August 12, 2015

*Via ECF (S.D.N.Y. and C.D. Cal.) and Email (D. Kan.)*

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

The Honorable George H. Wu
United States District Court for the Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

Re:   *NCUA v. Credit Suisse Sec. (USA) LLC*, No. 13-cv-6736 (S.D.N.Y.)
      *NCUA v. Credit Suisse Sec. (USA) LLC*, No. 12-cv-2648 (D. Kan.)
      *NCUA v. Morgan Stanley & Co.*, No. 13-6705 (S.D.N.Y) (Lead Case)

Judges Cote, Lungstrum, O'Hara, and Wu
August 12, 2015
Page 2

Dear Judges Cote, Lungstrum, O'Hara, and Wu:

We write on behalf of NCUA, as liquidating agent, to request that the Courts order Credit Suisse to timely answer NCUA's interrogatories as they pertain to the 12 certificates that were reinstated by Judge Lungstrum on May 27, 2015. Credit Suisse has refused to answer most of NCUA's interrogatories until October 14, 2015 – months after these interrogatories were served, and just two weeks prior to the close of supplemental fact discovery for the Reinstated Certificates.

1.      Pursuant to section 7(a) of the Master Discovery Protocol, NCUA has served on Credit Suisse six sets of interrogatories, containing 25 total interrogatories. These interrogatories seek information regarding the specific RMBS certificates at issue in these actions, such as the due diligence Credit Suisse performed as to each Certificate. *E.g.*, NCUA's First Set of Interrogatories to the Credit Suisse Defendant Group at 3 (Exh. A) (defining "Specified Securities" to include "those Securities identified in the complaint(s) for which NCUA has pending claims."). None of Credit Suisse's responses to date provide any information specific to the 12 certificates originally dismissed from the *Credit Suisse* Kansas case.

On May 27, 2015, Judge Lungstrum reinstated those 12 certificates into these coordinated actions involving Credit Suisse. *Credit Suisse* Kansas ECF No. 255. There is no dispute that Credit Suisse needs to answer NCUA's interrogatories with information for those Reinstated Certificates.[1] For interrogatories NCUA served prior to May 27, those responses were due on June 29 (33 days after Judge Lungstrum's May 27 ruling). *See* Fed. R. Civ. P. 33(b)(2), 6(d). For interrogatories NCUA served after May 27, those responses were due 33 days after service. *Id.* NCUA served its final set of interrogatories on June 8, making Credit Suisse's responses due July 13. To date, however, Credit Suisse has not provided any responsive information to any of NCUA's interrogatories for the Reinstated Certificates – even the ones due on July 13. Credit Suisse instead asserted as a general objection to those interrogatories that it would respond with regard to the Reinstated Certificates by October 30, 2015.

In an attempt to avoid bringing this dispute unnecessarily to the Courts, NCUA offered Credit Suisse several extensions to provide this information.[2] On July 13, 2015, NCUA proposed that Credit Suisse's time to respond to NCUA's interrogatories with regard to the Reinstated Certificates be extended until July 31, 2015. *See* E-mail from A. Hetherington to L. Moskowitz (July 13, 2015) (Exh. E). During a meet and confer discussion on July 21, NCUA proposed a further extension until August 14. Credit Suisse declined these proposals. It has offered to provide a

---

[1] *See* Letter from A. Hetherington to L. Moskowitz (Mar. 10, 2015) (Exh. B) (formally requesting that Credit Suisse respond to NCUA's previously-served discovery requests as they pertain to the Reinstated Certificates); Letter from L. Moskowitz to J. Ward at 2 (July 8, 2015) (Exh. C) ("Credit Suisse confirms that it plans to supplement its document production and interrogatory responses to provide information relevant to these certificates consistent with the parties' agreements concerning the scope of the requests and the manner in which Credit Suisse would answer them.").

[2] NCUA has provided numerous courtesy extensions in the past totaling several months, including for interrogatories Credit Suisse was ordered to answer within 14 days. *See, e.g.,* Order at 3 (Mar. 16, 2015) (ECF No. 257) ("Credit Suisse shall respond to NCUA's First Set of Interrogatories within 14 days by providing the information in the form requested by each interrogatory"); E-mail from B. Diessel to J. Ward (Mar. 26, 2015) (Exh. D) (memorializing additional extensions provided by NCUA following the 3/16/15 Order); Stipulation and Order Concerning Credit Suisse's Interrogatory Responses (Mar. 27, 2015) (ECF No. 277) (entering stipulation to extensions). (Unless otherwise noted, ECF citations refer to *NCUA v. Morgan Stanley & Co.*, No. 13-6705 (S.D.N.Y.).)

Judges Cote, Lungstrum, O'Hara, and Wu
August 12, 2015
Page 3

handful of responses by August 14, a few more by August 31, and the vast majority – 18 out of 25 – only by October 14.  *See* Letter from B. Diessel to A. Hetherington (July 27, 2015) (Exh. F).

