KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE

1615 M STREET, N.W.

SUITE 400

WASHINGTON, D.C. 20036-3209

———

(202) 326-7900

FACSIMILE:
(202) 326-7999

September 3, 2015

*Via ECF (S.D.N.Y. and C.D. Cal.) and Email (D. Kan.)*

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

The Honorable George H. Wu
United States District Court for the Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

    Re:    *NCUA v. Morgan Stanley & Co.*, No. 13-6705 (S.D.N.Y.) (Lead Case)
            And Related Actions

Judges Cote, Lungstrum, O'Hara, and Wu
September 3, 2015
Page 2

Dear Judges Cote, Lungstrum, O'Hara, and Wu:

We write on behalf of NCUA, as liquidating agent, to respond to the Courts' Order dated July 30, 2015, ECF No. 380,[1] at 3, which directed the parties to "confer in an effort to reach agreement regarding a schedule for trying the New York actions and the Kansas actions in this coordinated litigation." *Id.* As to the New York actions specifically, the Courts further directed the parties to respond to a proposed schedule under which a first tranche of five cases (*RBS*, *Wachovia*, *UBS*, *Morgan Stanley*, and *Goldman Sachs*) will be tried on June 20, 2016 and a second tranche of two cases (*Credit Suisse* and *Barclays*) will presumptively be tried on September 12, 2016. *See id.* at 3-4. The Order further specified that if any of the first-tranche cases did not proceed to trial in June, one of the second-tranche cases will move up. *See id.* at 4.

1.   **NCUA's Position.**  On August 14, 2015, NCUA circulated a letter (Exhibit A) stating its position:  NCUA does not object to the Courts' proposed schedule, but proposes that the first-tranche schedule be finalized on April 1, 2016 in order to give the parties adequate time to prepare for the June 20 trials.  That is, if one or more of the first-tranche cases is dismissed or otherwise disposed of before April 1, a corresponding number of cases will move up from the second tranche.  If any of the first-tranche cases are dismissed or otherwise disposed of between April 1 and June 20, that disposition will not affect the trial dates for the second-tranche cases.

NCUA further proposed a similar two-tranche schedule in Kansas:  a first tranche of three cases (*RBS et al.*, *UBS*, and *Morgan Stanley*) set for January 9, 2017, and a second tranche of two cases (*Credit Suisse* and *Barclays*) presumptively set for March 27; with the second-tranche cases to move up if the first-tranche cases are dismissed or otherwise disposed of before October 7, 2016.  NCUA proposed that each defendant fall within the same tranches in Kansas as in the New York actions, so each defendant would go to trial in Kansas roughly six to seven months after its trial in New York.

2.   **Defendants' Positions.**  Defendants have responded to NCUA's proposal.  *First,* Barclays and Credit Suisse have proposed that the first tranche in New York should be finalized as of March 18, 2016 (rather than April 1, 2016), because that would match the interval that NCUA has proposed for Kansas.  *See* Exhs. B (Barclays), C (Credit Suisse).

*Second,* several Defendants facing trial in New York have reserved their rights to seek a stay of any such trial pending a decision in *FDIC v. Chase Mortgage Finance Co.*, No. 14-3648 (2d Cir. filed Sept. 26, 2014) ("*FDIC v. Chase*").[2]  Exhs. B (Barclays), C (Credit Suisse), D (Goldman Sachs), E (Morgan Stanley), F (UBS), G (Wachovia).

*Third*, RBS has stated that it should not be scheduled for any trial date in New York because in its New York case (though not in its Kansas or California cases) it has served an offer of judgment on NCUA under Federal Rule of Civil Procedure 68.  *See* Exh. H.

---

[1] ECF references are to the *Morgan Stanley* case in the Southern District of New York, No. 13-6705.

[2] For reference, *FDIC v. Chase* is the earliest-filed appeal in the Second Circuit concerning the question whether an agency extender statute displaces repose periods such as the three-year period created by the Securities Act of 1933 and the similar five-year periods for NCUA's state law securities claims.  The Second Circuit has scheduled oral argument in that appeal for October 8, 2015.

Judges Cote, Lungstrum, O'Hara, and Wu
September 3, 2015
Page 3

*Fourth*, several Defendants whom NCUA has proposed for the first tranche of trials in Kansas have objected to a January 9 trial date and have proposed an alternate date of January 23, Exhs. G (Wachovia), H (RBS), I (Nomura); or a date after January 15, Exh. J (NovaStar).

*Fifth*, UBS has objected to being placed in the first tranche for Kansas. *See* Exh. F.

