# Exhibit F

| | |
|---|---|
| **From:** | Newman, Jeremy S. |
| **Sent:** | Thursday, September 03, 2015 1:18 PM |
| **To:** | 'Bender-Nash, Sarah'; Hacker, Gary; 'Fumerton, Robert A' |
| **Cc:** | Ratner, Peter S.; Shen, Andrew C. |
| **Subject:** | RE: NCUA v. UBS Securities, LLC, 12-cv-2591-JWL-JPO |

Sarah,

Thank you for your clarification of UBS's position. NCUA intends to submit its proposal to the Courts with UBS in Tranche 1 for both SDNY and Kansas, as previously noted.

Best regards,
Jeremy

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication.

---

**From:** Bender-Nash, Sarah [mailto:SBENDER@skadden.com]
**Sent:** Thursday, September 03, 2015 12:41 PM
**To:** Newman, Jeremy S.; Hacker, Gary; Fumerton, Robert A
**Cc:** Ratner, Peter S.; Shen, Andrew C.
**Subject:** RE: NCUA v. UBS Securities, LLC, 12-cv-2591-JWL-JPO

Jeremy,

There is no reason that a Tranche 1 Defendant in NY must be a Tranche 1 Defendant in Kansas, nor are Defendants likely to remain in the same Tranche. As your own proposal contemplates, a New York and Kansas Tranche 2 Defendant could move to Tranche 1 in New York and remain in Tranche 2 in Kansas. For example, if any New York Defendants without Kansas actions settle or if a Tranche 1 Defendant settles only its New York action, a Defendant could be in Tranche 1 in New York and Tranche 2 in Kansas. Are you proposing that a Defendant moving from Tranche 2 to Tranche 1 in New York would automatically move to Tranche 1 in Kansas? If so, that is not apparent from your proposal.

If NCUA feels strongly that a Defendant must be in the same Tranche in both actions, UBS will agree to consider being placed in Tranche 2 in both New York and Kansas. Moreover, any concerns about tranching resulting in no trial in January 2017 are premature and unfounded. Moving the UBS Kansas action to Tranche 2 leaves two other Defendants scheduled for trial in January 2017. And, as your own proposal contemplates, you may seek to have Tranche 2 Kansas actions reassigned to Tranche 1 if any Tranche 1 cases are dismissed or disposed of prior to October 7, 2016. NCUA sought a significant extension to the UBS Kansas action discovery and summary judgment schedule – over UBS's opposition – and should not now expect to place UBS back on the same trial schedule as Defendants without reinstated certificates.

Finally, your proposed schedule unfairly limits the amount of time that UBS has to prepare for trial in the UBS Kansas action relative to all of the other Kansas Defendants.

Please let us know by 3 pm today if you will consent to placing the UBS Kansas action in Tranche 2.

Regards,
Sarah

**From:** Newman, Jeremy S. [mailto:jnewman@khhte.com]
**Sent:** Thursday, September 03, 2015 10:24 AM
**To:** Bender-Nash, Sarah (NYC); Hacker, Gary J (NYC); Fumerton, Robert A (NYC)
**Cc:** Ratner, Peter S.; Shen, Andrew C.
**Subject:** RE: NCUA v. UBS Securities, LLC, 12-cv-2591-JWL-JPO

Sarah,

NCUA's position is that each defendant, including UBS, should be in the same tranche in SDNY and Kansas, such that the Kansas trial date would be approximately six or seven months after the SDNY trial date for each defendant.

Although UBS has a later supplemental discovery schedule in Kansas for the reinstated certificates than some other defendants, all pretrial matters (including expert discovery and summary judgment briefing) will be complete by September 2016, several months before the proposed trial in January 2017.  That is similar to the SDNY trial schedule, where summary judgment briefing will be complete in March 2016, three months before trial in June 2016.  There is no reason why UBS would not be ready for trial in Kansas by January 2017.  Indeed, some or all of the defendants in Tranche 2 could move their trial date up to Tranche 1.  NCUA's position is also that, as with the SDNY trial dates, there should be more trials in Tranche 1 than Tranche 2 in Kansas to minimize the possibility that no trial will occur in January 2017.

Best,
Jeremy

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication.

**From:** Bender-Nash, Sarah [mailto:SBENDER@skadden.com]
**Sent:** Tuesday, September 01, 2015 9:14 PM
**To:** Newman, Jeremy S.; Hacker, Gary; Fumerton, Robert A
**Cc:** Ratner, Peter S.; Shen, Andrew C.
**Subject:** RE: NCUA v. UBS Securities, LLC, 12-cv-2591-JWL-JPO

Jeremy,

In the interest of reaching agreement on a joint proposal, UBS is willing to drop its condition regarding a decision being issued in the FDIC appeal, and will instead agree to reserve its right to request an adjournment of the New York action if the FDIC appeal is not decided before the trial date.  With regard to the Kansas trial, you have not provided any basis for placing UBS in Tranche 2.  Please do so.  As you know, UBS has drastically different discovery and summary judgment schedules than the other Kansas Tranche 1 Defendants and is on a later schedule that the Barclays Defendants, who you have proposed for Tranche 2.

