SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

---

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
(212) 735-7852
DIRECT FAX
(917) 777-7852
EMAIL ADDRESS
SCOTT.MUSOFF@SKADDEN.COM

FIRM/AFFILIATE OFFICES
----------
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
----------
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

September 3, 2015

**Via ECF (S.D.N.Y. and D. Kan.) and E-mail (C.D. Cal.)**

The Honorable Denise L. Cote
United States District Court for the
  Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY  10007

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the
  District of Kansas
500 State Avenue, Suite 517
Kansas City, KS  66101

The Honorable George H. Wu
United States District Court for the
  Central District of California
312 North Spring Street
Los Angeles, CA  90012

Re:    *NCUA v. UBS Securities, LLC*, No. 12-cv-2591 (D. Kan.)
       *NCUA v. UBS Securities, LLC*, No. 13-cv-6731 (S.D.N.Y.)
       *NCUA v. Morgan Stanley & Co.*, No. 13-cv-6705 (S.D.N.Y.) (Lead Case)

Dear Judges Cote, Lungstrum, O'Hara and Wu:

We write on behalf of the UBS Defendants in response to the Courts' July 30, 2015 Order requiring the parties to "confer in an effort to reach agreement regarding a schedule for trying the New York actions and the Kansas actions in this coordinated litigation."

The UBS Defendants have no objection to the Courts' proposed schedule for the SDNY actions, but reserve the right to seek an adjournment of the trial date in the UBS SDNY action (No. 13-6721) if the Second Circuit Court of Appeals has not decided the appeal in *FDIC v. Chase Mortgage Fin. Corp., et al.*, No. 14-3648 (2014), prior to the trial date. The *FDIC* appeal addresses whether an extender statute similar to the one at issue in these cases displaces a statute of repose. If the Second Circuit rules that it does not, NCUA's claims against UBS in the SDNY action would be similarly time-barred.

The National Credit Union Administration Board (the "NCUA") has proposed that the UBS Kansas action be placed in "Tranche 1." The UBS Defendants believe the UBS Kansas action should be placed in "Tranche 2" with the other similarly situated Defendants. In connection with the reinstated certificates, NCUA sought, and obtained over the UBS Defendants' objection, the current discovery and summary judgment schedule, which extends well beyond the schedule of the other Tranche 1 Defendants. For example, summary judgment motions in the UBS Kansas action will not be fully submitted until more than six months after summary judgment motions are fully submitted in the other Tranche 1 Kansas actions. Moreover, the UBS Kansas action is on the same discovery and summary judgment schedule as the Credit Suisse Kansas action and on a later schedule than the Barclays Kansas action, both of which NCUA proposes placing in Tranche 2. NCUA should not now be able to ignore the schedule it sought and place the UBS Kansas action back in the same position as those Defendants without any reinstated certificates. To do so would severely limit the UBS Defendants' time to prepare for trial relative to other Kansas Defendants.

In support of its proposal, NCUA argues, without any justification, that the Defendants should be placed in the same tranche in both actions. NCUA's argument is belied by its own proposal, which contemplates moving Tranche 2 New York actions into Tranche 1 if any Tranche 1 New York actions settle or are otherwise dismissed. Under this proposal, a Defendant in Tranche 2 in New York and Kansas could be moved into Tranche 1 in New York if a New York Defendant without a Kansas action settles or a Defendants with both New York and Kansas actions resolves only its New York action.

NCUA also argues that it wants to ensure that there is at least one Kansas action tried in January 2017. Any concerns that placing the UBS Kansas action in Tranche 2 could result in no Kansas action going to trial in January 2017, however, are premature and unfounded. Moving the UBS Kansas action to Tranche 2 leaves two other Defendants scheduled for trial in January 2017. As NCUA's proposal contemplates, NCUA may seek to have Tranche 2 Kansas actions reassigned to Tranche 1 if any Tranche 1 cases are dismissed or disposed of prior to October 7, 2016.

Accordingly, the UBS Defendants respectfully request that the UBS Kansas action be placed in Tranche 2.

Respectfully submitted,

*/s/ Scott D. Musoff*

Scott D. Musoff

cc: All counsel of record (via ECF)