New York    Paris
Menlo Park  Madrid
Washington DC  Tokyo
São Paulo   Beijing
London      Hong Kong

**Davis Polk**

**James P. Rouhandeh**

Davis Polk & Wardwell LLP   212 450 4835 tel
450 Lexington Avenue        212 701 5835 fax
New York, NY 10017          rouhandeh@davispolk.com

October 23, 2015

Re:   *NCUA v. Morgan Stanley & Co.*, No. 13-cv-2418 (D. Kan.)
      *NCUA v. Morgan Stanley & Co.*, No. 13-cv-6705 (S.D.N.Y.)

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable George H. Wu
United States District Court for the Central District of California
312 North Spring Street
Los Angeles, CA 90012-4701

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

Dear Judges Lungstrum, O'Hara, Cote and Wu:

I write on behalf of the Morgan Stanley defendants ("Morgan Stanley") in response to NCUA's submission dated October 21, 2015 seeking preclusion of an expert loss causation analysis submitted by Goldman Sachs in the California action. (ECF No. 412.)  The issue raised by NCUA implicates a loss causation expert analysis that Morgan Stanley submitted in Kansas with respect to the one RMBS certificate still pending as to Morgan Stanley in that action, and I write separately to address the admissibility of that analysis under Kansas law.[1]  For the reasons explained below, preclusion of Morgan Stanley's loss causation analysis in Kansas would be inappropriate.[2]

**I. Background**

On August 14, 2015, consistent with the Master Discovery Protocol and the Courts' June 22, 2015 Order, Morgan Stanley submitted an opening loss causation report by Christopher M. James in its Kansas action evaluating ▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋ (Ex. A (August 14, 2015 Expert Report of Christopher M. James), ¶ 6.)

On October 16, 2015, Morgan Stanley supplemented that opening report with a further analysis by Professor James submitted in the Kansas action that was not yet possible as of August 14, 2015: ▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋ (Ex. B (October 16, 2015 Expert Report of Christopher M. James), ¶¶ 13-23.)  Morgan Stanley did not know which loans NCUA would allege to be defective until NCUA submitted the expert report of Richard W. Payne, III on August 14, 2015, and thus, the analysis presented by Professor James on October 16 could not have been included in his original August 14 report.



**II. Inappropriateness of Preclusion**

Based on our discussions with NCUA and its submission as to Goldman, we understand that NCUA believes that Morgan Stanley's October 16 loss causation analysis submitted in Kansas should be excluded because: (i) the Courts' June 22, 2015 Order supposedly already ruled such analysis impermissible; and (ii) NCUA is supposedly sufficiently prejudiced by the analysis that only preclusion is an adequate remedy.  Neither argument has merit.

---

[1] There is no California Morgan Stanley action, and Morgan Stanley did not submit a loss causation expert analysis in New York because Judge Cote previously ruled that a loss causation defense is not available to Defendants under the Illinois and Texas Blue Sky Statutes at issue in the New York action.  See NCUA v. Morgan Stanley & Co., Inc., No. 13 Civ. 6705 (DLC), 2014 WL 1673351, at *3 (S.D.N.Y. Apr. 28, 2014); NCUA v. Morgan Stanley & Co., Inc., No. 13 Civ. 6705 (DLC), 2014 WL 1909499, at *2 (S.D.N.Y. May 13, 2014).

[2] Morgan Stanley and NCUA have conferred regarding this dispute, and reached impasse on October 21, 2015.

[3] Morgan Stanley also submitted an opinion by its re-underwriting expert, Charles Grice, ▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋ (October 16, 2015 Expert Report of Charles H. Grice Regarding Re-underwriting, ¶ 6.)

As to the June 22, 2015 Order, that Order simply stated that loss causation reports were due on August 14, 2015.  It did not address later supplementation of those reports, nor did it address the permissibility or impermissibility of particular types of expert analyses that might be submitted to support a loss causation defense.  To be sure, Defendants had noted in seeking an extension for loss causation reports that an August 14 deadline presented the logistical problem that Defendants would not yet know which loans NCUA alleged to be defective, and the Courts nevertheless denied the extension request.  But the Courts did not rule as a substantive matter in the context of that scheduling decision that Defendants were forever precluded from analyzing the performance of the loans that NCUA would ultimately allege to be defective. Indeed, such a ruling would have been unusual, given that comparative performance analysis of allegedly defective loans is often considered in evaluating loss causation defenses in RMBS cases, and we are unaware of any case to date in which a court has issued a per se prohibition on a defendant submitting that type of analysis.[4]

As to NCUA's supposed prejudice, NCUA does not adequately explain why any prejudice exists, let alone why preclusion would be necessary to address it.  Under Kansas law, preclusion of an expert opinion is a "drastic sanction."  See Chambers v. Fike, No. 13-1410-RDR, 2014 WL 3565481, at *4 (D. Kan. July 18, 2014) (quoting A. H., ex rel. Hohe v. Knowledge Learning Corp., No. CIV.A. 09-2517-DJW, 2010 WL 4272844, at *5 (D. Kan. Oct. 25, 2010)).  Preclusion is inappropriate where, as here:  the party offering the expert opinion acted in good faith—including by timely supplementing a report upon receipt of new information; there is no conceivable disruption to trial (trial here is scheduled more than a year in the future); and there is otherwise no unfair surprise or prejudice to the party against which the expert opinion is offered (NCUA has ample time to respond to the analysis by Prof. James under the existing schedule, and could seek additional time if reasonably required).[5]  See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999); see also A. H., ex rel. Hohe v. Knowledge Learning Corp., No. Civ. A. 09-2517, 2010 WL 4272844, at *6 (D. Kan. Oct. 25, 2010) (finding substantial justification for a late-filed expert report where plaintiffs knew defendants intended to use the expert, the trial was nearly four months away, and nothing demonstrated bad faith).

For these reasons, Prof. James's loss causation analysis submitted in his October 16 Kansas report on behalf of Morgan Stanley should not be precluded.

Very truly yours,

/s/ James P. Rouhandeh

James P. Rouhandeh

---

[4] NCUA argues that Defendants could have attempted to determine in advance through their own loan review which loans NCUA was likely to allege to be defective and which loans Defendants believed to be "clean," and that if Defendants had done so, they could have submitted a loan performance analysis comparing those two groups as of August 14, 2015.  That argument lacks merit.  Defendants had no obligation to perform any such analysis, and in any event, whether they did or not has no bearing on the separate question of whether Defendants should be permitted to perform a different analysis that responds to the allegations that NCUA actually made.

[5] Regarding any purported surprise, Professor James expressly stated in his opening report that his opinions ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. A (August 14, 2015 Expert Report of Christopher M. James), ¶ 8.)

October 23, 2015

cc:     Counsel of Record (via ECF)

Electronic Filing