On August 7, 2015 – after reaching an agreement with Defendant UBS to provide all of its responses to NCUA's substantially similar interrogatories for the 10 Reinstated Certificates in that case by August 21 – NCUA made another proposal to Credit Suisse in a final attempt to avoid burdening the Courts with this issue.  Under that final proposal, Credit Suisse would have responded on August 28, a week after UBS had agreed to provide similar information for a similar number of reinstated certificates.  *See* Letter from A. Hetherington to B. Diessel (Aug. 7, 2015) (Exh. G).  All told, NCUA proposed to provide Credit Suisse more than eight weeks of extensions for Interrogatories 1-19, and more than six weeks of extensions for Interrogatories 20-25.  Notably, those extensions exceed those Credit Suisse requested and received to provide responses for the pre-existing certificates.  NCUA requested that Credit Suisse respond on Tuesday, August 11.  Credit Suisse did not do so.

**2.**     Credit Suisse has suggested that there is no firm deadline for its responses for the Reinstated Certificates, but that ignores Rule 33(b)(2), which required Credit Suisse to serve its answers *within 30 days*; hence, for example, responses to the June 8 interrogatories were due on July 13, 2015.  To the extent that Credit Suisse argues that information for these reinstated certificates are somehow mere supplements, such supplementation "must" be made "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Rule 26(e)(1)(A).  As of May 27, Credit Suisse knew its earlier interrogatory responses were incomplete and there is no credible argument that delaying until October fulfills this mandatory obligation to timely supplement incomplete responses.  The October close of supplemental fact discovery does not "change the requirement to timely supplement [discovery responses] under Fed. R. Civ. P. 26(e), but rather gives the parties an additional deadline for supplementation . . . ."  *High Point SARL v. Sprint Nextel Corp.*, No. CIV.A. 09-2269-CM, 2011 WL 197875, at *2 (D. Kan. Jan. 20, 2011) (ordering a defendant to immediately supplement a previous interrogatory response with "the information currently available" to the defendant well in advance of the close of discovery and the scheduling order deadline for supplementation).

Moreover, the October schedule proposed by Credit Suisse is unreasonable and prejudicial. There is no legitimate reason for Credit Suisse to provide the bulk of its responses just before the close of supplemental fact discovery.  Credit Suisse has further suggested that its obligation to provide timely responses should depend on a showing of prejudice by NCUA, but provided no authority for that claim.  In any event, NCUA would be prejudiced if Credit Suisse does not serve its responses by the end of August.  For instance, these responses are important for NCUA to evaluate in determining whether to seek leave to depose additional witnesses during the supplemental fact discovery period for the Reinstated Certificates, which ends on October 30, 2015; or whether the interrogatory responses are sufficient so that NCUA can dispense with certain depositions.  Credit Suisse wishes to withhold most of this information until two weeks before that October 30 supplemental fact deadline – far too late for NCUA to use in determining who, if anyone, should be deposed, or to use those responses in any such depositions.

For the foregoing reasons, NCUA respectfully requests that Credit Suisse be ordered to fully answer all of NCUA's interrogatories for the 12 Reinstated Certificates by August 28, 2015.

Judges Cote, Lungstrum, O'Hara, and Wu
August 12, 2015
Page 4


  Respectfully submitted,

/s/  David C. Frederick

David C. Frederick
Wan J. Kim
Gregory G. Rapawy
Andrew C. Shen
KELLOGG, HUBER, HANSEN, TODD,
  EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel:  (202) 326-7900
dfrederick@khhte.com
wkim@khhte.com
grapawy@khhte.com
ashen@khhte.com

George A. Zelcs
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel:  (312) 641-9750
gzelcs@koreintillery.com

Stephen M. Tillery
Michael E. Klenov
Steven M. Berezney
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Tel:  (314) 241-4844
stillery@koreintillery.com
mklenov@koreintillery.com
sberezney@koreintillery.com

Marc M. Seltzer (54534)
Bryan Caforio (261265)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Tel:  (310) 789-3100
mseltzer@susmangodfrey.com

Erik Haas
Peter W. Tomlinson
Philip R. Forlenza
Henry J. Ricardo
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Tel:  (212) 336-2000
ehaas@pbwt.com
pwtomlinson@pbwt.com
prforlenza@pbwt.com
hjricardo@pbwt.com

David H. Wollmuth
Frederick R. Kessler
Steven S. Fitzgerald
Ryan A. Kane
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue, 12th Floor
New York, NY 10110
Tel:  (212) 382-3300
dwollmuth@wmd-law.com
fkessler@wmd-law.com
sfitzgerald@wmd-law.com
rkane@wmd-law.com

Norman E. Siegel (D. Kan. # 70354)
Rachel E. Schwartz (Kan. # 21782)
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
siegel@stuevesiegel.com
schwartz@stuevesiegel.com

cc:    Counsel of Record (via ECF or Email)