**3.     Discussion.**

**New York trials:**  No party objects to NCUA's proposal to set a date certain to finalize the first tranche of trials.  NCUA believes that setting a finalization date will reduce the burden of simultaneous trial preparation on the parties while preserving most of the efficiency benefits of the Courts' two-tranche proposal.  As noted above, Barclays and Credit Suisse have counterproposed a deadline of March 18, 2016 rather than April 1.  NCUA is amenable to that counterproposal.

As for Defendants' intent to seek a stay of the New York trials pending a decision in *FDIC v. Chase*, NCUA believes that issue is not yet ripe for consideration by the Courts.  Argument in that appeal is set for October 8, 2015, and the Second Circuit may rule well before June 2016, in which case the question of a stay will never arise.  Accordingly, NCUA does not object to Defendants reserving their rights to seek a stay.  NCUA reserves its right to oppose any stay that is sought.

No Defendant but RBS has objected to the Courts' proposal regarding its placement in the first or second tranche in New York.  RBS contends that it should not be placed in either tranche because it has made an offer of judgment to NCUA pursuant to Rule 68.  NCUA is considering RBS's Rule 68 offer, and has not yet accepted or rejected it.  In the interim, NCUA respectfully requests that RBS be assigned to the first tranche as proposed.  RBS will suffer no prejudice from setting a trial date that may be vacated if the New York action is resolved, by judgment or otherwise.

**Kansas trials:**  As with the New York actions, no party objects to NCUA's proposal to set a date certain to finalize the first tranche of trials.  As for the date of the first-tranche trials, NCUA believes that January 9 would be a better date for a first tranche in Kansas than would January 15 or 23, because the later dates in January would compress the period between the first- and second-tranche trials.  *See* ECF No. 101, § 13(c) (March 2017 deadline for trials in Kansas).  NCUA, however, is amenable to any date in January that is available and acceptable to the Court.

No Defendant but UBS has objected to NCUA's proposal regarding its placement in the first or second tranche in Kansas.  UBS's objection to being placed in the first tranche of Kansas trials lacks substance.  NCUA made this proposal in order to mirror the structure of the New York tranches, with a larger number of Defendants in the first tranche.  *See* Exh. F, at 2.  That structure reduces the likelihood of a scenario in which the first tranche empties out because cases drop out after October 7, 2016.  UBS contends in essence that it is like Barclays and Credit Suisse (in the second tranche) because it has reinstated Certificates and an extended discovery period.  *See id.* at 1, 2.  But under the amended schedule adopted by the Courts to accommodate the reinstated Certificates, expert discovery will close by July 15, 2016, *see* ECF No. 348 – leaving more than enough time to prepare for a January 2017 trial.  Barclays and Credit Suisse themselves may well wind up with January 2017 trial dates if either RBS or Morgan Stanley drops out of the first tranche.  Accordingly, NCUA sees no reason to back-load the schedule as UBS suggests.

Judges Cote, Lungstrum, O'Hara, and Wu
September 3, 2015
Page 4

Respectfully submitted,

/s/  David C. Frederick
David C. Frederick
Wan J. Kim
Gregory G. Rapawy
Andrew C. Shen
KELLOGG, HUBER, HANSEN, TODD,
   EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel:  (202) 326-7900
dfrederick@khhte.com
wkim@khhte.com
grapawy@khhte.com
ashen@khhte.com

George A. Zelcs
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel:  (312) 641-9750
gzelcs@koreintillery.com

Stephen M. Tillery
Michael E. Klenov
Steven M. Berezney
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Tel:  (314) 241-4844
stillery@koreintillery.com
mklenov@koreintillery.com
sberezney@koreintillery.com

Marc M. Seltzer (54534)
Bryan Caforio (261265)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Tel:  (310) 789-3100
mseltzer@susmangodfrey.com

Erik Haas
Peter W. Tomlinson
Philip R. Forlenza
Henry J. Ricardo
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Tel:  (212) 336-2000
ehaas@pbwt.com
pwtomlinson@pbwt.com
prforlenza@pbwt.com
hjricardo@pbwt.com

David H. Wollmuth
Frederick R. Kessler
Steven S. Fitzgerald
Ryan A. Kane
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue, 12th Floor
New York, NY 10110
Tel:  (212) 382-3300
dwollmuth@wmd-law.com
fkessler@wmd-law.com
sfitzgerald@wmd-law.com
rkane@wmd-law.com

Norman E. Siegel (D. Kan. # 70354)
Rachel E. Schwartz (Kan. # 21782)
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
siegel@stuevesiegel.com
schwartz@stuevesiegel.com

cc:     Counsel of Record (via ECF or Email)