We are available for a call tomorrow to discuss any of the foregoing.

Regards,
Sarah

**From:** Newman, Jeremy S. [mailto:jnewman@khhte.com]
**Sent:** Tuesday, September 01, 2015 5:38 PM
**To:** Bender-Nash, Sarah (NYC); Hacker, Gary J (NYC); Fumerton, Robert A (NYC)
**Cc:** Ratner, Peter S.; Shen, Andrew C.
**Subject:** RE: NCUA v. UBS Securities, LLC, 12-cv-2591-JWL-JPO

Sarah,

NCUA does not agree to UBS's condition to inclusion in Tranche 1 for SDNY that the trial be postponed if the Second Circuit has not ruled in the *FDIC* appeal before the trial date. Although some defendants have reserved the right to move for an adjournment if the *FDIC* appeal is not decided before trial date, no other defendant has sought such a condition. NCUA also disagrees with UBS's proposal to be placed in Tranche 2 in Kansas. Accordingly, NCUA intends submit its original proposal to the Courts as it pertains to UBS on Thursday.

Best,
Jeremy

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication.

---

**From:** Bender-Nash, Sarah [mailto:SBENDER@skadden.com]
**Sent:** Friday, August 28, 2015 3:11 PM
**To:** Shen, Andrew C.; Hacker, Gary; Fumerton, Robert A
**Cc:** Ratner, Peter S.; Newman, Jeremy S.
**Subject:** RE: NCUA v. UBS Securities, LLC, 12-cv-2591-JWL-JPO

Andy,

The following week works to discuss the discovery requests.

With respect to the August 14, 2015, letter regarding the proposed tranching of the SDNY and Kansas trials. UBS will not object to the proposed schedule placing UBS in Tranche 1 for the SDNY trials, as long as the parties' proposal includes a request that the SDNY trials will be postponed if the Second Circuit has not issued a ruling in the FDIC appeal prior to the trial date. UBS does not consent to NCUA's proposal that UBS be placed in Tranche 1 for the Kansas trials. As you are aware, the UBS Kansas action is on the same schedule as the Credit Suisse Kansas action and on a later schedule than the Barclays Kansas action (both of which NCUA has proposed placing in Tranche 2). The UBS Kansas action is more appropriately suited for a Tranche 2 designation. Please let us know if anyone from your team would like to discuss early next week.

Sarah

---

**From:** Shen, Andrew C. [mailto:ashen@khhte.com]
**Sent:** Thursday, August 27, 2015 1:51 PM
**To:** Bender-Nash, Sarah (NYC); Hacker, Gary J (NYC); Fumerton, Robert A (NYC)
**Cc:** Ratner, Peter S.; Newman, Jeremy S.
**Subject:** RE: NCUA v. UBS Securities, LLC, 12-cv-2591-JWL-JPO

Sarah –

I am out of the office next week. I'm generally available the following week. Would that work?

Thanks,

Andy

**From:** Bender-Nash, Sarah [mailto:SBENDER@skadden.com]
**Sent:** Thursday, August 27, 2015 11:30 AM
**To:** Shen, Andrew C.; Hacker, Gary; Fumerton, Robert A
**Cc:** Ratner, Peter S.; Newman, Jeremy S.
**Subject:** RE: NCUA v. UBS Securities, LLC, 12-cv-2591-JWL-JPO

Andy,

Gary is out this week.  Are you available to meet and confer early next week?

Sarah

---

**From:** Shen, Andrew C. [mailto:ashen@khhte.com]
**Sent:** Friday, August 21, 2015 9:11 AM
**To:** Hacker, Gary J (NYC); Fumerton, Robert A (NYC); Bender-Nash, Sarah (NYC)
**Cc:** Ratner, Peter S.; Newman, Jeremy S.
**Subject:** NCUA v. UBS Securities, LLC, 12-cv-2591-JWL-JPO

Gary –

Please see the attached letter.

Regards,

Andy

Andrew C. Shen
Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
1615 M Street, N.W.
Suite 400
Washington, D.C. 20036
Direct:  (202) 326-7963
Fax:  (202) 326-7999

The above communication contains information that may be confidential and/or privileged. Except for use by the intended recipient, or as expressly authorized by the sender, any person who receives this information is prohibited from disclosing, copying, distributing, and/or using it. If you have received this communication in error, please immediately delete it and all copies, and promptly notify the sender at the above telephone number or electronic mail address. Nothing in this communication is intended to operate as an electronic signature under applicable law.

------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

4

===============================================================================

-------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===============================================================================

-------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===============================================================================

-------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===============================================================================